Randall E. Kay (State Bar No. 149369)
rekay@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121.3134
Telephone:  +1.858.314.1200
Facsimile:  +1.844.345.3178

Marcus S. Quintanilla (State Bar No. 205994)
mquintanilla@jonesday.com
JONES DAY
555 California Street, Suite 2600
San Francisco, CA 94104.1501
Telephone:  +1.415.626.3939
Facsimile:  +1.415.875.5700

Attorneys for Plaintiff
MICRON TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICRON TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10, <br><br> Defendants. | Case No. 4:17-CV-06932-JSW <br><br> **PLAINTIFF MICRON TECHNOLOGY, INC.'S OPPOSITION TO DEFENDANT UNITED MICROELECTRONICS CORPORATION'S MOTION FOR RELIEF FROM CASE MANAGEMENT ORDER AND REQUEST TO SHORTEN TIME** <br><br> Judge: Hon. Jeffrey S. White <br> Courtroom: 5, 2nd Floor <br><br> Complaint Filed:  December 5, 2017 |

# TABLE OF AUTHORITIES

Page

**CASES**

*Am. Honda Motor Co. v. Coast Distrib. Sys., Inc.*,
    No. C 06-04752 JSW, 2007 WL 672521 (N.D. Cal. Feb. 26, 2007) ........................................ 3

*Clinton v. Jones*,
    520 U.S. 681 (1997) ............................................................................................................... 3

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) .............................................................................................. 3, 4

*Gallagher Benefits Servs., Inc. v. De La Torre*,
    No. C 07-5495 VRW, 2007 WL 4106821 (N.D. Cal. Nov. 16, 2007) ................................... 4

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ............................................................................................................... 3

*Language Line Servs., Inc. v. Language Servs. Assocs., Inc.*,
    944 F. Supp. 2d 775 (N.D. Cal. 2013) ................................................................................... 4

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ............................................................................................ 3, 4

*Morningstar v. Dejun*,
    No. CV 11-00655 DDP, 2013 WL 502474 (C.D. Cal. Feb. 8, 2013) ............................. 1, 3, 5

*Power Integrations, Inc. v. Sys. Gen. Corp.*,
    No. C 04-02581 JSW, 2004 WL 2806168 (N.D. Cal. Dec. 7, 2004) ..................................... 2

*Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*,
    No. 16-cv-00669-YGR, 2017 WL 1378532 (N.D. Cal. Apr. 11, 2017) ......................... 1, 3, 5

*Wells Fargo Bank, N.A. v. Misle*,
    No. 16-cv-03614-JSW, 2017 WL 654186 (N.D. Cal. Feb. 17, 2017) ................................ 3, 4

*Western Directories, Inc. v. Golden Guide Directories, Inc.*,
    No. C 09-1625 CW, 2009 WL 1625945 (N.D. Cal. June 8, 2009) ........................................ 4

*Williams-Sonoma Inc. v. Friendfinder Inc.*,
    No. C 06-06572 JSW, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) .................................... 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4(f)(2)(C)(ii) ................................................................................................................ 2

Fed. R. Civ. P. 4(f)(3) ........................................................................................................................... 5

Fed. R. Civ. P. 4(h)(2) .......................................................................................................................... 2

L.R. 6 ..................................................................................................................................................... 2

L.R. 6-1 ................................................................................................................................................. 2

L.R. 7-2 ................................................................................................................................................. 2

L.R. 7-11 .......................................................................................................................................... 2, 3

1    Plaintiff Micron Technology, Inc. ("Micron") hereby opposes Defendant United
2 Microelectronics Corporation's ("UMC") motion requesting that the Court stay this case in its
3 entirety by taking the Case Management Conference ("CMC") off calendar and vacating related
4 deadlines (hereinafter the "Motion") (Dkt. 36).

**I.  BACKGROUND**

UMC does not (and cannot) deny that it currently stands indicted in Taiwan for misappropriating Micron's trade secrets with the intent to transfer Micron's DRAM technology to its co-conspirator (and co-defendant in this action), Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua") – a company indirectly owned by the government of Fujian province, in the Peoples' Republic of China.  (*See* Complaint (Dkt. 1) ¶¶ 1-2, 8, 42; Translated Indictment (Dkt. 1-2) at 2, 16.)  UMC accepts that it has been served in this case. (*See* Stipulation to Extend Time to Respond to Complaint (Dkt. 20).)  UMC does not (and cannot) deny that its DRAM development work for Jinhua is ongoing and that, this year, Jinhua is slated to begin mass production of chips that, according to Taiwanese prosecutors, are based in part on stolen Micron technology.  Finally, UMC does not deny (and may in fact agree) that service of process on Jinhua, using protocols established by the Hague Service Convention, is likely to be slow.  Indeed, recent case law suggests that China's Central Authority can take well over a year to serve a Chinese defendant. *See, e.g., Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669-YGR, 2017 WL 1378532, at *1 (N.D. Cal. Apr. 11, 2017); *Morningstar v. Dejun*, No. CV 11-00655 DDP VBKx, 2013 WL 502474, at *1 (C.D. Cal. Feb. 8, 2013).

Nevertheless, UMC contends that the Court should suspend this action until after Jinhua is served because, otherwise, "the time and expense for lead counsel for UMC and Micron to meet and confer, prepare the required case management materials, and appear at the Case Management Conference would necessarily be duplicated when Jinhua appears." (Mot. at 2:19-21.)  As a second ground for its Motion, UMC asserts that it should not be required to participate in the CMC process until after its motion to dismiss for lack of personal jurisdiction is resolved.  (The hearing date set for that motion is March 23, 2018, and the CMC is set for March 9, 2018 – two weeks earlier.)

1    UMC's request to defer the CMC until the jurisdictional challenge is decided is misguided,
2    but largely inconsequential: UMC's motion will be resolved in three weeks.  In the interim, there
3    is nothing to prevent the parties from developing a case plan or the Court from setting a case-
4    management schedule in advance of the hearing on the personal-jurisdiction motion, then
5    modifying that schedule in the unlikely event the Court's jurisdictional ruling so requires.  If the
6    Court were inclined to consolidate the CMC with the hearing on the personal-jurisdiction motion,
7    that decision lies within its sound discretion.

8    In contrast, UMC's more far-reaching request – to stay the action indefinitely until co-
9    defendant Jinhua is served – cannot be seriously entertained.  Both procedurally improper and
10   devoid of substantive merit, the Motion has one transparent objective: to delay Micron vindicating
11   its rights under federal law until irreparable harm has already been done.  Because UMC's request
12   flies in the face of this District's procedural rules and controlling case law, it must be rejected.[1]

## II.     ARGUMENT

14   UMC's Motion should be denied, because: (1) it is not a proper administrative motion in
15   accordance with the Northern District Local Rules, and (2) the legal factors for granting the
16   requested stay weigh strongly against a stay in this action.

### A.     UMC's Motion Is Improper under the Local Rules.

18   As a threshold matter, UMC's motion is procedurally improper.  UMC seeks to stay the
19   CMC and all other deadlines in the case indefinitely.  This Motion is substantive in nature, and it
20   should have been brought under L.R. 7-2.  Instead, UMC appears to have filed an administrative
21   motion pursuant to either L.R. 6-3 or 7-11.  Local Rule 6 clearly states that it is to be used only to
22   enlarge or shorten times.  This does not include an indefinite stay pending service on a co-
23   defendant.  Local Rule 7-11 allows a motion to be filed for administrative relief, which is also

---

[1] UMC suggests that it has somehow facilitated the progress of this action by not disputing that it was properly served. *See* Mot. at 2:10-12 ("Micron attempted to serve the Summons and Complaint on UMC in Taiwan by FedEx, Dkt. No. 10, and UMC subsequently agreed to waive any objections to that method of service.  Dkt. No. 20.")  To be clear, UMC has done Micron no favors.  Micron properly and effectively served UMC, *inter alia*, under Fed. R. Civ. P. 4(h)(2) and 4(f)(2)(C)(ii) by having the Clerk of the Court dispatch the Summons, Complaint, and associated documents to UMC's domicile in Taiwan *via* Federal Express.  *Cf. Power Integrations, Inc. v. Sys. Gen. Corp.*, No. C 04-02581 JSW, 2004 WL 2806168, at *2 (N.D. Cal. Dec. 7, 2004). Immediately thereafter, FedEx returned a signed proof of receipt. (Dkt. 12.)

obviously inapplicable here: L.R 7-11 is for relatively inconsequential requests such as "motions to exceed otherwise applicable page limitations or motions to file documents under seal." *Id.* A motion to stay the litigation – with potentially dispositive effects for the plaintiff's case – is not a request for administrative relief. On procedural grounds alone, UMC's motion should be denied.

### B. The Legal Factors for a Stay Require UMC's Motion To Be Denied.

Apart from its procedural defects, UMC's motion must also be denied because it ignores the settled law on discretionary stays. In considering a request for such a stay, the Court must weigh three factors: (1) the "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *Am. Honda Motor Co. v. Coast Distrib. Sys., Inc.*, No. C 06-04752 JSW, 2007 WL 672521, at *1 (N.D. Cal. Feb. 26, 2007); *Wells Fargo Bank, N.A. v. Misle*, No. 16-cv-03614-JSW, 2017 WL 654186, at *2-3 (N.D. Cal. Feb. 17, 2017). In seeking a stay, it is UMC, the movant, who bears the burden of proving a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). UMC has manifestly failed to meet that burden.

*First*, the damage to Micron that may result from a stay pending service on Jinhua is obviously significant. *CMAX*, 300 F.2d at 268. It is not uncommon for service in China to take as much as a year to eighteen months. *See Prods. & Ventures Int'l*, 2017 WL 1378532, at *1 (approximately a year passed while seeking service under the Hague Service Convention); *Morningstar*, 2013 WL 502474, at *1 (party attempted service in China for over 18 months without success). Here, the possibility of similar delays cannot be discounted. If UMC were absolved from responding to this litigation until over a year had passed, Micron's ultimate victory may come only after UMC fully completes its transfer of Micron's technology to Jinhua for mass production in China.

"[C]ourts in this district have held that when a trade secret is misappropriated, harm may

1  be presumed." *Language Line Servs., Inc. v. Language Servs. Assocs., Inc.*, 944 F. Supp. 2d 775,
2  782 (N.D. Cal. 2013); *see also Western Directories, Inc. v. Golden Guide Directories, Inc.*, No.
3  C 09-1625 CW, 2009 WL 1625945, at *6 (N.D. Cal. June 8, 2009) ("The Court presumes that
4  Plaintiff will suffer irreparable harm if its proprietary information is misappropriated."); *Gallagher*
5  *Benefits Servs., Inc. v. De La Torre*, No. C 07-5495 VRW, 2007 WL 4106821, at *5 (N.D. Cal.
6  Nov. 16, 2007) ("In general, the imminent use of a trade secret constitutes irreparable harm.").
7  Due to the significant potential for harm to Micron if the stay is granted, including irreparable
8  harm, this first factor weighs heavily in Micron's favor.

9       *Second*, the inequity and hardship factor also favors Micron. *CMAX*, 300 F.2d at 268. If
10  the stay is granted, Micron will suffer significantly (as discussed in the first factor) due to UMC's
11  use of Micron's trade secrets. To counterbalance those extensive harms, UMC cites concerns that
12  are trivial at best – the possibility of having to conduct a second CMC and the likelihood of having
13  to make some scheduling adjustments when Jinhua finally joins the case. (*See* Mot. at 2:18-25.)
14  Those purported hardships are obviously insufficient. In another case, this Court held that trying
15  an entire separate lawsuit was an insufficient hardship to warrant a stay. *Wells Fargo*, 2017 WL
16  654186, at *2 (citing *Lockyer*, 398 F.3d at 1112). If trying an entire case is not a sufficient
17  hardship to justify a stay, the "time and expense" of conducting a second CMC and adjusting the
18  case-management schedule plainly cannot carry UMC's burden.

19       *Third*, UMC has provided no explanation of how granting a stay could possibly simplify
20  any issues, proof, or questions of law in this case. *CMAX*, 300 F.2d at 268. That factor sometimes
21  counsels in favor of a stay when other pending litigation or an administrative action has the
22  prospect of resolving or clarifying factual or legal issues relevant to the dispute. There are no such
23  proceedings here, and a stay will do nothing to simplify the case. This factor either favors Micron
24  or is neutral. Because UMC has failed to carry its burden, the Motion should be denied.

25  **III.   CONCLUSION**

26       As shown above, UMC's Motion clashes with precedent and common sense. Cases in
27  which service is delayed as to one of the defendants – particularly a foreign defendant – are not
28  uncommon. The case law makes clear that the normal response is for the litigation to proceed

against the defendants that have been served, and for efforts to be made to bring in the absent defendants as soon as reasonably possible. *See Prods. & Ventures Int'l*, 2017 WL 1378532; *Morningstar*, 2013 WL 502474. Those cases also make clear – contrary to UMC's assertion (*see* Mot. at 2:12-14) – that the Hague Service Convention is not the only avenue of service on a Chinese defendant: if, after attempting the Hague process in good faith, the plaintiff cannot serve the defendant in a reasonable time, the Court may order service to be made by alternative means under Fed. R. Civ. P. 4(f)(3). *See, e.g., Prods. & Ventures Int'l*, 2017 WL 1378532, at *5 (authorizing service on Chinese defendant through U.S. counsel that formerly represented it); *Morningstar*, 2013 WL 502474, at *2 (authorizing service on Chinese individuals, *inter alia*, through service on U.S.-based company with which they were affiliated); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (authorizing service by email as not prohibited by Hague Service Convention). In this case, Micron is making every reasonable effort to follow the service procedures under the Hague Service Convention. If service on Jinhua proves unduly delayed, Micron will approach the Court for appropriate relief. An alternative method of service – not a stay – is the appropriate remedy for a delay in service on Jinhua.

    For the reasons set forth above, UMC's Motion should be denied. UMC should be directed to cooperate in the submission of a Joint Case Management Statement and to appear for the CMC at the date the Court orders.

Dated: February 27, 2018

JONES DAY

By: *s/ Randall E. Kay*
    Randall E. Kay
    Marcus S. Quintanilla

Attorneys for Plaintiff
MICRON TECHNOLOGY, INC.

NAI-1503475093v3

1  Randall E. Kay (State Bar No. 149369)
   rekay@jonesday.com
2  JONES DAY
   4655 Executive Drive, Suite 1500
3  San Diego, CA  92121.3134
   Telephone:    +1.858.314.1200
4  Facsimile:    +1.844.345.3178

5  Marcus S. Quintanilla (State Bar No. 205994)
   mquintanilla@jonesday.com
6  JONES DAY
   555 California Street, Suite 2600
7  San Francisco, CA 94104.1501
   Telephone:    +1.415.626.3939
8  Facsimile:    +1.415.875.5700

9  Attorneys for Plaintiff
   MICRON TECHNOLOGY, INC.
10

11                  **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10,<br><br>Defendants. | Case No. 4:17-CV-06932-JSW<br><br>**[PROPOSED] ORDER DENYING DEFENDANT UNITED MICROELECTRONICS CORPORATION'S MOTION FOR RELIEF FROM CASE MANAGEMENT ORDER AND REQUEST TO SHORTEN TIME**<br><br>Judge: Hon. Jeffrey S. White<br>Courtroom: 5, 2nd Floor<br><br>Complaint Filed:  December 5, 2017 |

1    Now before the Court for consideration are: (1) Defendant United Microelectronics
2    Corporation's ("UMC") Motion for Relief from Case Management Order and Request to Shorten
3    Time (the "Motion") (Dkt. 36); and (2) the Opposition to the Motion filed by Plaintiff Micron
4    Technology, Inc. ("Micron").
5    The Court has considered the parties' papers, relevant legal authority, and the record in this
6    case. For the reasons set forth below, the Court DENIES UMC's Motion in its entirety.

## BACKGROUND

UMC moves the Court to take the currently scheduled Case Management Conference ("CMC") off calendar and to vacate all related procedural deadlines, including those involving the Court's ADR processes, pending two events: (1) effective service of process on its co-defendant, Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua"), a domiciliary of the Peoples' Republic of China; and (2) the Court's resolution of UMC's pending motion to dismiss the action for lack of personal jurisdiction (Dkt. 28).

Unaccompanied by declarations or citation to legal authority, UMC's motion stresses that the parties should defer incurring the time and expense of preparing the required case-management materials because such efforts would necessarily be duplicated when Jinhua appears. (Mot. at 2:18-25.) Similarly, UMC argues that it should not be required to participate in the CMC process until after the hearing on its jurisdictional motion because, "[i]f that motion is granted, any time spent by Micron, UMC and the Court . . . would be wasted." (Mot. at 3:17-18.)

UMC does not dispute that it stands indicted in Taiwan for misappropriation of Micron trade secrets, or that Micron has alleged UMC's intent to transfer Micron's DRAM technology to Jinhua. (*See* Complaint (Dkt. 1) ¶¶ 1-2, 8, 42; Translated Indictment (Dkt. 1-2) at 2, 16.) UMC also does not dispute that its DRAM development work for Jinhua is ongoing and that, this year, Jinhua is slated to begin production of DRAM devices that, according to Micron's allegations, may incorporate stolen trade secrets. Finally, UMC does not dispute that service of process on Jinhua, using protocols established by the Hague Service Convention, is likely to be slow. *Cf. Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669-YGR, 2017 WL 1378532, at *1 (N.D. Cal. Apr. 11, 2017); *Morningstar v. Dejun*, No. CV 11-00655 DDP VBKx,

2013 WL 502474, at *1 (C.D. Cal. Feb. 8, 2013).

## ANALYSIS

UMC's Motion is denied because: (1) it is not a proper administrative motion in accordance with the Northern District Local Rules; (2) the legal factors for granting the requested stay weigh against a stay in this action; and (3) the Court concludes that, notwithstanding the pending jurisdictional motion, the parties and the Court will benefit from the CMC as currently scheduled and from the prompt issuance of the Court's Case Management Order.

### UMC's Motion Is Improper under the Local Rules.

As a threshold matter, UMC's motion is procedurally improper.  Insofar as UMC seeks to stay the action until Jinhua is served, it seeks substantive relief that should have been requested under L.R. 7-2.  Instead, UMC appears to have filed an administrative motion pursuant to either L.R. 6-3 or L.R. 7-11.  Local Rule 6 clearly states that it is to be used only to enlarge or shorten time.  This does not include an indefinite stay pending service on a co-defendant.  Local Rule 7-11 allows a motion to be filed for administrative relief, which is also inapplicable here: L.R. 7-11 is for requests such as "motions to exceed otherwise applicable page limitations or motions to file documents under seal." *Id.*  A motion to stay the litigation is not a request for administrative relief.  On procedural grounds alone, UMC's Motion is denied.

### On the Merits, the Legal Factors for a Stay Require UMC's Motion To Be Denied.

Apart from its procedural defects, UMC's motion is also denied because it ignores the law on discretionary stays.  In considering a request for such a stay, the Court must weigh three factors: (1) the "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *Am. Honda Motor Co. v. Coast Distrib. Sys., Inc.*, No. C 06-04752 JSW, 2007 WL 672521, at *1 (N.D. Cal. Feb. 26, 2007); *Wells Fargo Bank, N.A. v. Misle*, No. 16-cv-03614-JSW, 2017 WL 654186, at *2-3 (N.D. Cal. Feb. 17, 2017).  In seeking a

stay, it is UMC, the movant, who bears the burden of proving a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). UMC has failed to meet that burden.

*First*, taking Micron's allegations to be true for purposes of UMC's motion, the damage to Micron that may result from a stay pending service on Jinhua is significant. *CMAX*, 300 F.2d at 268. Recent cases suggest it is not uncommon for service in China to take as much as a year to eighteen months. *See Prods. & Ventures Int'l*, 2017 WL 1378532, at *1 (approximately a year passed while seeking service under the Hague Service Convention); *Morningstar*, 2013 WL 502474, at *1 (party attempted service in China for over 18 months without success). Here, the possibility of similar delays cannot be discounted. Were this litigation stayed until over a year had passed, Micron could face considerable prejudice.

*Second*, the inequity and hardship factor also favors Micron. *CMAX*, 300 F.2d at 268. If the stay were granted, Micron would potentially suffer significant prejudice. To counterbalance that alleged harm, UMC cites concerns that are not of comparable magnitude – *e.g.*, the possibility of having to conduct a second CMC and the likelihood of having to make some scheduling adjustments when Jinhua ultimately joins the case. (*See* Mot. at 2:18-25.) Those purported hardships are insufficient to carry UMC's burden.

*Third*, UMC has provided no explanation of how granting a stay pending service on Jinhua could simplify any issues, proof, or questions of law in this case. *CMAX*, 300 F.2d at 268. This factor either favors Micron or is neutral. Because UMC has failed to carry its burden, the Motion is denied.

**The CMC May Proceed Notwithstanding the Pending Jurisdictional Motion.**

Finally, the Court concludes that the suggested efficiencies of postponing the CMC in this action until after the Court's ruling on UMC's motion to dismiss for lack of personal jurisdiction are outweighed by the benefits of establishing a Case Management Order without delay.

**CONCLUSION**

For the foregoing reasons, the Court DENIES UMC's Motion in its entirety. UMC is directed to cooperate in the submission of a Joint Case Management Conference Statement not

later than March 2, 2018, as required by the Court's Order Setting Case Management Conference and Requiring Joint Case Management Conference Statement.  (Dkt. 25.)

IT IS SO ORDERED.

Dated: _____, 2018.

_____
HON. JEFFREY S. WHITE
United States District Court Judge

NAI-1503480588v1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing documents have been served on February 27, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Executed on February 27, 2018, at San Diego, California.


By: *s/ Randall E. Kay*
Randall E. Kay