1  Randall E. Kay (State Bar No. 149369)
   rekay@jonesday.com
2  JONES DAY
   4655 Executive Drive, Suite 1500
3  San Diego, CA 92121.3134
   Telephone:  +1.858.314.1200
4  Facsimile:  +1.844.345.3178

5  Marcus S. Quintanilla (State Bar No. 205994)
   mquintanilla@jonesday.com
6  JONES DAY
   555 California Street, Suite 2600
7  San Francisco, CA 94104.1501
   Telephone:  +1.415.626.3939
8  Facsimile:  +1.415.875.5700

9  Attorneys for Plaintiff
   MICRON TECHNOLOGY, INC.
10

11                     **UNITED STATES DISTRICT COURT**

12                     **NORTHERN DISTRICT OF CALIFORNIA**

13

14  | MICRON TECHNOLOGY, INC., | Case No. 4:17-CV-06932-JSW |
    |---|---|
    | Plaintiff, | **DECLARATION OF MICHAEL L. MYERS IN SUPPORT OF PLAINTIFF MICRON TECHNOLOGY, INC.'S OPPOSITION TO DEFENDANT UNITED MICROELECTRONICS CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
    | v. | |
    | UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10, | |
    | Defendants. | |
    | | Judge:        Hon. Jeffrey S. White |
    | | Courtroom:    5, 2nd Floor |
    | | Hearing date: March 23, 2018 |
    | | Hearing time: 9:00 a.m. |
    | | Complaint Filed: December 5, 2017 |

I, Michael L. Myers, hereby declare that the following is true and correct:

1. I am over the age of 18 years old, and am a Senior IP Litigation Attorney ("IP Attorney") for Micron Technology, Inc. ("Micron"). I submit this declaration in support of Micron's Opposition to Defendant United Microelectronics Corporation's ("UMC") Motion to Dismiss for Lack of Personal Jurisdiction and in support of Micron's Opposition to UMC's Motion to Stay Discovery. In my position at Micron, I have personal knowledge of the facts stated in this declaration, such that I could competently testify as to their truth and accuracy, except as to those matters stated on information and belief.

2. I began working as an IP Attorney for Micron in June 2012. In that capacity, I am responsible for managing litigation matters including patent and commercial disputes. I also provide counsel on IP transactional matters. In connection with my responsibilities and through access to company records, I am generally knowledgeable about the activities of Micron and its affiliate companies in the United States and elsewhere.

3. Micron is a global semiconductor technology company headquartered in Boise, Idaho, where I also reside. Micron produces several forms of semiconductor devices, including dynamic random-access memory ("DRAM") components and modules, NAND, Managed NAND, NOR flash memory, and solid-state drives.

4. Micron's Milpitas facility is located in the U.S. District Court's Northern District of California ("this District"). Roughly 450 professionals (including engineering, management, and executive positions) are located there, including Micron's President and CEO, its Executive Vice President and Chief Business Officer, and the heads of three of the company's four business units. Two such business units are of special relevance to the injuries Micron has suffered in connection with the acts of misappropriation detailed in Micron's Complaint. The first is the Compute & Networking Business Unit ("CNBU") which is responsible, among other things, for Micron's

product roadmapping and marketing of DRAM products to PC, laptop, and computer networking equipment manufacturers globally – including in Mainland China. CNBU is Micron's largest business unit by net sales, accounting for roughly 42 percent of the company's net sales in Fiscal Year 2017. A second, highly significant business unit is the Mobile Business Unit ("MBU"), which accounted for 22 percent of Micron's net sales in Fiscal Year 2017 and is responsible, among other things, for Micron's product roadmapping and marketing of DRAM products to manufacturers of mobile computing devices – including in Mainland China. Sales of DRAM products by UMC or Jinhua – in Mainland China, Taiwan, or elsewhere – would compete against potential sales of Micron DRAM products and would directly impact the CNBU and MBU business units in Milpitas.

5. United Microelectronics Corporation was recently involved in litigation in this District after it successfully transferred the case captioned "*Lone Star Silicon Innovations LLC v. United Microelectronics Corporation and UMC Group (USA)*, Case No. 2:16-cv-01216," from the Eastern District of Texas. In a declaration filed in support of its motion to transfer, a Senior Director at UMC asserted, "A trial in Northern California would be significantly more convenient for UMC Taiwan's potentially relevant employees than in Texas because California is much closer to where those employees reside and work, and because those employees could work at UMC USA's offices in Sunnyvale, California if required to travel to Northern California in connection with [the] lawsuit." *See* Declaration of David Huang in Support of Defendant United Microelectronics Corporation's Motion to Transfer, ECF No. 20-7 (4/12/17), at ¶ 13, a true and correct copy of which is attached hereto as **Exhibit 1**.

6. Substantial evidence relevant to the issues raised in Micron's Complaint is located in the United States. Such evidence includes, but is not limited to important documents and witnesses with information about the following subject matters: (1) Micron's IT investigation

concerning Kenny Wang's copying and network activity, the contents of his laptop, and related forensic studies; (2) Micron's data-security policies and measures Micron has taken to protect the confidentiality of its trade secrets; (3) the trade-secret status of the stolen files and the commercial value of those trade secrets; and (4) the computation of Micron's damages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 1, 2018, at Boise, Idaho.

_____
MICHAEL L. MYERS

NAI-1503482752v1

# EXHIBIT 1

Exhibit 1
Page 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LONE STAR SILICON INNOVATIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA CORPORATION, et al., <br><br> Defendants. | Civil Action No. 2:16-cv-01170-JRG RSP <br><br> **(LEAD CASE)** <br><br> JURY TRIAL DEMANDED |
| LONE STAR SILICON INNOVATIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED MICROELECTRONICS CORPORATION and UMC GROUP (USA), <br><br> Defendants | Civil Action No. 2:16-cv-01216-JRG-RSP <br><br> **(MEMBER CASE)** |

**DECLARATION OF DAVID HUANG IN SUPPORT OF DEFENDANT
UNITED MICROELECTRONICS CORPORATION'S
<u>MOTION TO TRANSFER</u>**

I, David Huang, declare as follows:

1. I am a Senior Director at United Microelectronics Corporation ("UMC Taiwan").

2. This declaration is based on my personal knowledge, information provided by others working within UMC Taiwan, and company records.

3. UMC Taiwan is a corporation organized and existing under the laws of Taiwan having its principal place of business in Hsinchu City, Taiwan.

1

Exhibit 1
Page 5

Case 2:16-cv-01216-JRG-RSP   Document 20-7   Filed 04/12/17   Page 2 of 4 PageID #: 749

4. UMC Taiwan's operations are based outside of Texas. It does not maintain operating facilities or offices in Texas, and does not have any employees, officers, directors, or managing agents working in Texas.

5. UMC Taiwan is not registered to do business in Texas.

6. UMC Taiwan does not own, lease, rent, or otherwise possess property, real or otherwise, in Texas.

7. UMC Taiwan does not have a mailing address in Texas.

8. UMC Taiwan does not have bank accounts in Texas.

9. UMC Taiwan does not purposefully or knowingly direct any of its activities toward Texas. UMC Taiwan does not market, solicit, or conduct business in Texas.

10. UMC Taiwan does not conduct print, radio, television, or any other advertisements directed at Texas. It maintains a general informational website that is hosted in Taiwan, and which is not directed towards any specific geographical location. No products can be purchased through the website.

11. UMC Taiwan manufactures, fabricates, and tests semiconductor wafers. UMC Taiwan conducts these activities outside the United States, in Taiwan, Singapore, or Mainland China. UMC Taiwan does not manufacture, fabricate, or test any products in Texas.

12. UMC Taiwan does not sell or import any of its products in Texas.

13. UMC Taiwan has no witnesses or sources of proof relevant to this lawsuit located in Texas. All of UMC Taiwan's employees are primarily located in Taiwan, and some are also located in Singapore and Mainland China. A trial in Northern California would be significantly more convenient for UMC Taiwan's potentially relevant employees than in Texas because California is much closer to where those employees reside and work, and because those

Exhibit 1
Page 6

employees could work at UMC USA's offices in Sunnyvale, California if required to travel to Northern California in connection with this lawsuit.

14. UMC Taiwan's employees who are responsible for the manufacture, fabrication, and testing of its semiconductor wafers include: Brian Shih and Tsong Lin Shen.

15. All of UMC Taiwan's documentation concerning its manufacture, fabrication, and testing of its semiconductor wafers are located at its headquarters in Taiwan. UMC Taiwan maintains no documents or other physical evidence in Texas.

16. UMC Group (USA) ("UMC USA") is a wholly-owned subsidiary of UMC Taiwan.

17. UMC USA in Sunnyvale, California facilitates contracts for the delivery of wafers outside the United States between UMC Taiwan and UMC Taiwan's customers in the United States.

18. UMC Taiwan provides UMC USA in Sunnyvale, California with price quotations and other terms and conditions. UMC USA then forwards this information to UMC Taiwan's customers in the United States. If a customer accepts the terms and conditions, the customer sends a purchase order to UMC USA, which, in turn, transmits it to UMC Taiwan. After receiving a purchase order, UMC Taiwan manufactures the wafers outside the United States, in Taiwan, Singapore, or Mainland China.

19. All purchase orders and agreements contemplate that the wafers will be manufactured outside the United States, and delivered to UMC Taiwan's customers at locations outside of the United States. The location of this delivery is determined solely by UMC Taiwan's customers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of April, 2017, at Hsinchu City, Taiwan.

_____
David Huang
Senior Director, UMC Taiwan

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing documents have been served on March 1, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Executed on March 1, 2018, at San Diego, California.

By:  *s/ Randall E. Kay*
Randall E. Kay