Daniel Johnson Jr. (Bar No. 57409)
Mario Moore (Bar No. 231644)
Robert G. Litts (Bar No. 205984)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone: (415) 604-4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com

Attorneys for Defendant
UNITED MICROELECTRONICS CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MICRON TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10 <br><br> Defendants. | Case No. 4:17-CV-6932-JSW <br><br> DEFENDANT UNITED MICROELECTRONICS CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY <br><br> Judge: Hon. Jeffrey S. White <br> Courtroom: 5, 2nd Floor <br> Hearing date: March 23, 2018 <br> Hearing time: 9:00 a.m. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

Now that the Case Management Conference has been scheduled to occur after resolution of the motion to dismiss, Micron does not press for full discovery prior to the Case Management Conference. Any Micron request for general discovery prior to the motion to dismiss is moot. Additionally, Micron cannot avoid the fact that a discovery stay is appropriate here where UMC's motion to dismiss would be case dispositive if granted. However, Micron now asks for burdensome jurisdictional discovery. Micron's requested jurisdictional discovery would do nothing to resolve the motion to dismiss, and would cover areas where Micron already has possession, custody, and control of the relevant information. Accordingly, Micron's request for jurisdictional discovery should be rejected.

## II. ARGUMENT

### A. Micron's Requested General Discovery Is Moot and Inappropriate

Micron's Opposition begins with an argument for general discovery that is moot in light of the Court's February 28 Order. Dkt. No. 39. In ruling on UMC's motion for relief from the Case Management Order, the Court moved the Case Management Conference from March 9 to April 27 to give the Court time to resolve the motion to dismiss before the Case Management Conference because the motion may narrow the case issues. *Id*. In the interim, no discovery prior to the motion to dismiss has been authorized, and Micron has not sought to proceed with general discovery prior to the Case Management Conference. Accordingly, any prior dispute about general discovery prior to the Motion to Dismiss and Case Management Conference is now moot.

Additionally, Micron's Opposition acknowledges — but fails to properly address — the case law noting a stay is appropriate when the motion to dismiss is potentially case dispositive. *See*, *e.g.*, *In re Nexus 6p Prods. Liab. Litig.*, 2017 U.S. Dist. LEXIS 132698, at *4 (N.D. Cal. Aug. 8, 2017). In particular, Micron's Opposition never addresses the fact that if UMC's motion is granted, the entire case against UMC would be dismissed, not just a portion of the case. Accordingly, it remains inappropriate to allow discovery against UMC when there is a

1  significant possibility that UMC will be dismissed from the case entirely.

2  **B.    Micron's Requested Jurisdictional Discovery Would Be Futile**

In deciding upon a personal jurisdiction challenge, the district court has wide discretion in whether to order or deny jurisdictional discovery.  *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (finding no abuse of discretion to deny discovery where the alleged bases for jurisdiction were specifically denied in defendant's declarations).  "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery."  *Id.*; *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995); *Overholt v. Airista Flow Inc.*, No. 17cv1337-MMA (AGS), 2018 U.S. Dist. LEXIS 4705, at *46-47 (S.D. Cal. Jan. 10, 2018) (denying jurisdictional discovery where submitted declarations stated that the corporate defendant "does not conduct business in California, has never conducted business in California, and has never employed employees in California").  Jurisdictional discovery can be denied when it is requested "based on little more than a hunch that it might yield jurisdictionally relevant facts."  *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).  As the plaintiff here, Micron bears the burden to allege in the complaint or an affidavit what evidence it believes could be obtained through discovery that would properly permit the exercise of jurisdiction.  *Id.*, citing *Data Disc, Inc. v. Sys. Tech. Assocs. Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)); *Harter v. Ascension Health*, No. CV-15-00343-TUC-RM, 2018 U.S. Dist. LEXIS 9464, at *18-19 (D. Ariz. Jan. 19, 2018).

Here, Micron's requested discovery should be denied because it is based on nothing more than rampant speculation, and further discovery would not be helpful in the Court's jurisdictional analysis.  Micron's legal bases for jurisdiction have been expressly refuted by UMC's declarations and briefing, and the forms of discovery requested would not help resolve the motion to dismiss.  Therefore, there is no need to burden the parties with jurisdictional discovery.

**1.    <u>CASPA Job Fair</u>**

First, Micron asserts that it needs discovery concerning UMC's intent in presenting at a job fair in Santa Clara, California.  Micron argues that UMC's one-time *alleged contacts with the*

-2-

1  *State of California* establish personal jurisdiction over UMC in this case, arguing that UMC's
2  alleged participation in the CASPA job fair constituted an actual *use* of Micron trade secrets.
3  Micron does not bother to explain how attending a public job fair constitutes using a trade secret.
4  It has not because it cannot.
5  Micron also argues that UMC's alleged participation in the job fair was an *act in*
6  *furtherance of* UMC's ultimate use of Micron's trade secrets, namely the alleged full
7  commercialization of Micron's technology.  First, the record is undisputed that UMC did not hire
8  anyone at the CASPA job fair, and certainly no one from Micron.  Dkt. No. 44-1 [Declaration of
9  Jennifer Wang in Support of UMC's Motion to Dismiss Reply ("Wang Reply Decl.")], ¶ 3.
10 Therefore, regardless of any intent or lack thereof by UMC, Micron's claims do not arise from
11 UMC's alleged participation in the CASPA job fair; rather, UMC's DRAM development
12 program would have proceeded in Taiwan exactly as it has.  Second, Micron has not shown that
13 UMC commercialized any DRAM products, let alone a DRAM product based on allegedly
14 stolen Micron technology.
15 Micron cannot establish the relevance of its request for discovery concerning the job fair
16 because Micron lacks any legal support for its position that a "use" of trade secrets can include
17 merely providing a presentation at an unsuccessful job recruiting fair, aside from a single case in
18 which the trade secrets themselves related to recruiting methods and the parties were staffing
19 companies.[1]  Allowing further discovery concerning the job fair would do nothing to resolve the
20 motion to dismiss because Micron cannot establish that its claims arise from this single alleged
21 contact with California.  Moreover, UMC's alleged attendance at the job fair is exactly the type

---

[1] Micron cites one case to assert that recruiting efforts can constitute trade secret misappropriation but that case involved trade secret misappropriation by ***temporary staffing companies***, *Labor Ready, Inc. v. Williams Staffing, L.L.C.*, 149 F. Supp. 2d, 398, 403-04 (N.D. Ill. 2001), and the trade secrets that were allegedly misappropriated included, among types of information, "***recruiting [and] training methods*** …." *Id.* at 412.  Under those circumstances, it is not surprising that alleging the defendant's use of the stolen trade secrets – *i.e.* the plaintiff's recruiting and training methods -- in its own recruiting efforts was found to be sufficient to establish a claim under the Illinois Trade Secrets Act.  *Id.* at 412.  In the present case, Micron and UMC are both semiconductor companies, not staffing companies, and the purported trade secrets that UMC allegedly misappropriated relate to DRAM design and process information, not recruiting methods.  Therefore, the *Labor Ready* case has no applicability here.

1  of one-off, isolated forum-related contact that is insufficient to establish personal jurisdiction.
2  *Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450, 461 (9th Cir. 2007)
3  (defendant's one time attendance of an industry leadership forum was "isolated incident"
4  insufficient to support jurisdiction); *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai
5  Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir.2002) (quoting *Burger King Corp. v. Rudzewicz*,
6  471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)) (holding that a defendant should not
7  be hauled into court as a result of "random," "fortuitous," or "attenuated" contacts).  Under these
8  circumstances, ordering discovery concerning a job fair that did not result in even a single hire or
9  offer of employment would burden the parties without providing any benefit to the Court in
10 deciding the motion to dismiss.  Dkt. No. 44-1 [Wang Reply Decl.], ¶ 3.

### 2. Google Drive Server Locations

The second area where Micron claims to need jurisdictional discovery is with respect to the location details of Google Drive servers allegedly utilized by former Micron employee Kenny Wang to download Micron documents.  Micron seeks discovery to show that Mr. Wang utilized servers located in the U.S. rather than in Taiwan or elsewhere overseas.

Discovery on Google Drive server locations in the U.S. is pointless, however, because other attempts by plaintiffs to assert the use of Google cloud-based computing services as a basis for specific jurisdiction have been flatly rejected by courts in this District.  The case law makes clear a foreign defendant's utilization of cloud-based services is not a sufficient basis to confer personal jurisdiction over a defendant, regardless of where the service provider is headquartered, and regardless of where the servers are located.  *Kazakhstan v. Ketebaev*, 2017 U.S. Dist. LEXIS 211198, *2-3 (N.D. Cal. Dec. 21, 2017) (rejecting foreign defendants' use of Google email service as basis for jurisdiction in California); *OOO Brunswick Rail Mgmt. v. Sultanov*, 2017 U.S. Dist. LEXIS 8374, *6-7 (N.D. Cal. Jan. 20, 2017).  Because use of cloud-based services does not confer jurisdiction, discovery on Google server locations would provide no benefit while imposing unnecessary costs on the parties and on Google.

///

///

-4-

### 3. Wang's Alleged Downloads from Micron Idaho Servers

The third area where Micron claims to need jurisdictional discovery is with respect to former Micron Memory Taiwan Co., Ltd. (MMT) employee Kenny Wang's alleged downloading of documents from Idaho servers. At the outset, Micron's complaint and the Criminal Indictment are clear that Wang, while at MMT downloaded the material "from MMT servers located in Taiwan, not Idaho. To the extent Micron seeks to personally depose Kenny Wang to determine whether he personally knew that he was downloading from servers in Idaho, ordering jurisdictional discovery is unlikely to result in any testimony from Mr. Wang because he is a Taiwanese citizen located in Taiwan, he is no longer employed by any Party to this case, and he is beyond the subpoena power of the Court. *See Prime Media Grp., LLC v. Acer Am. Corp.*, No. 12-CV-05020-BLF, 2015 WL 307249, at *2 (N.D. Cal. Jan. 21, 2015) ("as a Taiwanese citizen not present in the United States, Lin is beyond the subpoena power of this court"), citing Fed. R. Civ. P. 45(b)(2)-(3) and 28 U.S.C. § 1783 (allowing for the extraterritorial service of subpoena on United States nationals and residents only)). Ordering discovery relating to Mr. Wang's intent will not result in testimony from Mr. Wang as to his state of mind.

Moreover, both the Complaint and central document underpinning Micron's factual assertions in its Complaint explicitly state that the files allegedly downloaded by Mr. Wang were stored on the servers of MMT, located in Taiwan, and not Micron's servers in Idaho. The Indictment Decision of Taiwan Taichung District Prosecutor's Office ("Taiwan Indictment"), attached as Exhibits 1 and 2 to the Complaint and extensively quoted in the factual recitations throughout the Complaint, states:

> Defendants JT Ho and Kenny Wang are suspected to have infringed the information regarding the methods, technology, process, and design of manufacturing DRAM wafers, which has been licensed to MMT by MTI through Micron Semiconductor Asia. The said information is ***stored in the form of electronic records in MMT's computer server*** which is protected by confidential protection measures, and constitutes the Work under Article 3(1)(1) of the Copyright Act, and the Trade Secret under Article 2 of the Trade Secrets Act.

Paragraph 27 of the Complaint further directly quotes from the indictment, stating:

> From April 16 to 23, 2017, being fully aware that MTI and UMC are competitors in the development and manufacturing of DRAM and with the intent to use the information in Mainland China and to damage MTI's interest, Kenny Wang abused his authorization as the Product Quality Integration Manager by ***using MMT's laptop . . . to log on to MMT's server*** and to access MTI's electronic information relating to the method, technology, process and design of DRAM ("Electronic Record C," including a total of 931 files), which are protected trade secrets and copyrighted works.

Only after UMC challenged jurisdiction did Micron suddenly change its story and contradict the judicial admissions in the Complaint and Exhibits 1 and 2 by offering a new Micron declarant never mentioned in the Taiwan Indictment, now speculating that the files downloaded by Mr. Wang match those stored in Boise, Idaho. However, the Opposition briefing declaration of Micron's Idaho IT staff demonstrates that Micron cannot determine with certainty the locations of the servers from which Wang allegedly downloaded Micron files. Since Micron has possessed all the hardware and personnel needed to determine those server locations all along, no amount of discovery will cure Micron's purported lack of evidence as to Mr. Wang's alleged downloads from Idaho servers. Any lack of evidence on this issue is a problem of Micron's own making. There is no reason to subject UMC to discovery when Micron, who has been participating in the Taiwan police investigation for over a year, should have come forward with such evidence, if any, but failed to do so.

### III.   CONCLUSION

Micron's request for limited discovery must denied because, other than forcing UMC to spend money and waste time, there is virtually no chance that Micron will discover any facts that would change the outcome. Mr. Wang is a Taiwan resident who allegedly downloaded material from an MMT server located in Taiwan. The CASPA trade fair did not result in UMC either interviewing or receiving any resumes from any Micron employees. For the foregoing reasons, the requested discovery should be denied, and discovery should be stayed pending resolution of the motion to dismiss.

///

1  DATED: March 8, 2018                      DAN JOHNSON LAW GROUP, LLP

2

3                                            By:  */s/ Daniel Johnson, Jr.*
                                                  Daniel Johnson, Jr.
4

5                                            *Attorneys for Defendant*
                                             UNITED MICROELECTRONICS
6                                            CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-