UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED MICROELECTRONICS CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-06932-JSW<br><br>**ORDER GRANTING, IN PART, MOTION TO STAY DISCOVERY AND RESERVING RULING ON REQUEST FOR JURISDICTIONAL DISCOVERY**<br><br>Re: Dkt. No. 30 |

Now before the Court for consideration is the motion to stay discovery filed by United Microelectronics Corporation ("UMC). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing on this motion, which is scheduled for April 6, 2018, and it HEREBY GRANTS, IN PART, UMC's motion. The Court reserves ruling on whether it will permit jurisdictional discovery, and it will resolve that request in a separate order.

**BACKGROUND**

Plaintiff Micron Technology, Inc. ("Micron") filed the complaint in this case on December 5, 2017. In brief, Micron alleges that UMC, co-defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Fujian"), and several UMC employees, conspired with one another to steal Micron's trade secrets relating to the design and manufacture of Dynamic Random Access Memory ("DRAM) integrated circuits. The UMC employees are former employees of Micron Memory Taiwan Co., Ltd. ("MMT"). UMC has moved to dismiss for lack of personal jurisdiction, and it moves to stay discovery pending resolution of that motion.

**ANALYSIS**

Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, *inter alia*, forbidding discovery or by specifying terms, including time and place, for disclosure or discovery. Fed. R. Civ. Proc. 26(c)(1)(A)-(B). The Court has discretion to stay discovery pending the resolution of dispositive motions and motions to dismiss. *See, e.g., Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (good cause to stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief"). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (citations omitted).

In determining whether to grant a protective order to stay discovery pending resolution of dispositive motions, the Court considers the following two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the pending dispositive motion can be decided absent additional discovery. *The Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (internal citations omitted); *see also In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citing cases). If the two above questions are answered affirmatively, the court may issue a protective order. *Pacific Lumber*, 220 F.R.D. at 352. "However, if either prong of this test is not established, discovery proceeds." *Id.*

UMC moves to dismiss for lack of personal jurisdiction, and Micron does not dispute that a ruling in UMC's favor on that issue would be would be dispositive as to UMC. *Cf. Smith v. Levine-Leichtman Capital Partners, Inc.*, No. 10-cv-00010-JSW, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011) (rejecting plaintiffs' argument that a stay should be " limited to matters where

2

1    the complaint is facially deficient, utterly frivolous or completely devoid of merit"). Although
2    Fujian could remain a defendant, the Court does not find that fact dispositive. *See, e.g., In re*
3    *Nexus*, 2017 WL 3581188, at *2 (concluding that motion was potentially dispositive as to one
4    defendant's involvement in case and granting motion to stay). The Court is not providing an
5    opinion the merits of the motion to dismiss. Having taken a preliminary look at the motion, the
6    Court concludes that UMC has satisfied the first prong of the *Pacific Lumber* test.

7        Micron does not argue that it requires full discovery to resolve the motion to dismiss. In
8    addition, the Court has continued the initial case management conference pending resolution of the
9    motion to dismiss. The Court finds UMC has met its burden, in part, under the second prong of
10   the *Pacific Lumber* test. Accordingly, the GRANTS, IN PART, UMC's motion to stay discovery.
11   By this ruling, the Court stays discovery normally permitted by Federal Rule of Civil Procedure
12   26(b) until they has resolved the pending motion to dismiss. The Court reiterates that this ruling
13   does not apply to Micron's request for jurisdictional discovery. The Court reserves ruling on that
14   request and will resolve it in a separate order.

15   **IT IS SO ORDERED.**

16   Dated: March 16, 2018

17   _____
18   JEFFREY S. WHITE
     United States District Judge