Randall E. Kay (State Bar No. 149369)
rekay@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA  92121.3134
Telephone:     +1.858.314.1200
Facsimile:     +1.844.345.3178

Patrick T. Michael (State Bar No. 169745)
pmichael@jonesday.com
Marcus S. Quintanilla (State Bar No. 205994)
mquintanilla@jonesday.com
JONES DAY
555 California Street, Suite 2600
San Francisco, CA 94104.1501
Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700
*Attorneys for Plaintiff*
*MICRON TECHNOLOGY, INC.*

Daniel Johnson Jr. (Bar No. 57409)
Mario Moore (Bar No. 231644)
Robert G. Litts (Bar No. 205984)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone: (415) 604-4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com
*Attorneys for Defendant*
*UNITED MICROELECTRONICS*
*CORPORATION*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10,<br><br>Defendants. | **Case No. 4:17-CV-06932-JSW**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:       April 27, 2018<br>Time:       11:00 a.m.<br>Courtroom:  5<br><br>Complaint Filed:  December 5, 2017 |

1   Pursuant to Fed. R. Civ. P. 16(b), the Standing Order for All Judges of the Northern

2   District of California, and Civil Local Rule 16-9, Plaintiff Micron Technology, Inc. ("Plaintiff"

3   or "Micron") and Defendant United Microelectronics Corporation ("UMC") hereby submit this

4   Joint Case Management Statement ("CMC Statement").

5   **1.     Jurisdiction and Service**

6   UMC has been properly served, and it does not dispute service.  On Plaintiff's behalf, the

7   Clerk of the Court has requested the Chinese Central Authority to serve Defendant Fujian Jinhua

8   Integrated Circuit Co., Ltd., ("Jinhua") through the Hague Convention.  (Dkt. 13.)  Completion of

9   service on Jinhua is expected to take between 6 months and 1 year from the filing of this CMC

10  Statement (October 20, 2018 – April 20, 2019).

11  This Court has subject matter jurisdiction over Micron's federal claims under the Defend

12  Trade Secrets Act and Racketeer Influenced & Corrupt Organization Act pursuant to 28 U.S.C.

13  §§ 1331 (federal question), 18 U.S.C.§ 1836(b) (DTSA claim), and 18 U.S.C. § 1962(c) and (d)

14  (RICO claims).  This Court has subject-matter jurisdiction over Micron's state trade secret claim

15  pursuant to 28 U.S.C. § 1332(a)(2) (diversity) and 28 U.S.C. § 1367(a) (supplemental

16  jurisdiction).

17  Micron contends that the Court has specific personal jurisdiction over Defendants, *inter*

18  *alia*, because defendants purposefully availed themselves of the benefits of conducting activities

19  in, and have purposefully directed their intentional acts toward, the Northern District of California

20  and the United States, and because Micron's claims in this action relate to those acts and

21  activities.  UMC disputes that this Court has personal jurisdiction, and its contentions are fully

22  discussed in its motion to dismiss briefing.  UMC submits this joint statement without waiver of

23  its personal jurisdiction arguments.

24  **2.     Facts**

25  **Micron's Statement:**

26  This is an action for trade-secret misappropriation and related torts.  Plaintiff Micron is

27  one of the world's leading producers of Dynamic Random Access Memory ("DRAM") integrated

28  circuits.  It has extensive operations in the Northern District of California and elsewhere in the

United States and abroad, including in Taiwan through its affiliate Micron Memory Taiwan Co., Ltd. ("MMT").  Defendant UMC is a Taiwanese integrated-circuit foundry with little background in DRAM technology.  Defendant Jinhua is a start-up company indirectly owned by state entities in the People's Republic of China; its future mission is to mass produce DRAM devices based on technology purportedly provided by UMC.  Micron brought this action after it discovered that, at the direction of UMC and Jinhua, several Micron former employees had stolen Micron's trade secrets and disclosed them to UMC, and that UMC is using those stolen secrets to develop DRAM technology for Jinhua.

The trade secrets stolen from Micron cover the gamut of technologies necessary for UMC to deliver DRAM processes to Jinhua.  The stolen trade secrets included: information disclosing Micron's DRAM manufacturing and testing processes; wafer acceptance test files including test structures/data and layout; test programming files; probe performance and parametric tests showing testing and yield; test results; process information for 30nm, 25nm, 20nm, 1Xnm process nodes; metallization process and layout; failure-analysis information; reticle specification files; and many others.

When Micron became aware of the theft, it advised Taiwanese criminal authorities, ultimately resulting in Taiwanese prosecutors raiding UMC's facilities, where they obtained incontrovertible evidence of misappropriation notwithstanding attempts by UMC to destroy the incriminating evidence.  After nearly a year of investigation, Taiwanese prosecutors indicted UMC and multiple UMC employees for criminal trade secret misappropriation.  While Micron's investigation is ongoing, the evidence to date reveals that the UMC-Jinhua conspiracy to misappropriate Micron's trade secrets extends well beyond the facts currently reflected in the Taiwanese indictment.

UMC and Jinhua continue to use Micron's trade secrets, and they have plans to begin mass production of DRAM devices as early as 2018.  Micron brings this action under the Defend Trade Secrets Act, Civil RICO, and state law to obtain redress against UMC, Jinhua, and others acting in concert with them.

1

**UMC's Statement:**

2        UMC, headquartered in Hsinchu, Taiwan, is one of the world's largest independent

3    semiconductor foundries and is a leader in semiconductor manufacturing process technologies.

4    Its primary business is to provide foundry services for its customers, meaning that UMC operates

5    semiconductor fabrication plants that manufacture, assemble, and test semiconductor devices for

6    its customers in accordance with their designs.  In support of its foundry business, which is one of

7    the oldest and most advanced in the world, UMC is also engaged in significant research and

8    development ("R&D") activities relating to the semiconductor process technologies used by its

9    wafer fabrication facilities.

10        Micron is a Delaware corporation headquartered in Boise, Idaho.  Micron is the third

11    largest DRAM manufacturer, behind market leaders Samsung Electronics Co., Ltd. ("Samsung")

12    and SK Hynix Inc. ("Hynix").  Micron's claims arise from the purported theft, by current or

13    former Taiwanese employees of UMC, of Micron trade secrets from MMT, a Taiwanese

14    subsidiary (although not a wholly-owned subsidiary) of Micron.  MMT is the successor company

15    of a Taiwanese DRAM manufacturer called Rexchip Electronics Corporation ("Rexchip").  In

16    2013, Micron acquired an 89% ownership interest in Rexchip, which it then renamed MMT.

17    After the acquisition, a number of Rexchip employees left the company, some of whom joined

18    UMC.  These individuals who joined UMC left MMT due to dissatisfaction with the direction of

19    MMT under its new ownership.

20        UMC has proceeded with developing its DRAM technology leveraging UMC's highly

21    advanced semiconductor manufacturing process technologies developed for use at its fabrication

22    plants as well as its extensive R&D capabilities at its research facility in Tainan Science Park in

23    Taiwan.  UMC is not using Micron trade secrets or proprietary information in the development of

24    this DRAM technology.

25        Despite Micron's heavy reliance on the unproven allegations set forth in an Indictment

26    Decision of Taiwan Taichung District Prosecutors Office ("Indictment Decision"), Micron has

27    yet to cite any evidence indicating that the documents and other materials allegedly

28    misappropriated – in Taiwan – by the purported co-conspirators are, in fact, trade secrets.  Micron

has not yet identified with particularity the trade secrets that were allegedly misappropriated. Because DRAM is a very mature technology, and details regarding its design and manufacture have been in the public knowledge for a long time, it is particularly important for Micron to provide a sufficient identification of its purported trade secrets. Micron has also failed to demonstrate that it has taken reasonable steps to maintain the secrecy of its purported trade secrets. Furthermore, UMC has specifically avoided attempting to incorporate any Micron technology into its own DRAM technology, instead basing its design on more advanced technologies.

UMC has cooperated with Taiwanese authorities in the criminal investigation, and has preserved evidence relevant to that investigation.

**3.     Legal Issues**

Issues likely to be disputed are: (1) whether Defendants have misappropriated any valid Micron trade secrets in violation of the Defend Trade Secrets Act and the California Uniform Trade Secrets Act; (2) whether any such misappropriation has been willful; (3) whether Defendants' conduct constitutes a violation of the Racketeer Influenced & Corrupt Organization Act; (4) whether an injunction should issue against Defendants arising from their trade secret misappropriation; (5) the amount of damages owed to Micron by Defendants and (6) Micron's recovery of fees and costs. The Parties reserve the right to raise additional factual or legal issues that may arise during the course of this action.

**4.     Motions**

UMC filed a motion to dismiss Micron's complaint for lack of personal jurisdiction (Dkt. 27). That motion is currently under submission. (Dkt. 48.)

UMC also filed a motion to stay discovery during the pendency of its motion to dismiss. (Dkt. 30.) The Court granted the motion in part, staying discovery normally permitted by Fed. R. Civ. P. 26(b) until resolution of the motion to dismiss. (Dkt. 47.) The Court reserved ruling on the availability of jurisdictional discovery. (*Id.*)

UMC also filed a motion to stay the case and for relief from the CMC deadlines set in the Court's original case-management order until UMC's jurisdictional challenge has been resolved

and co-defendant Jinhua has been served. (Dkt. 36.) That motion was granted in part and denied in part: the Court indicated that it was not inclined to stay the proceedings pending service on Jinhua, but that it would continue the CMC to allow the Court time to resolve the dispute over personal jurisdiction. (Dkt. 39.) The CMC is scheduled for April 27, 2018.

Plaintiff Micron anticipates bringing the following motions: (1) once the discovery stay is lifted and Micron has conducted limited discovery, Micron anticipates bringing a motion for a preliminary injunction; (2) should UMC continue its pattern demonstrated in the Taiwan criminal proceedings of destroying and hiding discovery, various discovery motions may need to be filed; and (3) Micron anticipates moving for summary judgment on some of its claims.

In addition to the foregoing, Defendants UMC anticipates bringing the following motions in the course of these proceedings: (1) motions for summary judgment on some or all of Micron's claims, as well as on damages issues; (2) various discovery motions; and (3) evidentiary motions, including motions for judicial notice of publicly available materials. UMC has cooperated with the Taiwan police investigation and therefore disputes Micron's characterization that it has destroyed or hidden discovery.

**5.    Amendment of Pleadings**

**Micron's Statement:**

Plaintiff anticipates that amendments may be necessary based on facts to be learned in discovery. Plaintiff will be able to move to amend only after initial discovery has been obtained and after a reasonable opportunity has been afforded to review the discovery materials.

**UMC's Statement:**

Because the motion to dismiss is pending, UMC has not yet answered the complaint. Micron should be permitted 30 days after UMC's answer to amend the pleadings.

Micron has had the facts relating to alleged downloads of trade secrets and the information from the Taiwan criminal proceedings for over a year. If additional facts are learned during discovery, Micron can move for leave to amend its complaint in accordance with Federal Rule of Civil Procedure Rule 15.

1    **6.       Evidence Preservation**

2              **Micron's Statement:**

3              Micron has reviewed the Guidelines Relating to the Discovery of Electronically Stored

4    Information ("ESI Guidelines"), and represents that it has taken reasonable and proportionate

5    steps to preserve evidence relevant to the issues reasonably evident in this action, and will

6    continue to meet and confer regarding electronic discovery issues.

7              Micron respectfully submits that it does not appear UMC has taken reasonable and

8    proportionate steps to preserve evidence, despite the fact that the majority of evidence in this

9    case rests within the sole possession of UMC, Jinhua, and their affiliated witnesses.  In

10   particular, the Taiwan indictment reflects that UMC engaged in intentional acts to hide and

11   destroy highly relevant evidence. In order to preserve the evidence, the Defendants must

12   preserve all relevant hardcopy and electronic records including the following:

13   - records comprising or relating to any information or data obtained from Micron, MMT, or

14      any MMT predecessor entity;

15   - records relating to UMC's design and manufacturing of DRAM;

16   - records relating to the relationship between UMC and Jinhua;

17   - records relating to the relationship between UMC, Jinhua and Ultra Memory Inc. of Japan;

18   - records relating to UMC's and/or Jinhua's recruiting in Taiwan and in the United States;

19   - records relating to the establishment, operation, and management of UMC's New

20      Business Development unit;

21   - records relating to UMC's current and former employees who are also former MMT

22      employees;

23   - records comprising or relating to discussions and correspondence between UMC (or its

24      employees) and former MMT employees;

25   - records relating to the involvement of J.T. Ho, Kenny Wang, or any other former MMT

26      employee in Defendants' efforts to design or manufacture DRAM;

27   - records relating to Defendants' actual or anticipated sales of DRAM; and

28   - records relating to the Defendants' assets in the United States.

1    **UMC's Statement:**

2    Counsel for Defendants have reviewed the ESI Guidelines and represent that they have

3    taken reasonable and proportionate steps to preserve evidence to the issues reasonably evident in

4    this action, including electronic data and materials.  UMC issued litigation holds as appropriate.

5    UMC has also preserved relevant materials in connection with the Taiwan criminal investigation.

6    **7.**    **Disclosures**

7    **Micron's Statement:**

8    On April 20, 2018, Micron provided its initial disclosures pursuant to Fed. R. Civ. P.

9    26(a).

10   **UMC's Statement:**

11   On April 20, 2018, UMC provided its initial disclosures pursuant to Fed. R. Civ. P.

12   26(a).

13   **8.**    **Discovery**

14   **(i)**    **Discovery Taken to Date:**  No formal discovery has been exchanged to date.

15   **(ii)**    **Timing, Form, and Requirement for Rule 26(a) Disclosures:**

16   *See* Sec. 7, *supra.*

17   **(iii)**    **Anticipated Scope of Discovery:**

18   **Micron's Statement:**

19   Micron anticipates discovery on Defendants' misappropriation of Micron's trade secrets,

20   their operation as an enterprise to jointly commit such acts of misappropriation and other

21   racketeering activities, as well as the defendants' defenses.  Such discovery will include requests

22   for production of documents, physical product samples for testing, requests for admissions,

23   interrogatories, both fact and expert witness depositions, and third party discovery.

24   **UMC's Statement:**

25   UMC currently anticipates seeking discovery on at least the following topics:

26   •  The design, development and operation of DRAM technologies by Rexchip, MMT, and

27     Micron;

28   •  Micron's delay in bringing this lawsuit;

- Micron's motivations for litigating against UMC and former Rexchip and MMT employees and managers;
- Rexchip, MMT, and Micron's failure to protect the confidentiality of their alleged trade secrets;
- Rexchip, MMT, and Micron's possession of trade secrets from other parties;
- Prior public disclosure of Micron's alleged trade secrets, by either Micron or

third parties who independently developed technology claimed in Micron's alleged trade secrets.

**(iv)** **Proposed Limits on Discovery:** The parties propose modifying the following limits to discovery. The parties have agreed to negotiate in good faith regarding additional limitations or modifications to the discovery rules should any party reasonably believe that a specific need exists at a later date.  Any party may later move the Court to modify these limitations for good cause.

(a)  Each side may serve up to 40 interrogatories.

(b)  Each side may serve up to 50 non-authentication requests for admissions per party, and requests for admissions to establish the authenticity of a document shall be unlimited.

(c)  Each side may take up to 90 hours of total party deposition hours (excluding expert witness depositions), for depositions noticed under either Federal Rule of Civil Procedure 30(b)(1) or 30(b)(6).

Micron proposes that the parties be permitted to use their respective hours of party deposition time without limits on the number of party depositions that may be taken.

UMC proposes that, in using their allotted hours for party depositions, each party  may take up to 15 party depositions.

The parties will negotiate in good faith regarding additional deposition time should any party reasonably believe that a specific need for additional time exists.

(d)  A non-translated deposition will not go longer than seven (7) hours per day on the record on any given day, unless agreed to by the party being deposed, who shall not unreasonably withhold consent to allow additional time if needed to fairly examine the deponent

and such additional time is no more than sixty (60) minutes.  This seven-hour per day limitation does not mean that a corporate representative who is designated on more than one topic will be limited to seven hours total time for his/her deposition.

(e)  Each side may take up to 50 hours of non-party depositions.

Micron proposes that the parties be permitted to use their respective hours of non-party deposition time without limits on the number of non-party depositions that may be taken.

UMC proposes that, in using their allotted hours for non-party depositions, each party may take up to 10 non-party depositions.

(f)  The parties agree that for depositions using an interpreter, time will be measured using a 1.5x multiplier. For example, the 7 hour time limit will be increased to 10.5 hours for depositions with an interpreter, but will only count for 7 hours against the parties' limitations on depositions.

(g)  Each side may depose each opposing party's expert for up to seven (7) hours per report submitted by the opposing party's expert, unless otherwise agreed to by the parties.

**(v)      Stipulated E-discovery Order:** The parties agree that the Northern District's Guidelines for the Discovery of Electronically Stored Information should govern ESI and e-mail discovery.  The parties will meet and confer in an effort to agree on the technical format of document production, the scope of metadata to be produced, and the handling of native-format documents.  The parties do not believe that they need to identify a specific e-discovery liaison at this time.

**(vi)      Discovery Plan:** The parties intend to pursue discovery by taking depositions and by serving requests for production of documents and things, interrogatories, requests for admission, and third-party subpoenas.

**(a)      Protective Order:**

In light of the fact that disclosure of personal, confidential information, trade secrets, proprietary, or other confidential commercial information will be necessary in this case, the parties are currently working towards the submission of a proposed protective order to the Court for approval.

**(b)   Privilege Logs:**

The parties agree there is no need to log privileged documents that were first created after the filing of the Complaint, provided that each party reserves the right to request that the other party log one or more categories of documents created following the filing of the Complaint should a good faith basis arise for such a request.

**9.   Class Actions:** Not applicable.

**10.   Related Cases:** The following related actions currently exist:

- The Taiwan Taichung District Prosecutors Office issued an Indictment Decision against UMC and various former and current UMC employees, Case Nos. 106-Zhen-Tzu No. 11035, 4520, 5612 and 5613.

- Following the commencement of this action, UMC and Jinhua filed patent infringement cases against Micron affiliates Micron Semiconductor (Xi'an) Co., Ltd. and Micron Semiconductor (Shanghai) Co., Ltd. in the Fuzhou Intermediate People's Court of the People's Republic of China.

**11.   Relief**

**Micron's Statement:**

Micron has been and will be irreparably harmed by Defendants' ongoing trade secret misappropriation, such that monetary damages are insufficient and injunctive relief is necessary. Micron will need to understand the full extent of Defendants' use of Micron's trade secrets. Pending completion of fact and expert discovery in this action, Micron cannot yet fully quantify damages and other monetary relief.  Once Jinhua responds to the complaint, and assuming the Defendants cooperate in their discovery obligations, Micron anticipates it will be able to provide a good faith non-binding estimate of its damages within three months of Jinhua's response to the complaint.  Micron seeks the following relief:

a. Actual damages in an amount to be proven at trial;

b. Restitution, unjust enrichment, and disgorgement of profits from UMC and Jinhua resulting from misappropriation of Micron's trade secrets;

c. Royalties;

1    d. Exemplary and punitive damages;

2    e. Treble damages as provided in 18 U.S.C. §§ 1964(c) and 1964(d);

3    f. Reasonable attorneys' fees and costs;

4    g. Prejudgment interest; and

5    h.  Entry of an order that restrains and preliminarily enjoins, and a Final Order that

6    permanently enjoins, UMC, Jinhua, and their agents, servants, employees, attorneys, and all

7    persons acting in active concert or participation with them, from the unauthorized acquisition,

8    disclosure, use, duplication, or distribution of the Micron trade secrets;

9    i. For such other and further relief as the Court deems just and proper.

10   **UMC's Statement:**

11   UMC seeks the following relief:

12   • Denial of Micron's contemplated preliminary injunction motion;

13   • Declaratory judgment that Micron's asserted trade secrets are not trade secrets or

14   were not misappropriated by UMC in developing their DRAM technology;

15   • Micron take nothing for any of the claims asserted in its Complaint;

16   • Costs of suit;

17   • Attorneys' fees and costs; and

18   • Such other and further relief as the Court may deem to be just and proper.

19   UMC does not see a basis for awarding Micron any damages in this action for the

20   following reasons: (1) the files allegedly downloaded by Mr. Ho and Mr. Wang have not been

21   relied upon by UMC in developing DRAM technology; (2) Micron's asserted trade secrets are not

22   trade secrets and (3) UMC has not used Micron's asserted trade secrets in developing its DRAM

23   technology. In addition, this case is not a "money case" against UMC.  UMC has not sold

24   anything relating to its DRAM technology.  UMC plans to transfer its DRAM technology to

25   Jinhua.  Jinhua, not UMC, will make sales in the market in mainland China.

26   Further, Micron faces exposure to an award of attorney's fees if it persists in pursuing

27   meritless claims.

28

1

**12.     Settlement and ADR**

The parties have complied with ADR Local Rules 3-5 (Dkt. 41) and have filed the

required ADR certification documents (Dkt. 31, 34).

**13.     Consent to Magistrate Judge for All Purposes**

UMC has not consented to the Magistrate Judge for all purposes.

**14.     Other References**

The parties do not believe that this case is suitable for reference to binding arbitration

or for reference to the Judicial Panel on Multidistrict Litigation.  This case may be appropriate

for referral to a special master for discovery purposes.

**15.     Narrowing of Issues**

The parties do not believe that there are issues that can be narrowed at this time.

**16.     Expedited Trial Procedure**

The parties do not believe that this is the type of case that can be handled on an

expedited basis with streamlined procedures.

**17.     Scheduling**

The parties' respective proposed schedules, including competing proposed dates, are set

forth below.  Should the Court permit amendments to the pleadings, amendments to the following

proposed schedule may be appropriate, and the parties will meet and confer in good faith

regarding such amendments to the schedule.  Additionally, there may be a need to adjust

deadlines once service on Jinhua is complete, as this Court has previously acknowledged.  (Dkt.

39 at 1.)

| Event/Authority | Micron's Proposed Date | UMC's Proposed Date |
|---|---|---|
| Last Day to Amend the Pleadings | Feb. 1, 2019 (Fri.) | Without leave of the Court, no additional causes of action or defenses may be asserted more than thirty (30) days after UMC's answer has been served. Thereafter, the parties will act in accordance with Federal Rule of Civil Procedure 15. |
| Fact Discovery Completed | March 1, 2019 (Fri.) | 320 days after final decision on UMC's motion to dismiss. |
| Initial Expert Reports Exchanged on Matters on Which Party Bears Burden of Proof | March 22, 2019 (Fri.) | 360 days after final decision on UMC's motion to dismiss. |
| Responsive Expert Reports Exchanged | April 26, 2019 (Fri.) | 390 days after final decision on UMC's motion to dismiss. |
| Expert Discovery Completed | May 31, 2019 (Fri.) | 420 days after final decision on UMC's motion to dismiss. |
| Last Day to File Dispositive and Daubert Motions | June 21, 2019 (Fri.) | 450 days after final decision on UMC's motion to dismiss. |
| Dispositive Motions Hearing | July 26, 2019 (Fri.) | 480 days after final decision on motion to dismiss. |
| Pretrial Conference | Oct. 21, 2019 (Mon.) | 540 days after final decision on motion to dismiss. |
| Trial | Nov. 4, 2019 (Mon.) | 560 days after final decision on motion to dismiss. |

18.   **Trial**

A jury demand has been made by all parties.  Micron estimates that the expected length of trial is 12 court days, with trial time to be split equally between the two sides.  UMC estimates that the expected length of trial is 5-10 court days.

1  **19.   Disclosure of Non-Party Interested Entities or Persons**

2        **Micron's Statement:**

3        Micron has filed the "Certification of Interested Entities or Persons" as required by Civil

4  Local Rule 3-15.  In addition, no parties other than Micron and certain of its wholly owned

5  subsidiaries (which are not publicly traded) are known to have either (i) a financial interest (of

6  any kind) in the subject matter in controversy or in a party to the proceeding; or, (ii) any other

7  kind of interest that could be substantially affected by the outcome of the proceeding.

8        **UMC's Statement:**

9        UMC has filed the "Certification of Interested Entities or Persons" as required by Civil

10  Local Rule 3-15.

11  **20.   Professional Conduct**

12        All attorneys of record have reviewed the Guidelines for Professional Conduct for the

13  Northern District of California.

14  **21.   Other Matters**

15        The parties are not presently aware of any other matters at this time conducive to the just,

16  speedy, and inexpensive resolution of this matter.

17   Dated:  April 20, 2018                              Respectfully submitted,

18

19                                                       By:  *s/ Randall E. Kay*
                                                               Randall E. Kay
20                                                       **JONES DAY**
                                                         Randall E. Kay (SBN 149369)
21                                                       rekay@jonesday.com
                                                         4655 Executive Drive, Suite 1500
22                                                       San Diego, CA  92121.3134
                                                         Telephone:    +1.858.314.1200
23                                                       Facsimile:     +1.844.345.3178

24                                                       Patrick T. Michael (SBN 169745)
                                                         pmichael@jonesday.com
25                                                       Marcus S. Quintanilla (SBN 205994)
                                                         mquintanilla@jonesday.com
26                                                       555 California Street, Suite 2600
                                                         San Francisco, CA 94104.1501
27                                                       Telephone:    +1.415.626.3939
                                                         Facsimile:     +1.415.875.5700
28                                                       *Attorneys for Plaintiff*
                                                         *MICRON TECHNOLOGY, INC.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAN JOHNSON LAW GROUP, LLP

By:    *s/ Daniel Johnson Jr.*
          Daniel Johnson, Jr.

Daniel Johnson Jr. (Bar No. 57409)
Mario Moore (Bar No. 231644)
Robert G. Litts (Bar No. 205984)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone:    +1.415.604.4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com

Attorneys for Defendant
UNITED MICROELECTRONICS
CORPORATION

4:17-CV-06932-JSW

JOINT CASE MANAGEMENT STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5.1, of the United States District Court of the Northern District of California, I certify that authorization for the filing of this document has been obtained from the other signatory shown above and that said signatory has authorized placement of his electronic signature on this document.

Dated:  April 20, 2018

          *s/ Randall E. Kay*
          Randall E. Kay
          rekay@jonesday.com

4:17-CV-06932-JSW
JOINT CASE MANAGEMENT STATEMENT

1

## <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that a true and correct copy of the above and foregoing document has been

3  served on April 20, 2018 to all counsel of record who are deemed to have consented to electronic

4  service via the Court's CM/ECF system.

5        Executed on April 20, 2018, at San Diego, California.

6

7                                     *s/ Randall E. Kay*
                                     Randall E. Kay

8                                     rekay@jonesday.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT