1  Randall E. Kay (State Bar No. 149369)
   rekay@jonesday.com
2  JONES DAY
   4655 Executive Drive, Suite 1500
3  San Diego, CA 92121.3134
   Telephone:    +1.858.314.1200
4  Facsimile:    +1.844.345.3178

5  Patrick T. Michael (State Bar No. 169745)
   pmichael@jonesday.com
6  Marcus S. Quintanilla (State Bar No. 205994)
   mquintanilla@jonesday.com
7  JONES DAY
   555 California Street, Suite 2600
8  San Francisco, CA 94104.1501
   Telephone:    +1.415.626.3939
9  Facsimile:    +1.415.875.5700

10 *Attorneys for Plaintiff*
   *MICRON TECHNOLOGY, INC.*

Daniel Johnson Jr. (Bar No. 57409)
Mario Moore (Bar No. 231644)
Robert G. Litts (Bar No. 205984)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone: +1.415.604.4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com
*Attorneys for Defendant*
*UNITED MICROELECTRONICS*
*CORPORATION*

11

12            **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14

15 MICRON TECHNOLOGY, INC.,

16                    Plaintiff,

17        v.

18 UNITED MICROELECTRONICS
   CORPORATION, FUJIAN JINHUA
19 INTEGRATED CIRCUIT CO., LTD., and
   DOES 1-10,
20
                      Defendants.
21

22

23

24

**Case No. 4:17-CV-06932-JSW**

**JOINT LETTER RE: DISCOVERY
PROPOUNDED BY PLAINTIFF
MICRON TECHNOLOGY, INC. ON
DEFENDANT UNITED
MICROELECTRONICS CORP. AND
UMC GROUP (USA)**

Judge: Hon. Robert M. Illman

    McKinleyville Federal
    Courthouse
    3140 Boeing Avenue
    McKinleyville, CA 95519

25

26

27

28

4:17-CV-06932-JSW

Dear Judge Illman:

Having met and conferred regarding plaintiff Micron Technology, Inc.'s ("Micron") initial jurisdictional discovery, the parties submit the following joint letter addressing their respective positions pursuant to the Court's Order Granting Plaintiff's Request For Jurisdictional Discovery and Referring Discovery Disputes To Magistrate Judge (the "Order" Dkt. 53).

On December 5, 2017, Micron filed its complaint against Taiwan-based United Microelectronics Corp. ("UMC") and China-based Fujian Jinhua Integrated Circuit Co. Ltd. ("Jinhua"). Micron alleges claims under the Defend Trade Secrets Act, the California Uniform Trade Secrets Act, and Civil RICO. UMC has been served, but service on Jinhua is pending because of delays in service of process in China.

On April 23, 2018, in connection with UMC's motion to dismiss for lack of personal jurisdiction, the Court called for further factual development on two issues: "(1) whether UMC, or someone working on UMC's behalf . . . downloaded alleged trade secrets from Plaintiff's servers knowing that the servers were located in the United States; and (2) the extent to which UMC's American subsidiary, UMC Group (USA), aided UMC's recruitment activities and whether these recruitment activities relate to the allegations in this lawsuit." (Dkt. 53). The Court set a discovery cut-off date of July 23, 2018.

To meet the Court's schedule, the parties agreed that document discovery will proceed through June and depositions, including in the U.S. and Taiwan, will follow in July. The parties have now reached an impasse on the scope of permissible discovery regarding Micron's (1) Rule 30(b)(6) deposition notice to UMC; (2) requests for production to UMC; and (3) subpoena for records and testimony to UMC's U.S. subsidiary, UMC Group (USA). (Exh. 1, 2 and 3 contain UMC's objections and responses to Micron's discovery). Given the July 23, 2018 cut-off date for jurisdictional discovery, the parties request guidance from this Court as soon as possible.

## I. Micron's Position

This case marks another chapter in the playbook of foreign espionage against the U.S. semiconductor industry. As prosecutors in Taiwan have already concluded, UMC – a Taiwanese chip foundry – conspired with former Micron employees to misappropriate thousands of proprietary documents containing Micron's trade secrets for DRAM (memory chip) technology. (Indictment (Dkt. 1-2).) UMC stole Micron technology in concert with co-defendant Jinhua, a DRAM start-up in the People's Republic of China, indirectly owned by government entities. The defendants' plan is for UMC to "develop" the DRAM technology (based on theft from Micron) and then transfer it to Jinhua for mass production. Forensic evidence demonstrates that UMC agents downloaded Micron data from servers in the United States. (Decl. of J. Heller (Dkt. 42-2) ¶¶ 4-11.) In addition, UMC, together with its co-conspirator Jinhua and subsidiary UMC Group (USA), has actively participated in recruiting engineers from the U.S. in furtherance of their use of Micron's trade secrets and efforts to commercialize DRAM technology based on Micron's trade secrets. (*See* Decl. of W. Lee (Dkt. 42-3) ¶¶ 4, 8.)

The scope of discovery must include anything "relevant" to the two issues authorized by the Court, so long as it is proportional to the needs of the case, and relevance is broadly construed. Fed. R. Civ. P. 26(b)(1); *Wit v. United Behavioral Health*, No. 14-CV-02346-JCS, 2016 WL 258604, at *10 (N.D. Cal. Jan. 21, 2016). Importantly, the trade secret theft at issue here is massive – potentially billions of dollars are at stake, Taiwan authorities have indicted UMC for its criminal acts, and it is no secret that Chinese companies are continuing their campaign of technology theft from U.S. semiconductor companies. Equally important, the DTSA was enacted precisely to strengthen U.S. trade-secret protection, including foreign misappropriation where acts in furtherance of that misappropriation occur in the U.S.

UMC is not entitled to misconstrue Judge White's Order by reading it so narrowly that it side-steps production of the very evidence that would permit Micron to establish its case for jurisdiction. As shown below, Micron's discovery is reasonably tailored to elicit information on the downloading of Micron documents from U.S. servers and recruiting activities in the U.S., both of which are clearly relevant to the jurisdictional inquiry under the DTSA and the issues on which Judge White called for further factual development.

### A. Requests Re: Micron Documents in UMC's Possession and How UMC Obtained Them (UMC: 30(b)(6) Topics 1-5; RFP Nos. 1-8.)

Micron has proof that Wang, a former Micron employee acting on behalf of UMC, downloaded confidential documents from Micron's U.S. servers. To determine the full extent to which Micron's trade secrets were knowingly downloaded from U.S. servers, Micron is entitled to discover what Micron documents UMC possesses. Only after it knows the full set of documents at issue can Micron ascertain how UMC obtained them and what UMC knew about the source of those documents. These requests seek precisely that information: documents (with metadata intact) which, on their face, may show they came from U.S. servers. (Exh. 1, 30(b)(6) Topics 1-2; RFP Nos. 1, 2, 7.) In addition, the requests seek to uncover who downloaded Micron data on UMC's behalf and where they understood the documents to come from. (*Id.*, 30(b)(6) Topics 3-5; RFP Nos. 6, 8.) UMC's position that Micron's discovery should be limited to "Micron's own records" flies in the face of Judge White's Order. Micron is entitled to discover *from UMC* downloading activities relating to Micron's alleged trade secrets.

In many instances, UMC has rejected these requests in their entirety. (*Id.*, 30(b)(6) Topics 1-5; RFP Nos. 1, 2, 7, 8.) In other cases, it has attempted to limit its production of evidence to those "instances, if any, in which UMC *employees* downloaded Micron trade secrets from Micron's servers *knowing* that the servers were located in the United States." (*Id.*, RFP Nos. 3-6 (emphasis added).) That narrow commitment to produce evidence is improper for at least two reasons.

First, UMC obviously cannot limit its evidence to downloading by UMC "employees." Judge White's Order extends to anyone "working on UMC's behalf." Second, UMC cannot limit its production to cases where it believes its agents had actual knowledge that they were downloading from the United States. Indeed, during the parties' meet-and-confer, UMC's counsel asserted that there would be few if any responsive documents since former Micron employees now at UMC believed that Micron documents were stored on servers in Taiwan and Singapore. In essence, UMC claims the prerogative to shield such information from discovery based on a self-serving assertion that its agents lacked sufficient actual "knowledge" of downloading from servers located in the U.S.

UMC should not be permitted to prevent discovery into evidence that may demonstrate its agents' knowledge of the source location of the stolen data by making an unsupported and self-serving factual assertion about what its agents believed. Case law is clear that constructive knowledge is all that is required, and that the Court may infer knowledge from the circumstances. *See, e.g., Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO, 2017 WL 3485881, at*25-26 (N.D. Cal. July 15, 2017); *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 825–26 (N.D. Cal. 2014). Any evidence concerning efforts by UMC agents to access documents from Micron servers may provide circumstantial evidence that they understood some of the data was being downloaded from the United States. Examples include the documents themselves, which may bear watermarks or metadata showing that they relate to or come from Micron's R&D facilities in the United States.

Providing the requested documents and testimony should impose no substantial burden on UMC because these materials should already have been located and preserved in connection with the Taiwanese criminal proceedings in which UMC stands indicted.

**B. Requests Re: UMC Recruiting in the US, Including Assistance from UMC Group (USA)
(UMC: 30(b)(6) Topics 6-8, 10, 11; RFP Nos. 9-11, 13-16 and UMC Group (USA): 30(b)(6) Topics
5-8; RFP Nos. 7-9.)**

These requests seek evidence regarding three fundamental points and cover the period from January
2015 to the present:

(1) Micron is entitled to discovery on *all* UMC recruitment activities in the U.S. to ascertain
whether they relate to allegations in the lawsuit. UMC has sought to withhold most of the requested
information by agreeing to provide testimony and documents only "to the extent such [recruiting]
activities involved UMC Group (USA)." (Exh. 1, 30(b)(6) Topics 6, 7, 8; RFP Nos. 1, 2, 7, 8, 9; *cf.* Exh.
2, 30(b)(6) Topics 5, 6.) That narrow commitment to produce evidence impermissibly omits U.S.-based
recruitment activities that UMC self-servingly decides did *not* involve the American subsidiary. Judge
White's Order authorizes discovery into whether any UMC recruitment activity relates to the allegations
in this action – not just activity involving UMC Group (USA).[1]

(2) The Order also entitles Micron to discover UMC Group (USA)'s role in any of UMC's
recruiting – including information about the corporate structure and relationship of UMC and UMC
Group (USA), which is likely to bear on the type of business activities UMC's US-based subsidiary is
involved in, including recruitment activity. The subsidiary's role in recruiting is highly relevant to
jurisdiction since UMC Group (USA) is based in the Northern District of California. UMC has attempted
to block discovery on those issues. (Exh. 1, 30(b)(6) Topic 11; RFP Nos. 15, 16; Exh. 3, 30(b)(6) Topic
8; RFP No. 8.)

(3) Micron is also entitled to discovery relating to Jinhua's recruiting to the extent that it related
to or was assisted by "UMC's recruitment activities." UMC and Jinhua have conspired to come to the
U.S. to recruit engineers to help Jinhua mass produce stolen Micron technology. (Complaint (Dkt. 1) ¶
14-15, 17.) In addition, UMC's public filings indicate that there is a Cooperation Agreement between
UMC and Jinhua, and there is little doubt that agreement addresses the "cooperation" between the
defendants, including on recruiting. Any such agreement is directly relevant here. UMC has refused to
provide discovery on those key issues. (Exh. 1, 30(b)(6) Topics 8, 10; RFP Nos. 11, 13-14; Exh. 3,
30(b)(6) Topic 7; RFP Nos. 7, 9.) UMC's activity, even if only to assist Jinhua, is an act by UMC in
furtherance of its misappropriation of Micron technology. That conduct – intentionally directed at the
United States – supports personal jurisdiction over UMC, and Micron is entitled to establish these facts
through discovery, regardless of whether UMC Group (USA) was involved.

### III. UMC's Position

<u>The April 23 Order on Jurisdictional Discovery</u>

The starting point for UMC's opposition is the Court's April 23 Order. Over three months ago,
Micron conceded in its brief to the Court that full discovery was not needed to resolve the issue of
jurisdiction before the case can proceed past the motion to dismiss stage. (See Dkt. 47) (the Court noted
"Micron does not argue that it requires full discovery to resolve the motion to dismiss.") The only
discovery permitted by the Court covers two topics. The first goes to the state of mind of Wang and
whether he was acting on UMC's behalf when downloading documents allegedly "knowing that the
documents were from Micron servers in the US." The second topic concerns recruitment activity by
UMC Group (USA). UMC has agreed to provide the appropriate UMC and UMC Group (USA)
corporate designees and individual deponents and documents germane to the two jurisdictional discovery
topics. Instead of limiting its inquiry to the topics ordered by the Court, Micron seeks documents and

---

[1] In its portion of this joint letter, UMC purports to be "providing witnesses and documents concerning:
'UMC's DRAM-related recruiting activities in, or directed to individuals in, the United States from January 1, 2015
to present, including, but not limited to any recruiting activities in connection or cooperation with Jinhua and/or
UMC Group (USA).'" (Emphasis added.) This is misleading. UMC's formal responses make clear that its
production will be limited to DRAM recruiting involving UMC Group (USA); UMC is not agreeing to provide *all*
responsive documents.

depositions that bear directly on what, if any, trade secrets were taken and/or utilized by UMC.  In short, Micron seeks general discovery of the type that it claimed it would not need to respond to the jurisdictional motion and that is not authorized by the April 23 Order.

**April 23 Order, Topic 1**: "whether UMC, or someone working on UMC's behalf (such as Mr. Wang), downloaded alleged trade secrets <u>from Plaintiff's servers</u> knowing that the servers were located in the United States"

Micron's requested discovery on server downloads is overbroad, unduly burdensome, and disproportionate to the present needs of the case in light the case's recent procedural history.  Contrary to Micron's baseless espionage claims and cartoonish generalizations about companies of Chinese origin, Micron's complaint focuses on two Micron Memory Taiwan ("MMT" or formerly Rexchip and Elpida) employees, J.T. Ho and Kenny Wang, who allegedly downloaded trade secrets from MMT's servers in Taiwan and later left MMT and joined UMC in Taiwan.

In the absence of any evidence of downloads from any U.S. servers, the Court found that "Plaintiffs have failed to make a *prima facie* showing that the exercise of personal jurisdiction over UMC is proper."  (Dkt. 53).  Micron's letter brief asserts that Kenny Wang, while still employed by Micron, downloaded from a Micron U.S. server "on behalf of" UMC.  Micron's motion position is fundamentally inconsistent with Micron's complaint, which alleged downloads from the servers of MMT, a Taiwan entity, not from Micron servers in the U.S.  Micron's only citation for its subsequent never-plead allegations of downloads from U.S. servers (in its opposition to UMC's motion to dismiss) is its reliance on the conclusory declaration of Micron employee Jonathan Heller.  But Heller's declaration did not recite or attach even a single record of a Micron document being downloaded from any U.S. server by Wang.

Micron's proposed discovery is disproportionately burdensome because it seeks discovery from UMC that should be ascertainable from Micron's own records, or from deposing Kenny Wang.  For example, Micron speculates that metadata is relevant to its theory that Kenny Wang knowingly downloaded from U.S. servers.  But Micron fails to mention that the downloads at issue in topic 1 are downloads from ***Micron servers***, <u>not</u> UMC servers.  If, as Micron's Heller declaration postulates, records of such downloads exist and the files in question have metadata indicating that the file(s) came from the U.S., then ***Micron*** should produce the files from Micron's U.S. servers or server records or Kenny Wang's Micron employee laptop mentioned in the Heller declaration.  Jurisdictional discovery should be limited to those specific downloaded files identified from Micron's records that it has already relied upon in the Heller Declaration (but did not cite or attach).  Limiting the discovery to the specific files that Micron contends, based on its records already reviewed by its own IT employee, were downloaded from the U.S. will provide for a manageable scope of inquiry on whether the specific files were downloaded "knowing that the servers were located in the United States."

Micron's broad requests for UMC documents regarding Wang's state of mind are non-sensical given the chronology of events.  Micron speculates that ***UMC*** will somehow have documents relating to the state of mind of Wang between April 16 and 23, 2016.  However, Wang was *not employed by UMC* at the time.  Knowledge of Wang's state of mind between April 16 and April 23, 2016 would be possessed by (a) Wang or (b) Micron, which has Wang's employee laptop and server records of his work at Micron.  Wang is a citizen and resident of Taiwan, and is not a current employee of UMC.  UMC has no ability to compel a non-employee and resident of Taiwan to testify in this matter.  The only depositions currently scheduled in Taiwan are those of UMC employees J.T. Ho, Stephen Chen, and Jennifer Wang.

UMC is providing discovery concerning UMC's corporate knowledge of downloads "from Plaintiff's [Micron's] servers"…"knowing that the servers were located in the United States" and Micron has been permitted to depose whichever UMC employees it believes may have personal knowledge of downloads from Micron's U.S. servers, including those UMC employees who previously worked at Micron and therefore were in position to have knowledge, if any, of server downloads.  Accordingly, Micron's motion should be denied because Micron's discovery is not permitted by the Court's Order since Micron seeks full discovery after admitting it didn't need it, is overbroad, and is beyond the scope

of topic 1.  Furthermore, UMC has agreed to provide all of the relevant discovery that Micron is entitled to.

**April 23 Order, Topic 2: "the extent to which UMC's American subsidiary, UMC Group (USA), aided UMC's recruitment activities and whether these recruitment activities relate to the allegations in this lawsuit."**

UMC has agreed to provide a witness concerning UMC Group (USA)'s involvement in or alleged aiding of UMC's recruiting, which is the crux of topic 2 in the April 23 Order.  For example UMC is providing witnesses and documents concerning:  "UMC's DRAM-related recruiting activities in, or directed to individuals in, the United States from January 1, 2015 to present, including, but not limited to any recruiting activities in connection or cooperation with Jinhua and/or UMC Group (USA)" as well as "UMC's knowledge of, or involvement in, UMC Group (USA)'s DRAM-related recruiting activities from January 1, 2015 to present, including but not limited to UMC's awareness and understanding of UMC Group's (USA) recruiting efforts."  (RFP Nos. 9-10; 30(b)(6) Topics 7, 8).

UMC objects to Micron's overbroad discovery concerning UMC Group (USA)'s overall relationship with UMC untethered to any recruiting-related activities.  For example, Micron's deposition topic 11 and RFP No. 15 seek discovery on "corporate formation, structure, organization and business operations of UMC and its relationship to UMC Group (USA) . . . the financial connection, the sharing of officers or directors, the sharing of any profits and losses, the sharing of technology, engineering, marketing, and business relationships."  Such discovery covers activities entirely unrelated to UMC Group (USA)'s recruiting activities.

Micron also misstates and misunderstands UMC's position regarding Jinhua recruiting.  UMC is providing discovery concerning any recruiting efforts that involved UMC, Jinhua, *and* UMC Group (USA).  In particular, UMC is providing discovery concerning the CASPA job fair referenced in Micron's complaint, and any similar recruiting that involved all three entities, to the extent there was any.  UMC has justifiably objected to providing discovery generally on UMC and Jinhua's relationship to the extent that it involves issues other than recruiting, or has no tie to UMC Group (USA)'s involvement.  For example, Micron's deposition topic 10 does not even mention UMC Group (USA)'s recruiting activities: "The relationship between UMC and Jinhua, including but not limited to any agreements between the two parties relating to recruitment and their joint plans for developing and producing DRAM technology."  Likewise, general discovery on Jinhua is beyond the scope of the April 23 Order to the extent that such discovery does not also involve UMC; jurisdictional discovery is expressly limited "to the extent to which UMC's American subsidiary" . . .  "aided UMC's recruiting", not Jinhua's recruiting.

Accordingly, Micron's motion should be denied because the requested discovery is outside the scope of the April 23 Order.  UMC has agreed to provide appropriate discovery on topics 1 and 2 of the April 23 Order relevant to knowing downloads from Micron's U.S. servers by or on behalf of UMC, and UMC Group (USA)'s involvement in UMC recruiting.

Respectfully submitted,

 s/ Randall E. Kay                                              s/ Daniel Johnson, Jr.
Randall E. Kay                                                 Daniel Johnson, Jr.
JONES DAY                                                      DAN JOHNSON LAW GROUP
Counsel for Plaintiff                                          Counsel for Defendant
Micron Technology Inc.                                         United Microelectronics Corp. and
                                                               Third Party UMC Group (USA)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5.1, of the United States District Court of the Northern District of California, I certify that authorization for the filing of this document has been obtained from the other signatory shown above and that said signatory has authorized placement of his electronic signatures on this document.

Dated:  June 11, 2018

                                   *s/ Randall E. Kay*

                                   Randall E. Kay

                                   rekay@jonesday.com

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that a true and correct copy of the above and foregoing document has been

3   served on June 11, 2018 to all counsel of record who are deemed to have consented to electronic

4   service via the Court's CM/ECF system.

5        Executed on June 11, 2018, at San Diego, California.

6

7                                                    *s/ Randall E. Kay*
                                                     Randall E. Kay
8                                                    rekay@jonesday.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Daniel Johnson Jr. (No. 57409)
Mario Moore (No. 231644)
Robert G. Litts (No. 205984)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone:     (415) 604-4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com

Attorneys for Defendant
UNITED MICROELECTRONICS
CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., And DOES 1-10, <br><br> Defendants. | Case No. 4:17-CV-06932-JSW <br><br> Hon. Jeffrey S. White, U.S. District Judge <br> Hon. Robert M. Illman, Magistrate Judge <br><br> OBJECTIONS AND RESPONSES TO PLAINTIFF MICRON TECHNOLOGY'S NOTICE OF DEPOSITION TO DEFENDANT UNITED MICROELECTRONICS CORPORATION PURSUANT TO FED. R. CIV. P. 30(B)(6) (JURISDICTIONAL DISCOVERY) |

Pursuant to Fed. R. Civ. P. 26 and 34 and any applicable local rules, and the Court Order Granting Plaintiff's Request for Jurisdictional Discovery (Dkt. 53), Defendant United Microelectronics Corporation ("UMC" or "Defendant") hereby responds to the Plaintiff Micron Technology, Inc.'s ("Micron" or "Plaintiff") Deposition Notice Pursuant to Federal Rule of Civil Procedure 30(b)(6) regarding Jurisdictional Discovery.

## PRELIMINARY STATEMENT

UMC has not completed its discovery, investigation, research, or trial preparation. The following responses are based solely on the information that is presently available and specifically known to UMC. UMC provides the following responses without prejudice to its right to produce evidence of any subsequently-discovered documents or facts. UMC reserves the right to supplement the following responses and to change any and all responses therein as additional documents are discovered or facts are ascertained. Finally, UMC's objections as set forth herein are made without prejudice to UMC's right to assert any additional or supplemental objections should additional grounds for such objections become apparent. UMC makes the objections and responses set forth below without in any manner waiving: (1) the right to object to the use of any response, document or thing for any purpose in this action or any other actions on grounds of privilege, relevancy, materiality or any other appropriate basis; (2) the right to object to any other interrogatories or Requests involving or relating to the subject matter of the responses herein and any documents or things produced by UMC; and (3) the right to revise, correct, supplement, or clarify any of the responses provided below at any time. UMC expressly reserves the right to supplement its responses and production of documents and things.

## GENERAL OBJECTIONS

1.   These General Objections are hereby incorporated by reference into the responses made with respect to each separate Request. Neither the inclusion of any Specific Objection in response to a request, nor the failure to include any General Objection or Specific Objection in response to a request shall in any way be deemed as a waiver of any general objection made herein or that may be asserted at another date.

2.      UMC objects to each Request to the extent that Micron seeks production of information protected from disclosure by the attorney-client privilege, the work product immunity, or any other lawfully recognized privilege or immunity, including statements made under the protection of a joint defense agreement and/or protection under the common interest Doctrine.  UMC will not produce such information in response to Micron's Requests for the Production of Documents, and any inadvertent production thereof shall not be deemed a waiver of any privilege or work product rights with respect to such documents or things.  Moreover, in every Response in which UMC has agreed to provide non-privileged documents, UMC defines "non-privileged documents" to exclude any documents (and electronic data) concerning information protected by the attorney-client privilege, work product immunity, joint/common interest, or other privilege or immunity.

3.      UMC objects to each Request to the extent they call for information subject to third-party confidentiality agreements or subject to confidentiality by court order.

4.      UMC objects to each Topic and Request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it calls for information outside the scope of the two jurisdictional discovery topics specified in the Court's April 23, 2018 Order Regarding Jurisdictional Discovery ("the April 23 Order")

5.      UMC objects to each Definition, Instruction, Construction, and Request to the extent that Micron seeks to impose upon UMC any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or any Order of the Court in this Action. In every response in which UMC has agreed to provide documents, subject to its General Objections and any Specific Objections, UMC will conduct a reasonable search for and produce relevant, responsive, non-privileged documents to the extent that any exist, are in UMC's possession, custody, or control, and have not been previously produced in this Action.  For every topic on which UMC has agreed to provide a designee, subject to its General Objections and any Specific Objections, UMC will provide the designee for deposition on a date and time that is convenient and mutually

agreeable to the parties within the time period set by the April 23 Order.  Moreover, UMC's response that it "will produce" documents in response to any of the below requests is not a representation by UMC that such documents exist.

6.      UMC objects to each Definition, Instruction, Construction, and Request to the extent that Micron might give meaning to a word different from its ordinary English meaning or definitions set forth in applicable statutes or rules.

7.      UMC objects to each Definition, Instruction, Construction, or Request as being unduly burdensome to the extent that Micron requests UMC to produce information that is publicly available or is as equally accessible to Micron as it is to UMC.

8.      UMC objects to the extent Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.

9.      UMC objects to each Definition, Instruction, or Request to the extent that it requests UMC to produce information that is publicly available or is as equally accessible to Micron as it is to UMC as being unduly burdensome.

10.     Subject to the foregoing General Objections, and without waiver of these objections, UMC responds as follows:

## DEPOSITION TOPICS

### DEPOSITION TOPIC NO. 1:

All Micron Documents that are (or were) in UMC's possession, custody, or control (including documents identified in the Taiwan Indictment) including but not limited to:

a.      An identification of such documents;

b.      Where such documents are (or were) stored;

c.      The custodians of such documents; and

d.      How such documents came into UMC's possession, custody, or control, including the source of any such documents.

### OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 1:

In addition to the foregoing General Objections, UMC makes the following Specific

Objections to this topic: UMC objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it requests information not in UMC's possession, custody, or control.  UMC further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: because this topic is outside the scope of the two topics of jurisdictional discovery in the April 23 Order, UMC will not provide a witness.

**DEPOSITION TOPIC NO. 2:**

All Micron Documents that are (or were) in the possession, custody, or control of anyone working on UMC's behalf (such as Mr. Kenny Wang) including but not limited to:

a.    An identification of such documents;

b.    Where such documents are (or were) stored;

c.    The custodians of such documents; and

d.    How such documents came into the possession, custody, or control of persons working for UMC, including the source of any such documents.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 2:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this topic: UMC objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this topic to the extent that it requests information not in UMC's possession, custody, or control.

UMC further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of to the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: because this topic is outside the scope of the two topics of jurisdictional discovery in the April 23 Order, UMC will not provide a witness.

**DEPOSITION TOPIC NO. 3:**

Efforts by UMC and/or any present or former UMC agent or employee to access, view, download or otherwise obtain any documents from Micron's servers, including the identification of all individuals who have ever gained access to Micron's servers, the means by which such individuals gained access to Micron's servers and the identification of the information and/or documents that were viewed, accessed or downloaded from Micron's servers.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 3:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this topic to the extent that it requests information not in UMC's possession, custody, or control. UMC further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: because this topic is outside the scope of the two topics of jurisdictional discovery in the April 23 Order, UMC will not provide a witness.

**DEPOSITION TOPIC NO. 4:**

UMC's awareness of the source of Micron Documents and Micron technology.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 4:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this topic: UMC objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this topic to the extent that it requests information not in UMC's possession, custody, or control.  UMC further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: because this topic is outside the scope of the two topics of jurisdictional discovery in the April 23 Order, UMC will not provide a witness.

**DEPOSITION TOPIC NO. 5:**

Information provided by UMC to any government authority regarding the source of any Micron Documents that are (or were) in UMC's possession, custody, or control, including information provided to any government authority in connection with the Indictment Decision.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 5:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this topic: UMC objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this topic to the extent that it requests information not in UMC's possession, custody, or control.

UMC further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: because this topic is outside the scope of the two topics of jurisdictional discovery in the April 23 Order, UMC will not provide a witness.

**DEPOSITION TOPIC NO. 6:**

UMC's DRAM-related recruiting activities in, or directed to individuals in, the United States from January 1, 2015 to present, including, but not limited to any recruiting activities in connection or cooperation with Jinhua and/or UMC Group (USA).

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 6:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this topic: UMC objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this topic to the extent that it requests information not in UMC's possession, custody, or control. UMC further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will provide a witness prepared to testify concerning UMC's DRAM-related recruiting activities in the U.S. to the extent such activities involved UMC Group (USA).

**DEPOSITION TOPIC NO. 7:**

UMC's knowledge of, or involvement in, UMC Group's (USA) DRAM-related recruiting

activities from January 1, 2015 to present, including but not limited to UMC's awareness and understanding of UMC Group's (USA) recruiting efforts.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 7:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this topic: UMC objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this topic to the extent that it requests information not in UMC's possession, custody, or control. UMC further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will provide a witness prepared to testify concerning UMC's DRAM-related recruiting activities in the U.S. to the extent such activities involved UMC Group (USA).

**DEPOSITION TOPIC NO. 8:**

UMC's knowledge of, or involvement in, Jinhua's DRAM-related recruiting activities in, or directed to individuals in, the United States from January 1, 2015 to present.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 8:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this topic: UMC objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this topic to the extent that it requests information not in UMC's possession, custody, or control. UMC further objects to this topic as premature, overly broad, unduly burdensome, and not

1 proportionate to the needs of the case to the extent that it is outside the scope of the topics in the

2 April 23 Order.

3          Subject to and without waiver of these Specific Objections and General Objections set forth

4 above, which are incorporated herein by reference, UMC responds as follows: UMC will provide a

5 witness prepared to testify concerning UMC's DRAM-related recruiting activities in the U.S. to the

6 extent such activities involved UMC Group (USA).

7 **DEPOSITION TOPIC NO. 9:**

8          All DRAM-related business dealings or activities of UMC with anyone in the United States

9 from January 1, 2015 to present, including but not limited to purchases of manufacturing equipment

10 and design software; discussions (or negotiations) of the foregoing purchases; and discussions (or

11 negotiations) of intellectual property licenses, distribution agreements, manufacturing agreements,

12 or supply agreements.

13 **OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 9:**

14          In addition to the foregoing General Objections, UMC makes the following Specific

15 Objections to this topic: UMC objects to this topic as vague, ambiguous, overly broad, unduly

16 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC

17 further objects to the extent that this topic calls for information protected by attorney-client

18 privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to

19 this topic to the extent that it requests information not in UMC's possession, custody, or control.

20 UMC further objects to this topic as premature, overly broad, unduly burdensome, and not

21 proportionate to the needs of the case to the extent that it is outside the scope of the topics in the

22 April 23 Order.

23          Subject to and without waiver of these Specific Objections and General Objections set forth

24 above, which are incorporated herein by reference, UMC responds as follows: because this topic is

25 outside the scope of the two topics of jurisdictional discovery in the April 23 Order, UMC will not

26 provide a witness.

27

28

**DEPOSITION TOPIC NO. 10:**

The relationship between UMC and Jinhua, including but not limited to any agreements between the two parties relating to recruitment and their joint plans for developing and producing DRAM technology.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 10:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this topic: UMC objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this topic to the extent that it requests information not in UMC's possession, custody, or control. UMC further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: because this topic is outside the scope of the two topics of jurisdictional discovery in the April 23 Order, UMC will not provide a witness.

**DEPOSITION TOPIC NO. 11:**

The corporate formation, structure, organization and business operations of UMC and its relationship to UMC Group (USA), including but not limited to the financial connection, the sharing of officers or directors, the sharing of any profits and losses, the sharing of technology, engineering, marketing, and business relationships and any contracts between UMC and UMC Group (USA).

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 11:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this topic: UMC objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC

further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this topic to the extent that it requests information not in UMC's possession, custody, or control. UMC further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: because this topic is outside the scope of the two topics of jurisdictional discovery in the April 23 Order, UMC will not provide a witness.

**DEPOSITION TOPIC NO. 12:**

The identify or identification of all UMC employees that lived or worked in the United States from January 1, 2015 to present, including but not limited to the roles they performed while in the United States.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 12:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this topic: UMC objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this topic to the extent that it requests information not in UMC's possession, custody, or control. UMC further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope  of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: because this topic is

outside the scope of the two topics of jurisdictional discovery in the April 23 Order, UMC will not provide a witness.

## EXHIBIT A:

### REQUESTS FOR PRODUCTION AND INSPECTION OF DOCUMENTS AND THINGS

### REQUEST FOR PRODUCTION NO. 1:

All Micron Documents that are in UMC's possession, custody, or control, including any metadata identifying the source of those documents.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because the request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

### REQUEST FOR PRODUCTION NO. 2:

For any Micron Document that is (or was) in the possession, custody, or control of anyone working on UMC's behalf, all documents that reflect the source of such documents.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to the foregoing General Objections, UMC makes the following Specific

-12-

Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because the request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 3:**

All documents related to any efforts by UMC, or anyone acting on UMC's behalf, to access, view, download or otherwise obtain any documents from Micron's servers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent that the request calls for documents relating to instances, if any, in which UMC employees downloaded Micron trade secrets from Micron's servers knowing that the servers were located in the United States.

**REQUEST FOR PRODUCTION NO. 4:**

All communications by, with, between, or among former or present agents or employees of UMC related to the source of any Micron Document.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent the request calls for documents relating to relating to instances, if any, in which UMC employees downloaded Micron trade secrets from Micron's servers knowing that the servers were located in the United States.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to UMC's awareness of the source of Micron Documents and Micron technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control. UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, is publicly available or is as equally accessible to Micron as it is to UMC. UMC further objects to this request as being overly broad and unduly burdensome to the extent that it calls for the production of "all documents" concerning the stated subject matter. UMC further objects to this request on the grounds that the term "awareness" as used in this request is vague and ambiguous. UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent the request calls for documents relating to relating to instances, if any, in which UMC employees downloaded Micron trade secrets from Micron's servers knowing that the servers were located in the United States.

**REQUEST FOR PRODUCTION NO. 6:**

All documents related to information provided by UMC to any government authority regarding the source of any Micron Documents that are (or were) in UMC's possession, custody, or control, including information provided in connection with the Indictment Decision.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production

-15-

of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent the request calls for documents relating to relating to instances in which UMC employees downloaded Micron trade secrets from Micron's servers knowing that the servers were located in the United States.

**REQUEST FOR PRODUCTION NO. 7:**

Permit the inspection and forensic imaging of any computers or electronic data-storage hardware (or copies of same) in UMC's possession, custody, or control that contain or formerly contained any Micron Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate

to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because the request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 8:**

Permit the inspection and forensic imaging of any computers or electronic data-storage hardware (or copies of same) formerly assigned to Kenny Wang.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because the request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to UMC's DRAM-related recruiting activities in, or directed to individuals in, the United States from January 1, 2015 to present, including, but not limited to any recruiting activities in connection or cooperation with Jinhua and/or UMC Group (USA).

-17-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent that documents relate to DRAM-related recruiting activities of UMC Corp. that involved UMC Group (USA).

**REQUEST FOR PRODUCTION NO. 10:**

All documents related to UMC's knowledge of, or involvement in, UMC Group (USA)'s DRAM-related recruiting activities from January 1, 2015 to present, including but not limited to UMC's awareness and understanding of UMC Group's (USA) recruiting efforts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible

-18-

evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows:  UMC will produce documents in response to this request only to the extent that documents relate to DRAM-related recruiting activities of UMC Corp. that involved UMC Group (USA).

**REQUEST FOR PRODUCTION NO. 11:**

All documents related to UMC's knowledge of, or involvement in, Jinhua's DRAM-related recruiting activities in, or directed to individuals in, the United States from January 1, 2015 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent that documents relate to DRAM-related recruiting activities of UMC Corp. that involved UMC Group (USA).

**REQUEST FOR PRODUCTION NO. 12:**

All documents related to any DRAM-related business dealings or activities of UMC with anyone in the United States from January 1, 2015 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control. UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, is publicly available or is as equally accessible to Micron as it is to UMC. UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent that documents relate to DRAM-related recruiting activities of UMC Corp. that involved UMC Group (USA).

**REQUEST FOR PRODUCTION NO. 13:**

All agreements between UMC and Jinhua, that relates in whole or in part to recruiting for the development, manufacture, sale or distribution of DRAM technology from January 1, 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC further objects to this request to the extent that Micron requests production

of documents and electronic data that are not within UMC's possession, custody, or control. UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC. UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because the request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 14:**

The signed cooperation agreement between UMC and Jinhua, and any revisions or amendments thereto, regarding UMC's cooperation with Jinhua in the development of DRAM chip production technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control. UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC. UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not

produce documents in response to this request because the request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show the corporate formation, structure, organization and business operations of UMC and its relationship to UMC Group (USA).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control. UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC. UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because the request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show the relationship between UMC and UMC Group (USA), including but not limited to the financial connection, the sharing of officers or directors, the sharing of any profits and losses, the sharing of technology, engineering, marketing, and business relationships and any contracts between UMC and UMC Group (USA).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the foregoing General Objections, UMC makes the following Specific

-22-

Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because the request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

DATED:        May 25, 2018

By _____/s/ Daniel Johnson Jr._____

Daniel Johnson Jr.

*Attorney for Defendant*
UNITED MICROELECTRONICS CORPORATION

# EXHIBIT 2

Daniel Johnson Jr. (No. 57409)
Mario Moore (No. 231644)
Robert G. Litts (No. 205984)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone:     (415) 604-4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com

Attorneys for Defendant
UNITED MICROELECTRONICS
CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC., | Case No. 4:17-CV-06932-JSW |
| Plaintiff, | Hon. Jeffrey S. White, U.S. District Judge |
| v. | Hon. Robert M. Illman, Magistrate Judge |
| UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., And DOES 1-10, | DEFENDANT UNITED MICROELECTRONICS CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF MICRON TECHNOLOGY'S FIRST SET OF REQUESTS FOR PRODUCTION AND INSPECTION OF DOCUMENTS REGARDING JURISDICTION |
| Defendants. | |

PROPOUNDING PARTY:        MICRON TECHNOLOGY, INC.

RESPONDING PARTY:        UNITED MICROELECTRONICS CORPORATION

SET NO.:        ONE (1)

REQUEST NOS.:        1-16

Pursuant to Fed. R. Civ. P. 26 and 34 and any applicable local rules, and the Court Order Granting Plaintiff's Request for Jurisdictional Discovery (Dkt. 53), Defendant United Microelectronics Corporation ("UMC" or "Defendant") hereby responds to the First Set of Requests for Production and Inspection of Documents Regarding Jurisdiction propounded by Plaintiff Micron Technology, Inc. ("Micron" or "Plaintiff").

## PRELIMINARY STATEMENT

UMC has not completed its discovery, investigation, research, or trial preparation. The following responses are based solely on the information that is presently available and specifically known to UMC. UMC provides the following responses without prejudice to its right to produce evidence of any subsequently-discovered documents or facts. UMC reserves the right to supplement the following responses and to change any and all responses therein as additional documents are discovered or facts are ascertained. Finally, UMC's objections as set forth herein are made without prejudice to UMC's right to assert any additional or supplemental objections should additional grounds for such objections become apparent. UMC makes the objections and responses set forth below without in any manner waiving: (1) the right to object to the use of any response, document or thing for any purpose in this action or any other actions on grounds of privilege, relevancy, materiality or any other appropriate basis; (2) the right to object to any other interrogatories or Requests involving or relating to the subject matter of the responses herein and any documents or things produced by UMC; and (3) the right to revise, correct, supplement, or clarify any of the responses provided below at any time. UMC expressly reserves the right to supplement its responses and production of documents and things.

## GENERAL OBJECTIONS

1.    These General Objections are hereby incorporated by reference into the responses made with respect to each separate Request. Neither the inclusion of any Specific Objection in response to a request, nor the failure to include any General Objection or Specific Objection in response to a request shall in any way be deemed as a waiver of any general objection made herein or that may be asserted at another date.

-1-

2.　　UMC objects to each Request to the extent that Micron seeks production of information protected from disclosure by the attorney-client privilege, the work product immunity, or any other lawfully recognized privilege or immunity, including statements made under the protection of a joint defense agreement and/or protection under the common interest Doctrine.  UMC will not produce such information in response to Micron's Requests for the Production of Documents, and any inadvertent production thereof shall not be deemed a waiver of any privilege or work product rights with respect to such documents or things.  Moreover, in every Response in which UMC has agreed to provide non-privileged documents, UMC defines "non-privileged documents" to exclude any documents (and electronic data) concerning information protected by the attorney-client privilege, work product immunity, joint/common interest, or other privilege or immunity.

3.　　UMC objects to each Request to the extent they call for information subject to third-party confidentiality agreements or subject to confidentiality by court order.

4.　　UMC objects to each Request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it calls for information outside the scope of the two jurisdictional discovery topics specified in the Court's April 23, 2018 Order Regarding Jurisdictional Discovery ("the April 23 Order")

5.　　UMC objects to each Definition, Instruction, and Request to the extent that Micron seeks to impose upon UMC any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or any Order of the Court in this Action.  In every response in which UMC has agreed to provide documents, subject to its General Objections and any Specific Objections, UMC will conduct a reasonable search for and produce relevant, responsive, non-privileged documents to the extent that any exist, are in UMC's possession, custody, or control, and have not been previously produced in this Action.  Moreover, UMC's response that it "will produce" documents to any of the below requests is not a representation by UMC that such documents exist.

6.      UMC objects to each Definition, Instruction, Construction, and Request to the extent that Micron might give meaning to a word different from its ordinary English meaning or definitions set forth in applicable statutes or rules.

7.      UMC objects to each Definition, Instruction, Construction, or Request as being unduly burdensome to the extent that Micron requests UMC to produce information that is publicly available or is as equally accessible to Micron as it is to UMC.

8.      UMC objects to the extent Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.

9.      UMC objects to each Definition, Instruction, or Request to the extent that it requests UMC to produce information that is publicly available or is as equally accessible to Micron as it is to UMC as being unduly burdensome.

10.     Subject to the foregoing General Objections, and without waiver of these objections, UMC responds as follows:

### REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Micron Documents that are in UMC's possession, custody, or control, including any metadata identifying the source of those documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate

-3-

to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because this request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 2:**

For any Micron Document that is (or was) in the possession, custody, or control of anyone working on UMC's behalf, all documents that reflect the source of such documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because this request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 3:**

All documents related to any efforts by UMC, or anyone acting on UMC's behalf, to access, view, download or otherwise obtain any documents from Micron's servers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent that the request calls for documents relating to instances, if any, in which UMC employees downloaded Micron trade secrets from Micron's servers knowing that the servers were located in the United States.

**REQUEST FOR PRODUCTION NO. 4:**

All communications by, with, between, or among former or present agents or employees of UMC related to the source of any Micron Document.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible

evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent the request calls for documents relating to instances, if any, in which UMC employees downloaded Micron trade secrets from Micron's servers knowing that the servers were located in the United States.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to UMC's awareness of the source of Micron Documents and Micron technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent the request calls for documents relating to instances, if any, in which UMC employees downloaded Micron trade secrets from Micron's servers knowing that the servers were located in the United States.

**REQUEST FOR PRODUCTION NO. 6:**

All documents related to information provided by UMC to any government authority regarding the source of any Micron Documents that are (or were) in UMC's possession, custody, or control, including information provided in connection with the Indictment Decision.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent the request calls for documents relating to instances, if any, in which UMC employees downloaded Micron trade secrets from Micron's servers knowing that the servers were located in the United States.

**REQUEST FOR PRODUCTION NO. 7:**

Permit the inspection and forensic imaging of any computers or electronic data-storage hardware (or copies of same) in UMC's possession, custody, or control that contain or formerly contained any Micron Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production

-7-

of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because this request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 8:**

Permit the inspection and forensic imaging of any computers or electronic data-storage hardware (or copies of same) formerly assigned to Kenny Wang.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth

-8-

above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because this request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to UMC's DRAM-related recruiting activities in, or directed to individuals in, the United States from January 1, 2015 to present, including, but not limited to any recruiting activities in connection or cooperation with Jinhua and/or UMC Group (USA).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent that documents relate to DRAM-related recruiting activities of UMC Corp. that involved UMC Group (USA).

**REQUEST FOR PRODUCTION NO. 10:**

All documents related to UMC's knowledge of, or involvement in, UMC Group (USA)'s DRAM-related recruiting activities from January 1, 2015 to present, including but not limited to UMC's awareness and understanding of UMC Group's (USA) recruiting efforts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows:  UMC will produce documents in response to this request only to the extent that documents relate to DRAM-related recruiting activities of UMC Corp. that involved UMC Group (USA).

**REQUEST FOR PRODUCTION NO. 11:**

All documents related to UMC's knowledge of, or involvement in, Jinhua's DRAM-related recruiting activities in, or directed to individuals in, the United States from January 1, 2015 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible

evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.   UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent that documents relate to DRAM-related recruiting activities of UMC Corp. that involved UMC Group (USA).

**REQUEST FOR PRODUCTION NO. 12:**

All documents related to any DRAM-related business dealings or activities of UMC with anyone in the United States from January 1, 2015 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.   UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.   UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, is publicly available or is as equally accessible to Micron as it is to UMC.   UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will produce documents in response to this request only to the extent that documents relate to DRAM-related recruiting activities of UMC Corp. that involved UMC Group (USA).

**REQUEST FOR PRODUCTION NO. 13:**

All agreements between UMC and Jinhua, that relates in whole or in part to recruiting for the development, manufacture, sale or distribution of DRAM technology from January 1, 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control. UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC. UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because this request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 14:**

The signed cooperation agreement between UMC and Jinhua, and any revisions or amendments thereto, regarding UMC's cooperation with Jinhua in the development of DRAM chip production technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common

-12-

interest privilege. UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control. UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC. UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because this request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show the corporate formation, structure, organization and business operations of UMC and its relationship to UMC Group (USA).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control. UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC. UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not

produce documents in response to this request because this request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show the relationship between UMC and UMC Group (USA), including but not limited to the financial connection, the sharing of officers or directors, the sharing of any profits and losses, the sharing of technology, engineering, marketing, and business relationships and any contracts between UMC and UMC Group (USA).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the foregoing General Objections, UMC makes the following Specific Objections to this request: UMC objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC's possession, custody, or control.  UMC further objects to this request as being unduly burdensome to the extent that Micron requests that UMC produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC.  UMC further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: UMC will not produce documents in response to this request because this request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.


DATED:        May 25, 2018

By _____/s/ Daniel Johnson Jr._____

Daniel Johnson Jr.

*Attorney for Defendant*
UNITED MICROELECTRONICS CORPORATION

# EXHIBIT 3

1  Daniel Johnson Jr. (No. 57409)
   Mario Moore (No. 231644)
2  Robert G. Litts (No. 205984)
   DAN JOHNSON LAW GROUP, LLP
3  400 Oyster Point Blvd., Suite 321
   South San Francisco, CA 94080
4  Telephone:     (415) 604-4500
   dan@danjohnsonlawgroup.com
5  mario@danjohnsonlawgroup.com
   robert@danjohnsonlawgroup.com
6
   Attorneys for Defendant
7  UNITED MICROELECTRONICS
   CORPORATION
8
9              **UNITED STATES DISTRICT COURT**
10            **NORTHERN DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| MICRON TECHNOLOGY, INC., | Case No. 4:17-CV-06932-JSW |
| Plaintiff, | Hon. Jeffrey S. White, U.S. District Judge |
| v. | Hon. Robert M. Illman, Magistrate Judge |
| UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., And DOES 1-10, | UMC GROUP (USA)'S OBJECTIONS AND RESPONSES TO PLAINTIFF MICRON TECHNOLOGY'S SUBPOENA AND NOTICE TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26, 30, and 34 and any applicable local rules, and the Court Order Granting Plaintiff's Request for Jurisdictional Discovery (Dkt. 53), UMC Group (USA) hereby responds to the Notice of Subpoena to Testify at a Deposition and to Produce Documents propounded by Plaintiff Micron Technology, Inc. ("Micron" or "Plaintiff").

**PRELIMINARY STATEMENT**

UMC Group (USA) reserves the right to supplement the following responses and to change any and all responses therein as additional documents are discovered or facts are ascertained. UMC Group (USA)'s objections as set forth herein are made without prejudice to UMC Group (USA)'s right to assert any additional or supplemental objections should additional grounds for such objections become apparent. UMC Group (USA) makes the objections and responses set forth below without in any manner waiving: (1) the right to object to the use of any response, document or thing for any purpose in this action or any other actions on grounds of privilege, relevancy, materiality or any other appropriate basis; (2) the right to object to any other Requests involving or relating to the subject matter of the responses herein and any documents or things produced by UMC Group (USA); and (3) the right to revise, correct, supplement, or clarify any of the responses provided below at any time. UMC Group (USA) expressly reserves the right to supplement its responses and production of documents and things.

**GENERAL OBJECTIONS**

1.      These General Objections are hereby incorporated by reference into the responses made with respect to each separate Request. Neither the inclusion of any Specific Objection in response to a request, nor the failure to include any General Objection or Specific Objection in response to a request shall in any way be deemed as a waiver of any general objection made herein or that may be asserted at another date.

2.      UMC objects to each Request to the extent that Micron seeks production of information protected from disclosure by the attorney-client privilege, the work product immunity, or any other lawfully recognized privilege or immunity, including statements made under the protection of a joint defense agreement and/or protection under the common interest Doctrine. UMC

-1-

Group (USA) will not produce such information in response to Micron's Requests for the Production of Documents, and any inadvertent production thereof shall not be deemed a waiver of any privilege or work product rights with respect to such documents or things.  Moreover, in every Response in which UMC has agreed to provide non-privileged documents, UMC Group (USA) defines "non-privileged documents" to exclude any documents (and electronic data) concerning information protected by the attorney-client privilege, work product immunity, joint/common interest, or other privilege or immunity.

3.    UMC Group (USA) objects to each Request to the extent they call for information subject to third-party confidentiality agreements or subject to confidentiality by court order.

4.    UMC Group (USA) objects to each Definition, Instruction, and Request to the extent that Micron seeks to impose upon UMC Group (USA) any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or any Order of the Court in this Action.  In every response in which UMC Group (USA) has agreed to provide documents, subject to its General Objections and any Specific Objections, UMC will conduct a reasonable search for and produce relevant, responsive, non-privileged documents to the extent that any exist, are in UMC Group (USA)'s possession, custody, or control, and have not been previously produced in this Action.  Moreover, UMC Group (USA)'s response that it "will produce" documents to any of the below requests is not a representation by UMC Group (USA) that such documents exist.

5.    UMC Group (USA) objects to each Definition, Instruction, Construction, and Request to the extent that Micron might give meaning to a word different from its ordinary English meaning or definitions set forth in applicable statutes or rules.

6.    UMC Group (USA) objects to each Definition, Instruction, Construction, or Request as being unduly burdensome to the extent that Micron requests UMC Group (USA) to produce information that is publicly available or is as equally accessible to Micron as it is to UMC Group (USA).

7.     UMC Group (USA) objects to each Topic and Request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it calls for information outside the scope of the two jurisdictional discovery topics specified in the Court's April 23, 2018 Order Regarding Jurisdictional Discovery ("the April 23 Order")

8.     UMC Group (USA) objects to the extent Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control.

9.     UMC Group (USA) objects to each Definition, Instruction, or Request to the extent that it requests UMC Group (USA) to produce information that is publicly available or is as equally accessible to Micron as it is to UMC Group (USA) as being unduly burdensome.

10.    UMC Group (USA) objects to Micron's requests to the extent that Micron seeks to impose upon UMC Group (USA) any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure (e.g., Fed. R. Civ. P. 26, 30, 34, and 45), the Local Rules for the United States District Court for the Northern District of California, or any Order of the Court in this Action.

11.    Subject to the foregoing General Objections, and without waiver of these objections, UMC Group (USA) responds as follows:

## DEPOSITION TOPICS

**DEPOSITION TOPIC NO. 1:**

All Micron Documents that are (or were) in UMC Group (USA)'s possession, custody, or control (including documents identified in the Taiwan Indictment) including but not limited to:

    a.     An identification of such documents;

    b.     Where such documents are (or were) stored;

    c.     The custodians of such documents; and

    d.     How such documents came into UMC Group (USA)'s possession, custody, or control, including the source of any such documents.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 1:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following

Specific Objections to this topic: UMC Group (USA) objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC Group (USA) further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this topic to the extent that it requests information not in UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC responds as follows: because this topic is outside the scope of the topics of jurisdictional discovery in the April 23 Order, in that it concerns UMC Group (USA)'s activities unrelated to recruiting, UMC Group (USA) will not provide a witness.

**DEPOSITION TOPIC NO. 2:**

All Micron Documents that are (or were) in the possession, custody, or control of anyone working on UMC Group (USA)'s behalf, including but not limited to:

        a.     An identification of such documents;

        b.     Where such documents are (or were) stored;

        c.     The custodians of such documents; and

        d.     How such documents came into the possession, custody, or control of persons working for UMC Group (USA), including the source of any such documents.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 2:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this topic: UMC Group (USA) objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC Group (USA) further objects to the extent that this topic calls for

information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this topic to the extent that it requests information not in UMC Group (USA)'s possession, custody, or control.  further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: because this topic is outside the scope of the topics of jurisdictional discovery in the April 23 Order, in that it concerns UMC Group (USA)'s activities unrelated to recruiting, UMC Group (USA) will not provide a witness.

**DEPOSITION TOPIC NO. 3:**

Efforts by UMC Group (USA) and/or any present or former UMC Group (USA) agent or employee to access, view, download or otherwise obtain any documents from Micron's servers, including the identification of all individuals who have ever gained access to Micron's servers, the means by which such individuals gained access to Micron's servers and the identification of the information and/or documents that were viewed, accessed or downloaded from Micron's servers.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 3:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this topic: UMC Group (USA) objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC Group (USA) further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this topic to the extent that it requests information not in UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: because this topic is outside the scope of the topics of jurisdictional discovery in the April 23 Order, in that it concerns UMC Group (USA)'s activities unrelated to recruiting, UMC Group (USA) will not provide a witness.

**DEPOSITION TOPIC NO. 4:**

UMC Group (USA)'s awareness of the source of Micron Documents and Micron technology.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 4:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this topic: UMC Group (USA) objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC Group (USA) further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this topic to the extent that it requests information not in UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: because this topic is outside the scope of the topics of jurisdictional discovery in the April 23 Order, in that it concerns UMC Group (USA)'s activities unrelated to recruiting, UMC Group (USA) will not provide a witness.

**DEPOSITION TOPIC NO. 5:**

UMC Group (USA)'s DRAM-related recruiting activities from January 1, 2015 to present, including, but not limited to any recruiting activities in connection or cooperation with Jinhua and/or UMC.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 5:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this topic: UMC Group (USA) objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC Group (USA) further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this topic to the extent that it requests information not in UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will provide a witness prepared to testify concerning recruiting activities in which UMC Group (USA) was involved in UMC Corp.'s recruiting activities.

**DEPOSITION TOPIC NO. 6:**

UMC Group (USA)'s knowledge of, or involvement in, UMC's DRAM-related recruiting activities in, or directed to individuals in, the United States from January 1, 2015 to present.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 6:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this topic: UMC Group (USA) objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC Group (USA) further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this topic to the extent that it requests information not in UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will provide a witness prepared to testify concerning UMC's DRAM-related recruiting activities in the U.S. to the extent such activities involved UMC Group (USA).

**DEPOSITION TOPIC NO. 7:**

UMC Group (USA)'s knowledge of, or involvement in, Jinhua's DRAM-related recruiting activities in, or directed to individuals in, the United States from January 1, 2015 to present.

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 7:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this topic: UMC Group (USA) objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  UMC Group (USA) further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this topic to the extent that it requests information not in UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will provide a witness prepared to testify concerning DRAM-related recruiting activities in the U.S. to the extent such activities involved UMC Group (USA).

**DEPOSITION TOPIC NO. 8:**

The corporate formation, structure, organization and business operations of UMC Group (USA), and its relationship to UMC including but not limited to the financial connection, the sharing of officers or directors, the sharing of any profits and losses, the sharing of technology, engineering, marketing, and business relationships and any contracts between UMC and UMC Group (USA).

**OBJECTION AND RESPONSE TO DEPOSITION TOPIC NO. 8:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this topic: UMC Group (USA) objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. UMC Group (USA) further objects to the extent that this topic calls for information protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC Group (USA) further objects to this topic to the extent that it requests information not in UMC Group (USA)'s possession, custody, or control. UMC Group (USA) further objects to this topic as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: because this topic is outside the scope of the April 23 Order in that it concerns UMC Group (USA)'s activities unrelated to recruiting, UMC Group (USA) will not provide a witness.

**Exhibit 2 to UMC Group (USA) Subpoena:**

**DOCUMENT REQUESTS FOR PRODUCTION AND INSPECTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Micron Documents that are in UMC Group (USA)'s possession, custody, or control, including any metadata identifying the source of those documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control. UMC Group (USA) further objects to this request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA). UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will not produce documents in response to this request because this request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 2:**

For any Micron Document that is (or was) in the possession, custody, or control of anyone working on UMC Group (USA)'s behalf, all documents that reflect the source of such documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it

calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA).  UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will not produce documents in response to this request because this request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 3:**

All documents related to any efforts by UMC Group (USA), or anyone acting on UMC Group (USA)'s behalf, to access, view, download or otherwise obtain any documents from Micron's servers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible

evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA).  UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will not produce documents in response to this request because this request calls for documents outside the scope of the two topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 4:**

All communications by, with, between, or among former or present agents or employees of UMC Group (USA) related to the source of any Micron Document.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this Request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA).  UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC

Group (USA) will not produce documents in response to this request because the request calls for documents outside the scope of the topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to UMC Group (USA)'s awareness of the source of Micron Documents and Micron technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this Request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA).  UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will not produce documents in response to this request because the request calls for documents outside the scope of the topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 6:**

Permit the inspection and forensic imaging of any computers or electronic data-storage hardware (or copies of same) in UMC Group (USA)'s possession, custody, or control that contain or formerly contained any Micron Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control. UMC Group (USA) further objects to this Request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA). UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will not produce documents in response to this request because the request calls for documents outside the scope of the topics of jurisdictional discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to UMC Group (USA)'s DRAM-related recruiting activities from January 1, 2015 to present, including, but not limited to any recruiting activities in connection or cooperation with Jinhua and/or UMC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within

UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA).  UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will produce documents in response to this request only to the extent that documents relate to DRAM-related recruiting activities of UMC Corp. that involved UMC Group (USA).

**REQUEST FOR PRODUCTION NO. 8:**

All documents related to UMC Group (USA)'s knowledge of, or involvement in, UMC's DRAM-related recruiting activities from January 1, 2015 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA).  UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will produce documents in response to this request only to the extent that documents relate to DRAM-related recruiting activities of UMC Corp. that involved UMC Group (USA).

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to UMC Group (USA)'s knowledge of, or involvement in, Jinhua's DRAM-related recruiting activities in, or directed to individuals in, the United States from January 1, 2015 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA).  UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will produce documents in response to this request only to the extent that documents relate to DRAM-related recruiting activities of UMC Corp. that involved UMC Group (USA).

**REQUEST FOR PRODUCTION NO. 10:**

All documents related to any DRAM-related business dealings or activities of UMC Group (USA) from January 1, 2015 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA).  UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will produce documents in response to this request only to the extent that documents relate to instances in which UMC Group (USA) was involved in UMC Corp.'s DRAM-related recruiting.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the corporate formation, structure, organization and business operations of UMC Group (USA) and its relationship to UMC Corp. and its recruiting efforts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it

calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control. UMC Group (USA) further objects to this request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA). UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will produce documents in response to this request only to the extent that documents relate to instances in which UMC Group (USA) was involved in UMC Corp.'s DRAM-related recruiting.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show the number of employees that work for UMC Group USA, including where they are located and what role they perform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege. UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control. UMC Group (USA) further objects to this request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible

evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA).  UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC Group (USA) will not produce documents in response to this request because the request is not relevant to the two topics of discovery in the April 23 Order.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show the relationship between UMC Group (USA) and UMC, including but not limited to the financial connection, the sharing of officers or directors, the sharing of any profits and losses, the sharing of technology, engineering, marketing, and business relationships and any contracts between UMC and UMC Group (USA).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the foregoing General Objections, UMC Group (USA) makes the following Specific Objections to this request: UMC Group (USA) objects to this request to the extent that it calls for the production of documents protected by attorney-client privilege, the work product doctrine, or joint/common interest privilege.  UMC Group (USA) further objects to this request to the extent that Micron requests production of documents and electronic data that are not within UMC Group (USA)'s possession, custody, or control.  UMC Group (USA) further objects to this request as being unduly burdensome to the extent that Micron requests that UMC Group (USA) produce information that is not reasonably calculated to lead to the discovery of admissible evidence, and is publicly available or is as equally accessible to Micron as it is to UMC Group (USA).  UMC Group (USA) further objects to this request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it is outside the scope of the topics in the April 23 Order.

1    Subject to and without waiver of these Specific Objections and General Objections set forth

2 above, which are incorporated herein by reference, UMC Group (USA) responds as follows: UMC

3 Group (USA) will not produce documents in response to this request because the request calls for

4 documents outside the scope of the topics of jurisdictional discovery in the April 23 Order.

5

6

7 DATED:       May 25, 2018

8                                        By _____/s/ Daniel Johnson Jr._____

                                              Daniel Johnson Jr.
9

                                         *Attorney for Defendant*
10                              UNITED MICROELECTRONICS CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28