Randall E. Kay (State Bar No. 149369)
rekay@jonesday.com
Douglas L. Clark (State Bar No. 279408)
dlclark@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA  92121.3134
Telephone:     +1.858.314.1200
Facsimile:      +1.844.345.3178

Patrick T. Michael (State Bar No. 169745)
pmichael@jonesday.com
Marcus S. Quintanilla (State Bar No. 205994)
mquintanilla@jonesday.com
JONES DAY
555 California Street, Suite 2600
San Francisco, CA  94104.1501
Telephone:     +1.415.626.3939
Facsimile:      +1.415.875.5700
*Attorneys for Plaintiff*
*MICRON TECHNOLOGY, INC.*

Daniel Johnson Jr. (Bar No. 57409)
Mario Moore (Bar No. 231644)
Robert G. Litts (Bar No. 205984)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone: +1.415.604.4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com
*Attorneys for Defendant*
 *UNITED MICROELECTRONICS*
 *CORPORATION*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS<br>CORPORATION, FUJIAN JINHUA<br>INTEGRATED CIRCUIT CO., LTD., and DOES<br>1-10,<br><br>Defendants. | **Case No. 4:17-CV-06932-MMC**<br><br>**STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER** |

1.     **PURPOSES AND LIMITATIONS**

        Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public disclosure

and from use for any purpose other than prosecuting this litigation may be warranted.  Discovery

has been moving forward quickly, and many third parties, including court reporters, translators, etc.

require a copy of a protective order and need to sign onto the protective order.  The parties, however, continue to dispute the definition and use of the term "Outside Local Counsel," which ultimately may insert new (or amended) paragraphs at 2.3, 2.6, 2.15, 7.2(b), 7.3(d), and 7.5(a)(1), (b), (c).  As such, the parties seek to enter the following Stipulated Protective Order with the caveat that they will also be filing a joint letter brief to resolve their dispute regarding use of "Outside Local Counsel."

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. **DEFINITIONS**

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated Corporate Representative:  The two employees designated by each respective party, who are not involved with competitive decision making, and seek to have access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

(a)     Employees for Micron Technology, Inc.:  To be determined.

2

4:17-CV-06932-MMC

1    (b)    Employees for United Microelectronics Corporation:  To be determined.

2    2.5    Designated House Counsel:  House Counsel who seek access to "HIGHLY

3    CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

4    (a)    In-house attorneys for Micron Technology, Inc.:  David Ashmore, Esq. and Michael

5    Myers, Esq.

6    (b)    In-house attorneys for United Microelectronics Corporation:  Lucas Chang and one

7    other attorney to be named later.

8    2.6    Designating Party: a Party or Non-Party that designates information or items that it

9    produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

11   CODE."

12   2.7    Disclosure or Discovery Material:  all items or information, regardless of the

13   medium or manner in which it is generated, stored, or maintained (including, among other things,

14   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

15   responses to discovery in this matter.

16   2.8    Expert:  a person with specialized knowledge or experience in a matter pertinent to

17   the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as

18   a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

19   competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or

20   of a Party's competitor.

21   2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

22   Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another

23   Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less

24   restrictive means.

25   2.10   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:  extremely

26   sensitive "Confidential Information or Items" representing computer code, including code written

27   in a programming language (*e.g.* C, C++, or Java), code written in a hardware description language

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

(*e.g.* VHDL or Verilog), and debug code, and associated comments and revision histories, scripts, binaries, formulas, design documents, physical layouts (*e.g.* GDS & GDSII), engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11   <u>House Counsel</u>:  attorneys who are employees of a party to this action, or attorneys who are independent contractors of a Party and provide legal advice on an exclusive basis to that Party.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.14   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, jury consulting; mock trial coordination) and their employees and subcontractors (including, but not limited to, mock jurors).

2.17   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.18   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

**3.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.** **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order and will appropriately disclose these terms and conditions to all employees who will have access to information pursuant to the Order);

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and provided an executed copy to all Parties prior to receiving Protected Material;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and for which no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.5 below;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)  any other person with the prior written consent of the Producing Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of

the Order and will appropriately disclose these terms and conditions to all employees who will have access to information pursuant to the Order);

(b) no more than two (2) designated House Counsel of the Receiving Party (1) who are members of a United States state Bar or of the Bar of the District of Columbia, (2) who has no involvement in competitive decision-making, (3) to whom disclosure is reasonably necessary for this litigation, (4) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (5) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) no more than two (2) designated Corporate Representatives (1) who have no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(d) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(e) the court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)  any other person with the prior written consent of the Producing Party.

7.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as

employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order and will appropriately disclose these terms and conditions to all employees who will have access to information pursuant to the Order);

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f) Any other person with the prior written consent of the Producing Party.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel, Designated Corporate Representatives or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel / Designated Corporate Representative any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) or (c) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel / Designated Corporate Representative and the city and state of his or her residence, and (2) describes the Designated House Counsel's / Designated Corporate Representative's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to

determine if House Counsel / Designated Corporate Representative is involved, or may become

involved, in any competitive decision-making.  Such Party shall also promptly advise the

Designating Party of any change to the primary job duties and responsibilities of any Designated

House Counsel / Designated Corporate Representative in sufficient detail to allow the Designating

Party to evaluate any later-arising competitive decision-making responsibilities.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the

Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(d)

or 7.4(b) first must make a written request to the Designating Party that (1) identifies the general

categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY

CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

current employer(s), (5) identifies each person or entity from whom the Expert has received

compensation or funding for work in his or her areas of expertise or to whom the expert has

provided professional services, including in connection with a litigation, at any time during the

preceding five years, and (6) identifies (by name and number of the case, filing date, and location

of court) any litigation in connection with which the Expert has offered expert testimony, including

through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the

preceding respective paragraphs may disclose the subject Protected Material to the identified

Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

receives a written objection from the Designating Party. Any such objection must set forth in detail

the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the

Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement

14                                          4:17-CV-06932-MMC

within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

(d)     An initial failure to object to an Expert under this section shall not preclude the nonobjecting party from later objecting to continued access by that Expert for good cause.

**8.     PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications (including, without limitation, originally filed applications, provisionals, non-provisionals, continuations, divisionals or continuations-in-part) involving DRAM technology, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue

protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

**9.     PROCEDURES FOR REVIEW OF MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – SOURCE CODE"**

(a)     Upon reasonable notice by the Receiving Party of no less than three (3) business days, material designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at a San Francisco Bay Area (e.g., San Francisco, South San Francisco, or Palo Alto) office of the Producing Party's Outside Counsel of Record or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  Use or possession of any input/output device (*e.g.*, USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited.  All persons inspecting the Source Code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secured computer.  To the extent review of SOURCE CODE information is reasonably necessary for trial, the Parties shall negotiate in good faith, during the pre-trial phase of the case, the location of and conditions for access and review of SOURCE CODE information.

The Producing Party shall install reasonable tools or programs on the Computer to allow the Receiving Party to review and search the SOURCE CODE information if such tools exist and are presently used in the ordinary course of the Producing Party's business.  If the Receiving

Party requires additional program(s) or review tool(s) or any particular type of program or review tool in addition to the reasonable tools or programs provided by the Producing Party, the Requesting Party shall provide (at the Receiving Party's cost) a licensed copy of the additional program(s) or review tool(s) to the Producing Party in reasonable advance of the inspection.

(b)     The Receiving Party's outside counsel and/or Experts shall be permitted to take notes relating to the Source Code, but shall not copy any portion of the Source Code into those notes.  No copies of all or any portion of the Source Code is permitted to leave the room in which the Source Code is inspected, except as otherwise provided herein.

(c)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically in the first instance.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

During an inspection, the Receiving Party shall not print more than the fewer of (i) 10% of the total pages or (ii) 500 pages of the Source Code (not including copies of Original Printouts) of a software release (or in the case of hardware Source Code, for any hardware product), or continuous blocks of Source Code that exceed 10 pages.  However, upon written request by the Receiving Party, the Producing Party will not unreasonably withhold its consent to print additional pages.

Upon printing any such portions of SOURCE CODE information, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed or designated for printing by the Receiving Party.  Within five (5) business days, the Producing Party shall either

(i) send one copy set of such pages to the Receiving Party, for next day business delivery, or

(ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done

for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving

Party cannot resolve the objection, either party shall be entitled to seek Court intervention to

resolve the dispute.  The burden shall be on the Producing Party to demonstrate that such printed

portions are more than reasonably necessary for a permitted purpose and not merely printed for the

purposes of review and analysis elsewhere.

        (d)    The Receiving Party shall maintain a record of any individual who has

inspected any portion of the source code in electronic or paper form.  The Receiving Party shall

maintain all paper copies of any printed portions of the source code in a secured, locked area.  The

Receiving Party shall not create any electronic or other images of the paper copies and shall not

convert any of the information contained in the paper copies into any electronic format.  The

Receiving Party shall only make additional paper copies if such additional copies are (1) necessary

to prepare court filings, pleadings, or other papers (including a testifying expert's expert report),

(2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper

copies used during a deposition shall be retrieved by the Producing Party at the end of each day and

must not be given to or left with a court reporter or any other unauthorized individual.

        (e)    At the conclusion of the litigation any entity receiving Designated Code will

certify that:  (a) all external media, print-outs, and copies containing Designated Code have been

destroyed or erased in a manner that prevents any forensic recovery of the Designated Code, with

the exception of portions of code that were included in filed or served pleadings or their exhibits, or

as exhibits to depositions, or admitted into evidence; and (b) the print logs have been archived

along with Counsel's other records from this litigation.  Other than as set forth in this

subparagraph, Counsel may not maintain or retain a file copy of the Designated Code.

**10.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

        If a Party is served with a subpoena or a court order issued in other litigation that

compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent disclosure of

documents, ESI, testimony, information and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege, protection or immunity ("Privileged Material") shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work-product or any other applicable privilege, protection, or immunity in this or any other Federal or State proceeding for the inadvertently produced document or specific material or information disclosed, or any other document, material, or information covering the same or a similar or related subject matter. The parties agree that: (1) absent exceptional circumstances, a statement by a party that a production of Privileged Material was inadvertent shall be dispositive; (2) they are all taking reasonable steps to prevent disclosure of Privileged Material; and (3) a party shall be deemed to have taken prompt steps to rectify the inadvertent production of Privileged Material if it notifies the receiving party within fourteen (14) calendar days of learning of the inadvertent production. If a party has inadvertently or mistakenly produced Privileged Material, and if the party makes a written request for the return, pursuant to this Paragraph, of any Privileged Material (including any analyses, memoranda or notes that were internally generated based upon such inadvertently produced Privileged Material) then in the custody of another party or non-party, the possessing person or entity shall either sequester the Privileged Material and all copies thereof; or return the Privileged Material within ten (10) business days, and the receiving party will also make no use of the information contained in the Privileged Material or further disseminate the Privileged Material regardless of whether the receiving party disputes the claim of privilege. As to any analyses, memoranda or notes that were internally generated based upon such inadvertently produced Privileged Material, the possessing person or entity shall have the option of destroying such materials in lieu of returning the same, and shall provide the producing party with a declaration confirming timely destruction of the same. The party shall provide sufficient information to the receiving party regarding the asserted privilege(s), for example, in the form of a privilege log. If the receiving party disputes the assertion of privilege, the receiving party may move the Court for an order compelling production of the material. The burden of showing that the material is privileged and that its production was inadvertent shall be

determined under applicable law, including Federal Rule of Evidence 502. The receiving party may not use the Privileged Material or any other document or material information reflecting the contents of the Privileged Material for any purpose whatsoever other than moving the Court for an order compelling production of the Privileged Material until the Court has determined that the material is not privileged. Subject to the Court's direction, resolution of the issue may include the Court's review of the potentially Privileged Material in camera. If any such motion is not filed within fourteen (14) days after a request to return the Privileged Material (or such later time as agreed upon by counsel), the possessing person or entity shall return the Privileged Material (and all copies thereof) to the party or non-party who produced or supplied it and shall expunge from any other document or material any information reflecting the contents of the returned material. If a motion challenging the privileged nature of the material is filed and the Court determines that the returned material is privileged, the possessing person or entity shall, within five (5) business days of the Court's order, expunge from any other document or material any information reflecting the contents of the privileged material.

**14.**   **MISCELLANEOUS**

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14.4    <u>Modification of Protective Order</u>.  Each Party reserves the right to request that the Court modify the terms of this Protective Order in the event that the Party believes that a modification is necessary.  If such an application is made, all signatories of copies of the Certification, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

## 15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

   Case 3:17-cv-06932-MMC   Document 73   Filed 07/02/18   Page 24 of 28

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED.

Dated:  July 2, 2018                         Respectfully submitted,


By:  *s/ Randall E. Kay*
         Randall E. Kay
**JONES DAY**
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, CA  92121.3134

Telephone:     +1.858.314.1200
Facsimile:      +1.844.345.3178

Patrick T. Michael (SBN 169745)
pmichael@jonesday.com
Marcus S. Quintanilla (SBN 205994)
mquintanilla@jonesday.com
555 California Street, Suite 2600
San Francisco, CA 94104.1501
Telephone:     +1.415.626.3939
Facsimile:      +1.415.875.5700
*Attorneys for Plaintiff*
*MICRON TECHNOLOGY, INC.*

**DAN JOHNSON LAW GROUP, LLP**

By:  *s/ Daniel Johnson, Jr.*
         Daniel Johnson, Jr.

Daniel Johnson Jr. (Bar No. 57409)
dan@danjohnsonlawgroup.com
Mario Moore (Bar No. 231644)
mario@danjohnsonlawgroup.com
Robert G. Litts (Bar No. 205984)
robert@danjohnsonlawgroup.com
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone:     +1.415.604.4500
*Attorneys for Defendant*
*UNITED MICROELECTRONICS CORPORATION*

24                                          4:17-CV-06932-MMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5.1, of the United States District Court of the Northern District of California, I certify that authorization for the filing of this document has been obtained from the other signatory shown above and that said signatory has authorized placement of his electronic signature on this document.

Dated:  July 2, 2018

*s/ Randall E. Kay*
Randall E. Kay
rekay@jonesday.com

25                                    4:17-CV-06932-MMC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on July 2, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Executed on July 2, 2018, at San Diego, California.

*s/ Randall E. Kay*
Randall E. Kay
rekay@jonesday.com

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1

**ORDER**

2

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3

4

DATED: _____

_____

The Honorable Maxine M. Chesney

5

United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27                                        4:17-CV-06932-MMC

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on _____[date] in the case of

*Micron Technology Inc. v. United Microelectronics Corp. et. al*, Case No. Case No. 4:17-CV-

06932-JSW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____

STIPULATION AND [PROPOSED] PROTECTIVE ORDER