IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC., <br> Plaintiff, <br> v. <br> UNITED MICROELECTRONICS CORPORATION, et al., <br> Defendants. | Case No. 17-cv-06932-MMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO SERVE DEFENDANT JINHUA BY ALTERNATIVE MEANS; DEFERRING RULING ON DEFENDANT JINHUA'S MOTION TO DISMISS; VACATING HEARING** <br><br> Re: Dkt. No. 117 |

Before the Court are two motions: (1) defendant Fujian Jinhua Integrated Circuit Co., Ltd.'s ("Jinhua") "Motion to Dismiss for Insufficient Service of Process and for Lack of Personal Jurisdiction," filed October 2, 2018; and (2) plaintiff Micron Technology, Inc.'s ("Micron") "Motion to Serve Defendant Fujian Jinhua Integrated Circuit Co., Ltd. by Alternative Means Under Federal Rule of Civil Procedure 4(f)(3)," filed October 16, 2018. Both motions have been fully briefed. Having read and considered the parties' respective written submissions, the Court finds the matters suitable for determination thereon, VACATES the hearing scheduled for November 30, 2018, and hereby rules as follows.

Jinhua is a "limited liability corporation founded in Mainland China." (See Zheng Decl. ¶ 3.) Under the Federal Rules of Civil Procedure, a foreign corporation may be served at "a place not within any judicial district of the United States" in the same manner as that by which an individual may be so served, see Fed. R. Civ. P. 4(h)(2), including the following: (1) by any means "authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention"), see Fed. R. Civ. P. 4(f)(1); (2) by, "unless prohibited by the foreign country's law, . . . using any form of mail that the clerk addresses and sends to the [corporation] and that requires a signed

receipt," see Fed. R. Civ. P. 4(f)(2)(C); and (3) "by other means not prohibited by international agreement, as the court orders," see Fed. R. Civ. P. 4(f)(3).[1]

In the instant case, Micron first attempted to serve Jinhua in China by the means set forth in Rule (4)(f)(1), i.e., by following a procedure authorized by the Hague Convention, but was unsuccessful in accomplishing service in such manner. (See Quintanilla Decl. ¶¶ 2-3.) Thereafter, Micron sought to effectuate service under Rule 4(f)(2)(C), specifically, by causing the Clerk of Court to mail a copy of the summons and complaint to Stephen Chen at two addresses in Taiwan (see Doc. Nos. 89, 90),[2] a manner of service challenged by Jinhua in its motion to dismiss. By the instant motion, Micron now asks the Court to defer ruling on Jinhua's motion and seeks, pursuant to Rule 4(f)(3), leave of court to serve Jinhua by other means, specifically, by service of the summons and complaint on Jinhua by email sent to Jinhua's "United States counsel of record, Dan Johnson and/or Lyle B. Vander Schaaf" (see Pl.'s Mot. at 1:11-12), or, alternatively, to Jinhua's email address, specifically, service@jhicc.cn.

"[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief," but, rather, "merely one means among several which enables service of process on an international defendant." See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002). A plaintiff seeking leave to serve a summons and complaint pursuant to Rule 4(f)(3) must, however, show "the particularities and necessities of a given case require [such] alternative service." See id. at 1016.

Here, as noted, Micron attempted to effectuate service in China on Jinhua through a procedure authorized by the Hague Convention. In particular, Micron has submitted a declaration stating Micron caused the Clerk of Court to deliver to the Ministry of Justice in

---

[1] The one exception is personal delivery, a means not implicated by the parties' respective motions.

[2] It is undisputed that Stephen Chen is the President of Jinhua. (See Zheng Decl. ¶ 21; Quintanilla Decl. ¶ 5.) The summons and complaint were mailed to him at "both his business and personal addresses in Taiwan." (See Quintanilla Decl. ¶ 5.)

2

1    China "all the required documents," which documents had been "professionally translated
2    into simplified Mandarin Chinese – the official language of [China]" (see Quintanilla Decl.
3    ¶ 2), that four months after it received the documents, the Ministry of Justice, without
4    further elaboration, returned them to Micron for the stated reason that "[t]he Chinese
5    translation is not complete" (see id. ¶ 3, Ex. 1), and that, upon receiving the documents
6    back from the Ministry of Justice, Micron "verified again that all the documents had been
7    translated and certified" (see id. ¶ 3).

The Court finds Micron's efforts to serve Jinhua through the Ministry of Justice were reasonable, and that requiring Jinhua to again attempt to serve Micron through the Ministry of Justice likely would cause a delay of at least four months, even assuming said agency would now accept the documents for service. Under such circumstances, Micron has shown it is appropriate to serve Jinhua by alternative means. See Microsoft Corp. v. Buy More, Inc., 703 Fed. Appx. 476, 480 (9th Cir. 2017) (affirming order allowing plaintiff to serve foreign defendant pursuant to Rule 4(f)(3), where plaintiffs showed it first "diligently attempted to serve [defendant]" by other means); In re TFT-LCD (Flat Panel) Antitrust Litig., 270 F.R.D. 535, 537 (N.D. Cal. 2010) (granting motion to serve foreign defendant pursuant to Rule 4(f)(3), where service by other means would create delay of four to six months).

The Court further finds that allowing Micron to serve the summons and complaint on Jinhua by emailing said documents to Jinhua's counsel of record in the United States is appropriate, as such form of alternative service is not prohibited under the Hague Convention, see Cheetah Mobile, Inc. v. APUS Group, 2106 WL 4036098, at *3 (N.D. Cal. July 28, 2016), and has been approved by federal courts on numerous occasions, see, e.g., Rio Properties, 284 F.3d at 1016-17 (observing "trial courts have repeatedly authorized a wide variety of alternative methods of service including . . . email"; finding said "method of service . . . was constitutionally acceptable"); see also Richmond Technologies, Inc. v. Aumtech Business Solutions, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) (holding "[s]ervice upon a foreign defendant's United States-based counsel

3

is a common form of service ordered under Rule 4(f)(3)) (collecting cases).[3]

Accordingly, Micron's motion to serve Jinhua by alternative means will be granted, and the Court will defer ruling on Jinhua's motion to dismiss until the deadline for Micron to complete and file proof of such service has passed.

**CONCLUSION**

For the reasons stated above, the Court hereby DEFERS ruling on Jinhua's motion to dismiss, and Micron's motion to serve Jinhua by alternative means is hereby GRANTED. Micron is afforded leave to serve the summons and complaint on Jinhua by email sent to Jinhua's United States counsel of record, specifically, Daniel Johnson Jr. and Lyle B. Vander Schaaf, said service to be completed no later than December 5, 2018; proof of such service shall be filed no later than December 10, 2018.

**IT IS SO ORDERED.**

Dated: November 20, 2018

MAXINE M. CHESNEY
United States District Judge

---

[3] As noted, Micron alternatively seeks leave to serve Jinhua by sending the summons and complaint to Jinhua at its email address in China, a form of service that at least some courts have found would violate the Hague Convention. See, e.g., Cheetah Mobile, 2106 WL 4036098, at *2 (noting split of authority as to whether service of summons and complaint by email sent to China is prohibited by Hague Convention). This Court, in light of the above ruling, need not further consider Micron's alternative request.

4