IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC., <br> Plaintiff, <br> v. <br> UNITED MICROELECTRONICS CORPORATION, et al., <br> Defendants. | Case No. 17-cv-06932-MMC <br><br> **ORDER GRANTING JINHUA'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT** <br><br> Re: Dkt. No. 106 |

Before the Court is defendant Fujian Jinhua Integrated Circuit Co., Ltd.'s ("Jinhua") "Motion to Dismiss for Insufficient Process and for Lack of Personal Jurisdiction," filed October 2, 2018. Plaintiff Micron Technology, Inc. ("Micron") has filed opposition, to which Jinhua has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

In its complaint, Micron alleges it is a "semiconductor-producing compan[y]" with a "portfolio of high performance memory technologies" including "Dynamic Random Access Memory ('DRAM') integrated circuits" (see Compl. ¶¶ 1, 4, 5), that defendant United Microelectronics Corporation ("UMC") is a "semiconductor foundry" (see Compl. ¶ 2), and that Jinhua is a "company founded in Mainland China" that "plans to be in

---

[1] By order filed November 20, 2018, the Court took Jinhua's motion under submission and deferred ruling thereon until December 10, 2018, to afford Micron an additional opportunity to effectuate service.

commercial DRAM production" (see Compl. ¶ 8).

According to Micron, UMC and Jinhua "executed a deal," under which UMC, although it "lack[ed] any significant, independent intellectual property in advanced DRAM technology," would "provide Jinhua with DRAM process technology and enable Jinhua to become a leading force in the DRAM business." (See Compl. ¶ 2.) Micron alleges that UMC and Jinhua "developed and set in motion a plan for UMC to recruit key personnel from Micron's Taiwanese affiliate," Micron Memory Taiwan Co., Ltd. ("MMT"'). (See Compl. ¶ 2.a.) In particular, Micron alleges that "UMC and Jinhua conspired to induce former MMT employees to misappropriate electronic and paper files containing Micron trade secrets from MMT and to deliver those trade secrets to UMC" (see Compl. ¶ 2.b), that UCM then "recruit[ed] various MMT personnel with access to Micron trade secrets" (see Compl. ¶ 25), that two MMT employees, prior to resigning from MMT and beginning employment with UMC, took from Micron trade secrets at the "direct[ion]" of UMC (see Compl. ¶¶ 10-12), and that UMC "incorporated Micron's trade secrets into technologies that it transferred and/or plans to transfer to Jinhua" (see Compl. ¶ 2.c).

Based on the above allegations, Micron alleges against UMC and Jinhua the following four causes of action: (1) Count I, titled "Misappropriation of Trade Secrets Under the Defend Trade Secrets Act[,] 18 U.S.C. § 1836(b)," (2) Count II, titled "Civil RICO[,] 18 U.S.C. § 1962(c)," (3) Count III, titled "Civil RICO [,] 18 U.S.C. § 1962(d)," and (4) Count IV, titled "Trade Secret Misappropriation Under the California Uniform Trade Secrets Act[,] Cal. Civ. Code § 3426."

**DISCUSSION**

By the instant motion, Jinhua argues the complaint should be dismissed for insufficient service of process and lack of personal jurisdiction.

**A. Service of Process**

Under the Federal Rules of Civil Procedure, a foreign corporation may be served at "a place not within any judicial district of the United States" in the same manner as that

by which an individual may be so served, see Fed. R. Civ. P. 4(h)(2),[2] including, inter alia, the following: (1) "unless prohibited by the foreign country's law," by "using any form of mail that the clerk addresses and sends to the [corporation] and that requires a signed receipt," see Fed. R. Civ. P. 4(f)(2)(C); and (2) "by other means not prohibited by international agreement, as the court orders," see Fed. R. Civ. P. 4(f)(3).

In August 2018, Micron sought to effectuate service under Rule 4(f)(2)(C), specifically, by causing the Clerk of Court to mail a copy of the summons and complaint to Stephen Chen, the President of Jinhua (see Doc. Nos. 89, 90), which method of service Jinhua, by the instant motion, then challenged. After the motion was filed, however, the Court, pursuant to Rule 4(f)(3), granted Micron leave to serve Jinhua by other means, specifically, service by email sent to Jinhua's United States counsel of record (see Order, filed November 20, 2018), which service was accomplished on November 21, 2018 (see Proof of Service, filed November 21, 2018).

Accordingly, as Jinhua has now been properly served pursuant to Rule 4(f)(3), Jinhua's challenge to Micron's earlier attempt to effectuate service is moot.

**B. Personal Jurisdiction**

Jinhua contends Micron cannot establish the Court's personal jurisdiction over Jinhua.

Personal jurisdiction may be "general" or "specific." See Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). Here, Micron alleges the Court has specific jurisdiction over Jinhua. (See Compl. ¶ 17.) A court has specific jurisdiction over a defendant if "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed [itself] of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is

---

[2]The one exception is personal delivery.

3

reasonable." See Bancroft & Masters, 223 F.3d at 1086.[3]

Micron argues that Jinhua has engaged in three forum-related activities that suffice to support a finding that Jinhua is subject to personal jurisdiction. As set forth below, however, the Court finds Micron has failed to allege sufficient facts to support a finding that any of those activities supports a finding of specific jurisdiction. See Butcher's Union Local No. 498 v. SDC Investment, Inc., 788 F.2d 535, 539-40 (9th Cir. 1986) (holding plaintiff must "allege and eventually prove" facts to support finding of personal jurisdiction; further holding plaintiff, in opposing motion to dismiss for lack of personal jurisdiction, may not rely on factual assertions not pleaded in complaint).

First, Micron argues, and offers evidence it asserts supports a finding, that Jinhua has applied to and obtained from the United States Patent and Trademark Office ("USPTO") patents that are based on Micron's trade secrets. Although a defendant that applies for and obtains a patent from the USPTO is deemed to have "purposefully directed its activities at the United States," see Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1416 (Fed. Cir. 2009), Micron has not based any of its claims on those activities, and, consequently, any such contacts cannot support a finding of specific jurisdiction here, see Butcher's Union Local No. 498, 788 F.2d at 540; see also Bancroft & Masters, 223 F.3d at 1086 (holding "second requirement for personal jurisdiction is that the contacts constituting purposeful availment must be the ones that give rise to the current suit"); see, e.g., American Wave Machines, Inc. v. Surf Lagoons, Inc., 2014 WL 10475281, at *8 (S.D. Cal. November 12, 2014) (holding plaintiff's evidence that defendant obtained patent from USPTO did not support finding of personal jurisdiction where plaintiff's claims did "not arise out of or relate to [defendant's] patent").

---

[3] Micron argues, and the Court agrees, that the relevant forum here is the United States, as Micron has alleged federal claims, specifically, claims under 18 U.S.C. §§ 1836(b), 1962(c), and 1962(d), and Jinhua has not identified a state in which it would be subject to jurisdiction. See Holland America Lina Inc v. Wartsila North America, Inc., 485 F.3d 450, 461-62 (9th Cir. 2007) (holding where plaintiff alleges federal claim and defendant does not identify state in which it would be subject to jurisdiction, court may consider defendant's "contacts with the nation as a whole").

4

Second, Micron argues, and offers evidence it asserts supports a finding, that Jinhua employees, while in California in October 2016, met with "crucial equipment suppliers" from which Jinhua "purchas[ed] equipment to manufacture DRAM technology." (See Micron's Opp. at 7:1, 16:18, 18:13.) Although such activities would appear to constitute purposeful availment of the privilege of doing business in the United States, see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985) (holding defendant who "has created continuing obligations between himself and residents of the forum" has "availed himself of the privilege of conducting business there"), Micron has not based any claim thereon, and, as discussed above, such contacts thus do not support a finding of specific jurisdiction, see Butcher's Union Local No. 498, 788 F.2d at 540; Bancroft & Masters, 223 F.3d at 1086.

Lastly, Micron relies on allegations in its complaint that Jinhua, in June 2016, "posted material on the U.S.-based organization CASPA's website advertising numerous Jinhua job openings in a variety of DRAM positions" and, in October 2016, "sent a travelling delegation to Silicon Valley . . . to recruit additional personnel for the DRAM project" at a "job fair," during which Jinhua stated it would begin "mass production of its first DRAM product beginning only one year later." (See Compl. ¶¶ 35-36.)[4] According to the complaint, said activities were "steps in furtherance of the [above-described] conspiracy" between UMC and Jinhua. (See Compl. ¶ 35.) There is no dispute that a misappropriation claim under § 1836 can be based on "conduct occurring outside the United States" where "an act in furtherance of the offense was committed in the United States," see 18 U.S.C. § 1837,[5] nor has Jinhua disagreed that attempts within the United

---

[4]Additionally, Micron has offered evidence that Jinhua did, in fact, attend and make presentations at the job fair, and that Jinhua also obtained resumes from attendees. (See, e.g., Clark Decl. Exs. 23 {Doc. No. 88}, 26 at 22:2-4 [Doc. No. 95-5], 27 [Doc. No. 75-57].)

[5]As noted, Count I asserts a claim under § 1836. Counts II and III, which assert RICO claims, are based on the alleged violations of § 1836. (See Compl. ¶¶ 64-66, 75-76.)

States to recruit employees for work overseas can constitute purposeful availment. As Jinhua points out, however, the complaint here does not include facts to support a finding that Jinhua's recruitment efforts in the United States were made in furtherance of any act of misappropriation identified in the complaint. Rather, to the extent the complaint makes reference to such recruitment efforts, it includes only general, conclusory allegations as to furtherance (see Compl. ¶¶ 17, 35), which allegations are insufficient to support a finding of personal jurisdiction. See Butcher's Union Local No. 498, 788 F.2d at 540 (finding insufficient "nonspecific conclusory statement" in complaint offered to establish personal jurisdiction; observing "complaint must include something more than mere conclusory statements unsupported by specific facts").[6]

Accordingly, the complaint is subject to dismissal.[7]

## C. Leave to Amend

In its opposition, Micron requests leave to amend to plead additional jurisdictional facts.

A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In the instant case, it appears Micron, at the time it filed its complaint, was not aware of various events it has described in its opposition, in particular, Jinhua's obtaining patents from the USPTO and meeting with and ordering products from suppliers in California. Further, it appears Micron may be able to plead facts to support its conclusory assertion that Jinhua's recruitment efforts in the United States were in furtherance of one or more acts of misappropriation.

Accordingly, Micron's request will be granted.

//

---

[6] In its opposition, Micron argues, in essence, that Jinhua sought to recruit employees in the United States who, if hired, would assist it in producing products that incorporated Micron's trade secrets. The complaint, however, includes no such allegations.

[7] In light of such ruling, the Court does not address herein Jinhua's additional arguments in support of dismissal.

## CONCLUSION

For the reasons stated above, Jinhua's motion to dismiss is hereby GRANTED, and the complaint, to the extent asserted against Jinhua, is hereby DISMISSED.

Micron's request for leave to amend is hereby GRANTED, and Micron shall file any amended complaint no later than February 8, 2019.[8]

**IT IS SO ORDERED.**

Dated: January 18, 2019

MAXINE M. CHESNEY
United States District Judge

---

[8]In so amending, Micron is not limited to adding allegations to support the factual assertions made in its opposition and may add any facts it believes support its claims.

7