Randall E. Kay (State Bar No. 149369)
rekay@jonesday.com
Douglas L. Clark (State Bar No. 279408)
dlclark@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA  92121.3134
Telephone:      +1.858.314.1200
Facsimile:      +1.844.345.3178

Patrick T. Michael (State Bar No. 169745)
pmichael@jonesday.com
Marcus S. Quintanilla (State Bar No. 205994)
mquintanilla@jonesday.com
JONES DAY
555 California Street, Suite 2600
San Francisco, CA 94104.1501
Telephone:      +1.415.626.3939
Facsimile:      +1.415.875.5700

*Attorneys for Plaintiff*
*MICRON TECHNOLOGY, INC.*

Daniel Johnson Jr. (State Bar No. 57409)
Mario Moore (State Bar No. 231644)
Robert G. Litts (State Bar No. 205984)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone:      +1.415.604.4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com
*Attorneys for Defendants*
*UNITED MICROELECTRONICS*
*CORPORATION AND FUJIAN JINHUA*
*INTEGRATED CIRCUIT CO., LTD.*

Lyle B. Vander Schaaf (*pro hac vice*)
Evi Thomae Christou (*pro hac vice*)
Fei Hu (*pro hac vice*)
BRINKS GILSON AND LIONE
1775 Pennsylvania Ave., NW Suite 900
Washington, DC 20006
Telephone:      +1.202.296.6941
Email: lvanderschaaf@brinksgilson.com
          echristou@brinksgilson.com
          fhu@brinksgilson.com
Harold V. Johnson (*pro hac vice*)
Judy Kelly He (*pro hac vice*)
BRINKS GILSON AND LIONE
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Telephone:      +1.312.321.4237
Email: hjohnson@brinksgilson.com
          jhe@brinksgilson.com
*Attorneys for Defendant*
*FUJIAN JINHUA INTEGRATED*
*CIRCUIT CO., LTD.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10,<br><br>Defendants. | **Case No. 3:17-CV-06932-MMC**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          March 15, 2019<br>Time:          10:30 a.m.<br>Courtroom:   7, 19th Floor Federal Building<br><br>Complaint Filed:  December 5, 2017 |

1    Pursuant to Fed. R. Civ. P. 16(b), the Standing Order for All Judges of the Northern

2  District of California, and Civil Local Rule 16-9, Plaintiff Micron Technology, Inc. ("Micron"),

3  Defendant United Microelectronics Corporation ("UMC") and Defendant Fujian Jinhua Integrated

4  Circuit Co. Ltd. ("Jinhua") (collectively, the "parties") hereby submit this Joint Case Management

5  Statement ("CMC Statement").

6  **1.    Jurisdiction and Service**

7    UMC and Jinhua have both been served.  UMC was served with Micron's original

8  complaint on December 25, 2017.  Pursuant to the Court's November 20, 2018 Order (Dkt. 136),

9  Jinhua was served with Micron's original complaint by alternative means (via email to Jinhua's

10  counsel) on November 21, 2018.  The counsel of record for UMC and Jinhua were served by e-

11  mail with the Amended Complaint on February 8, 2019.

12    This Court has subject matter jurisdiction over Micron's federal claims under the Defend

13  Trade Secrets Act and Racketeer Influenced & Corrupt Organization Act pursuant to 28 U.S.C.

14  §§ 1331 (federal question), 18 U.S.C.§ 1836(b) (DTSA claim), and 18 U.S.C. § 1962(c) and (d)

15  (RICO claims).  This Court has subject-matter jurisdiction over Micron's state trade secret claim

16  pursuant to 28 U.S.C. § 1332(a)(2) (diversity) and 28 U.S.C. § 1367(a) (supplemental

17  jurisdiction).

18    Micron maintains that the Court has specific personal jurisdiction over Defendants, *inter*

19  *alia*, because defendants purposefully availed themselves of the benefits of conducting activities

20  in, and have purposefully directed their intentional acts toward, the Northern District of California

21  and the United States, and because Micron's claims in this action relate to those acts and

22  activities.  This Court has specific personal jurisdiction over UMC and Jinhua under Federal

23  Rules of Civil Procedure, including Fed R. Civ. P. 4(k)(2) which contemplates a defendant's

24  contacts with the entire United States.  UMC and Jinhua have committed intentional acts of trade

25  secret misappropriation and/or concrete acts in furtherance of its conspiracy to commit trade

26  secret misappropriation in the United States and in the Northern District of California.  For

27  example, UMC and Jinhua have jointly applied for and obtained numerous U.S. patents that are

28  based on, derived from, contain and disclose Micron's stolen trade secrets.  In addition, UMC and

1  Jinhua sent a delegation of executives to Northern California, in this District for meetings in

2  furtherance of the UMC/Jinhua DRAM Project.  The delegation of UMC and Jinhua executives

3  also visited major semiconductor equipment vendors in Northern California to discuss the

4  UMC/Jinhua DRAM Project in furtherance of the defendants' acts of trade secret

5  misappropriation.

6      UMC disputes that this Court has personal jurisdiction, and its contentions are fully

7  discussed in its motion to dismiss briefing.  UMC has also moved to dismiss on forum non

8  conveniens grounds because Micron's employment agreements require all litigation to be pursued

9  in the Taichung District Court near Micron Memory Taiwan's headquarters in Taiwan.  UMC

10  submits this joint statement without waiver of its personal jurisdiction and forum non conveniens

11  arguments.

12      Jinhua disputes that this Court has personal jurisdiction over Jinhua.  Jinhua also disputes

13  that this Court should entertain this action on forum non conveniens grounds.  Jinhua's

14  contentions will be set forth fully in its motion to dismiss briefing due March 12, 2019.  Jinhua

15  has not taken sufficient affirmative steps in the Northern District of California or the United

16  States to purposefully avail itself of the benefits of conducting activities in, and has not

17  purposefully directed any intentional acts toward, the Northern District of California or the

18  United States, that give rise to this action or that provide the Court with specific personal

19  jurisdiction over Jinhua.  Jinhua has not committed any intentional acts of trade secret

20  misappropriation or concrete acts in furtherance of any conspiracy to commit trade secret

21  misappropriation in the United States or in the Northern District of California.  The action

22  asserted by Micron concerning applying for and obtaining U.S. patents does not give rise to

23  personal jurisdiction because the asserted patents are not based on and are not derived from, nor

24  do they contain and disclose, any allegedly stolen trade secrets of Micron (and it has not so

25  alleged any such misappropriation).  Moreover, the delegation of executives to Northern

26  California and visits to semiconductor equipment vendors in Northern California alleged in

27  Micron's Amended Complaint were not acts in furtherance of any misappropriated trade secrets

28  of Micron and did not involve acts based on or derived from, nor do they involve disclosure of,

JOINT CASE MANAGEMENT STATEMENT

1   any allegedly stolen trade secrets of Micron.  Jinhua submits this joint statement without waiver

2   of its personal jurisdiction and forum non conveniens arguments.

3   **2.     Facts**

4          **Micron's Statement:**

5          This is an action for trade-secret misappropriation and related torts.  Micron is one of the

6   world's leading producers of Dynamic Random Access Memory ("DRAM") chips, and the only

7   DRAM producer in the U.S.  That status has made Micron a target of China's efforts to acquire

8   advanced technologies from the U.S. semiconductor industry[1] and a scheme of foreign

9   commercial espionage that has made international headlines,[2] and drawn the scrutiny of both the

10  U.S. and Taiwanese governments.  Notably, the Defendants' misappropriation scheme is now the

11  subject of both U.S. and Taiwan criminal indictments and, as determined by the Department of

12  Commerce, "poses a significant risk" to the "national security interests of the United States."

13         In January 2016, Taiwan-based UMC entered into an agreement ("Cooperation

14  Agreement") with Jinhua, a state-owned enterprise in the People's Republic of China.  Pursuant

15  to that Cooperation Agreement, UMC committed to develop DRAM technology and transfer that

16  technology to Jinhua for the mass production of DRAM in China (the "UMC/Jinhua DRAM

17  Project").  The *objective*—realize China's plan for domestic manufacturing of semiconductor

18  chips to compete in the global semiconductor market.  The *problem*—technological barriers into

19  the DRAM market are enormous, and neither UMC nor Jinhua had current DRAM experience.

20  The *solution*—steal and use Micron's DRAM technology.

21         Although Micron has only engaged in limited jurisdictional discovery, the evidence of

22  Defendants' outright and massive theft of Micron's most confidential DRAM technology is

23  already staggering:

24  - J.T. Ho—a former Micron engineer hired by UMC—has now admitted under oath to

25     stealing more than 20,000 confidential Micron files.

26  ---

[1] Comm'n on Theft of Am. Intellectual Prop., Update to the IP Commission Report, at 15 (Feb. 2017), *available at* http://ipcommission.org/report/IP_Commission_Report_Update_2017.pdf.

27  [2] New York Times, "Inside a Heist of American Chip Designs, as China Bids for Tech Power" (June 22, 2018), *available at* https://www.nytimes.com/2018/06/22/technology/china-micron-chips-theft.html.

28

- Along with a spreadsheet listing the 20,000+ Micron files found on Mr. Ho's UMC-issued computer, UMC produced additional confidential Micron files in UMC's possession and admitted that another computer containing Micron technical files "disappeared."

- Forensic analysis confirms that Kenny Wang—another former Micron engineer hired by UMC—downloaded over 1,200 confidential Micron files and was repeatedly accessing Micron's Research & Development CAD system, all during his last days at Micron and long after he accepted UMC's job offer to work on the UMC/Jinhua DRAM Project.

- The Indictment Decision of Taiwan Taichung District Prosecutors Office (the "Taiwan Indictment," Ex. 2 to Micron's First Amended Complaint), which names both Mr. Ho and Mr. Wang as defendants, details UMC's theft and use of Micron's trade secrets to gain an unearned and illegal head start in the UMC/Jinhua DRAM Project, as well as UMC's efforts to conceal evidence from Taiwan prosecutors.

- Undeterred, UMC and Jinhua are using Micron's stolen trade secrets to file joint patent applications in the United States that are publishing at an alarming rate ("UMC/Jinhua Patent Filings").  There are now a total of at least *one hundred and seventeen* UMC/Jinhua Patent Filings.  Notably, former Micron employees are named inventors on the vast majority of the filings, including Mr. Ho (on at least twenty) and Mr. Wang (on at least five).

- On October 30, 2018, the U.S. Department of Commerce determined that Jinhua "poses a significant risk of becoming involved in activities that could have a negative impact on the national security interests of the United States" and implemented export controls on Jinhua's ability to receive U.S. technologies.[3]

- Days later, on November 1, 2018, the U.S. Department of Justice (1) announced a criminal indictment against Jinhua, UMC, and three former Micron employees poached by UMC—Ho, Wang and Stephen Chen—and (2) filed a civil injunction action, all based on the theft and use of Micron's trade secrets at issue in this action.  *U.S.A. v United*

---

[3] Export Administration Regulations, 83 Fed. Reg. 54,520 (Oct. 30, 2018) (to be codified at 15 CFR pt. 744) *available at* https://www.gpo.gov/fdsys/pkg/FR-2018-10-30/html/2018-23693.htm.

1    *Microelectronics Corp., et al.*, Case Nos. 3:18-cr-00465 and 5:18-cv-06643 (N.D. Cal.).

2        The misappropriation in this case is undeniable.  Thus, Micron brings this action under the

3    Defend Trade Secrets Act, Civil RICO, and state law to obtain redress against UMC, Jinhua, and

4    others acting in concert with them.

5        **UMC's Statement:**

6        UMC, headquartered in Hsinchu, Taiwan, is one of the world's largest independent

7    semiconductor foundries and is a leader in semiconductor manufacturing process technologies.

8    Its primary business is to provide foundry services for its customers, meaning that UMC operates

9    semiconductor fabrication plants that manufacture, assemble, and test semiconductor devices for

10   its customers in accordance with their designs.  In support of its foundry business, which is one of

11   the oldest and most advanced in the world, UMC is also engaged in significant research and

12   development ("R&D") activities relating to the semiconductor process technologies used by its

13   wafer fabrication facilities.

14       Micron is a Delaware corporation headquartered in Boise, Idaho.  Micron is the third

15   largest DRAM manufacturer, behind market leaders Samsung Electronics Co., Ltd. ("Samsung")

16   and SK Hynix Inc. ("Hynix").  Micron's claims arise from the purported theft, by current or

17   former Taiwanese employees of UMC, of Micron trade secrets from MMT, a Taiwanese

18   subsidiary (although not a wholly-owned subsidiary) of Micron.  MMT is the successor company

19   of a Taiwanese DRAM manufacturer called Rexchip Electronics Corporation ("Rexchip").  In

20   2013, Micron acquired an 89% ownership interest in Rexchip, which it then renamed MMT.

21   After the acquisition, a number of Rexchip employees left the company, some of whom joined

22   UMC.  These individuals who joined UMC left MMT due to dissatisfaction with the direction of

23   MMT under its new ownership.

24       UMC has proceeded with developing its DRAM technology leveraging UMC's highly

25   advanced semiconductor manufacturing process technologies developed for use at its fabrication

26   plants as well as its extensive R&D capabilities at its research facility in Tainan Science Park in

27   Taiwan.  UMC is not using Micron trade secrets or proprietary information in the development of

28   this DRAM technology.

1    Despite Micron's heavy reliance on the unproven allegations set forth in an Indictment

2    Decision of Taiwan Taichung District Prosecutors Office ("Indictment Decision"), Micron has

3    yet to cite any evidence indicating that the documents and other materials allegedly

4    misappropriated – in Taiwan – by the purported co-conspirators are, in fact, trade secrets.  Micron

5    has not yet identified with particularity the trade secrets that were allegedly misappropriated.

6    Because DRAM is a very mature technology, and details regarding its design and manufacture

7    have been in the public knowledge for a long time, it is particularly important for Micron to

8    provide a sufficient identification of its purported trade secrets. Micron has also failed to

9    demonstrate that it has taken reasonable steps to maintain the secrecy of its purported trade

10   secrets.  Furthermore, UMC has specifically avoided attempting to incorporate any Micron

11   technology into its own DRAM technology, instead basing its design on more advanced

12   technologies.

13   UMC has cooperated with Taiwanese authorities in the criminal investigation, and has

14   preserved evidence relevant to that investigation.  By contrast, Micron, despite anticipating

15   litigation in 2016, has fundamentally failed to preserve relevant evidence.  For example, Micron

16   failed to preserve the Micron computers of J.T. Ho, Neil Lee, and Stephen Chen, all of whom are

17   mentioned in Micron's complaint as relevant to Micron's claims, and all of whom are listed in

18   Micron's initial disclosures.  Micron also failed to preserve the server download records, which

19   would show exactly when and where specific individuals at Micron allegedly downloaded Micron

20   documents before leaving Micron.  Micron has also persisted in falsely accusing UMC of failing

21   to preserve evidence, even though UMC did not anticipate litigation by Micron, and much of the

22   evidence potentially relevant to Micron's case was never in UMC's possession, or was

23   impounded by Taiwan authorities such that neither UMC nor Micron has current access to the

24   documents, computers, and memory devices.

25   **Jinhua's Statement:**

26   Jinhua has a principal place of business in Jinjiang City, Quanzhou City, Fujian Province

27   in Mainland China.  Jinhua has dedicated hundreds of millions of dollars to the development of

28   DRAM manufacturing capability and has expended hundreds of millions of dollars in the research

1  and development of DRAM technology.  Jinhua has yet to engage in the commercial manufacture

2  of DRAM semiconductors.

3       Micron has engaged in a press campaign in efforts to "litigate this case in the press" and

4  Jinhua disputes the self-serving allegations that Micron has released to the press.  Jinhua does not

5  accept articles appearing in the press (provided to the press by Micron) as any basis to

6  substantiate or support the allegations that Micron makes in this action in its statements above.

7  Jinhua denies that it was involved in any conspiracy or scheme with UMC to misappropriate trade

8  secrets owned by Micron.  Rather than conspire to misappropriate trade secrets as Micron alleged,

9  Jinhua entered into a legal and appropriate agreement with UMC for UMC to assist Jinhua in

10  developing the capability to manufacture DRAM semiconductor chips.  In entering into this

11  development agreement, Jinhua sought to utilize UMC's leading role in the market as a

12  semiconductor foundry and its experience and know-how with respect to highly advanced

13  semiconductor manufacturing process technologies developed for use at its fabrication plants as

14  well as its extensive R&D capabilities in Taiwan.  Jinhua is not aware of any information being

15  provided to Jinhua from UMC or its employees that comprises trade secrets owned by Micron.

16  Jinhua is not aware of using any alleged Micron trade secrets in its operations or business or in

17  the development of DRAM technology.  Moreover, Jinhua is not aware of any criminal

18  proceedings in Taiwan directed to Jinhua.

19       Jinhua denies that the information Micron alleged comprises trade secrets in fact

20  constitute actual trade secrets.  Rather, the involved DRAM technology is very mature technology

21  and the details regarding the accused DRAM technology involve designs and manufacturing that

22  have been in the public knowledge for a long time.  Moreover, Micron has failed to demonstrate

23  that it and its predecessor Rexchip have consistently taken reasonable steps to maintain the

24  secrecy of the DRAM technology that comprises the purported trade secrets.

25       Jinhua has no direct knowledge of the actions of current or former UMC employees

26  alleged by Micron in its Amended Complaint and therefore adopts and incorporates by reference

27  the UMC Statement above.  Jinhua also adopts and incorporates UMC's statements above

28  concerning Micron's failure to preserve evidence.

1   **3.      Legal Issues**

2          Issues likely to be disputed are: (1) whether Defendants have misappropriated any valid

3   Micron trade secrets in violation of the Defend Trade Secrets Act and the California Uniform

4   Trade Secrets Act; (2) whether any such misappropriation has been willful; (3) whether

5   Defendants' conduct constitutes a violation of the Racketeer Influenced & Corrupt Organization

6   Act; (4) whether an injunction should issue against Defendants arising from their trade secret

7   misappropriation; (5) the amount of damages owed to Micron by Defendants and (6) Micron's

8   recovery of fees and costs.  The Parties reserve the right to raise additional factual or legal issues

9   that may arise during the course of this action.

10          Issues that UMC and Jinhua believes are likely to be disputed are:  (1) whether this court

11   has personal jurisdiction over UMC and/or Jinhua; (2) whether forum non conveniens principals

12   apply such that this action should be terminated in lieu of proceedings more appropriately filed in

13   Taiwan; (3) whether Rexchip and Micron sufficiently protected as trade secrets the technology

14   alleged by Micron to comprise trade secrets; (4) whether the information Micron alleges

15   comprises trade secrets was publicly known and therefore not eligible as trade secrets nor having

16   value as trade secrets; and (5) whether the conspiracy alleged by Micron actually exited or

17   occurred.

18   **4.      Motions**

19          UMC filed a motion to dismiss Micron's complaint for lack of personal jurisdiction.

20   (Dkt. 27).  Following initial briefing by UMC and Micron, the Court ordered jurisdictional

21   discovery and supplemental briefing. (Dkt. 53).  Following supplemental briefing, UMC's motion

22   was denied as moot based on Micron's filing of a First Amended Complaint.  (Dkt. 141).

23          UMC also filed a motion to stay discovery during the pendency of its motion to dismiss.

24   (Dkt. 30)  The Court granted the motion in part, staying discovery normally permitted by Fed. R.

25   Civ. P. 26(b) until resolution of UMC's motion to dismiss.  (Dkt. 47).

26          Jinhua also filed a motion to dismiss Micron's complaint for insufficient service and lack

27   of personal jurisdiction (Dkt. 106).  In addition to opposing Jinhua's motion to dismiss, Micron

28   filed a motion for alternative service on Jinhua.  (Dkt. 117).  The Court granted Micron's motion

1  for alternative service.  (Dkt. 136).  The Court subsequently granted Jinhua's motion to dismiss

2  and granted Micron's request for leave to amend its complaint.  (Dkt. 139).

3      Micron filed its First Amended Complaint on February 8, 2019.  (Dkt. 140, 156, 157).

4      UMC moved to dismiss the First Amended Complaint on February 22, 2019.  (Dkt. 153).

5      Jinhua's response to the First Amended Complaint is due March 12, 2019.  (Dkt. 152).

6      Plaintiff Micron anticipates bringing the following motions: (1) once the jurisdictional

7  issues are decided, the discovery stay is lifted and Micron has conducted limited discovery,

8  Micron may bring a motion for a preliminary injunction; (2) various discovery motions may need

9  to be filed; and (3) Micron anticipates moving for summary judgment on some issues and claims.

10     In addition to the foregoing, Defendant Jinhua anticipates bringing a motion to dismiss for

11  lack of personal jurisdiction and based on grounds of forum non conveniens.  Defendant UMC

12  and Defendant Jinhua anticipate bringing the following motions in the course of these

13  proceedings: (1) motions for summary judgment on some or all of Micron's claims, as well as on

14  damages issues; (2) various discovery motions; and (3) evidentiary motions, including motions

15  for judicial notice of publicly available materials.  UMC has cooperated with the Taiwan police

16  investigation and therefore disputes Micron's characterization that it has destroyed or hidden

17  discovery.  Jinhua has not destroyed or hidden any discovery.

18  **5.    <u>Amendment of Pleadings</u>**

19     **Micron's Statement:**

20     Micron anticipates that amendments may be necessary based on facts to be learned in

21  discovery.  Micron will be able to move to amend only after initial discovery has been obtained

22  and after a reasonable opportunity has been afforded to review the discovery materials.

23     **UMC's Statement:**

24     Because the motion to dismiss is pending, UMC has not yet answered the complaint.

25  Micron should be permitted 30 days after UMC's answer to amend the pleadings.

26     Micron has had the facts relating to alleged downloads of trade secrets and the

27  information from the Taiwan criminal proceedings for over a year.  If additional facts are learned

28  during discovery, Micron can move for leave to amend its complaint in accordance with Federal

1   Rule of Civil Procedure Rule 15.

2   **Jinhua's Statement:**

3   Jinhua will file on March 12, 2019 a motion to dismiss.  During the pendency of that

4   motion, Jinhua does not anticipate answering the complaint.  Jinhua agrees with UMC's

5   Statement above that because Micron has had the facts relating to alleged downloads of trade

6   secrets and the information from the Taiwan criminal proceedings for over a year, if additional

7   facts are learned during discovery, Micron can move for leave to amend its complaint in

8   accordance with Federal Rule of Civil Procedure Rule 15.

9   **6.**     **Evidence Preservation**

10   **Micron's Statement:**

11   Micron has reviewed the Guidelines Relating to the Discovery of Electronically Stored

12   Information ("ESI Guidelines"), and represents that it has taken reasonable and proportionate

13   steps to preserve evidence relevant to the issues reasonably evident in this action, and will

14   continue to meet and confer regarding electronic discovery issues.

15   Micron respectfully submits that it does not appear UMC has taken reasonable and

16   proportionate steps to preserve evidence, despite the fact that the majority of evidence in this

17   case rests within the sole possession of UMC, Jinhua, and their affiliated witnesses.  In

18   particular, the Taiwan indictment reflects that UMC engaged in intentional acts to hide and

19   destroy highly relevant evidence. In order to preserve the evidence, the Defendants must

20   preserve all relevant hardcopy and electronic records including the following:

21   - records comprising or relating to any information or data obtained from Micron, MMT, or
22     any MMT predecessor entity;

23   - records relating to UMC's design and manufacturing of DRAM;

24   - records relating to the relationship between UMC and Jinhua;

25   - records relating to the relationship between UMC, Jinhua and Ultra Memory Inc. of Japan;

26   - records relating to UMC's and/or Jinhua's recruiting in Taiwan and in the United States;

27   - records relating to the establishment, operation, and management of UMC's New
28     Business Development unit;

- records relating to UMC's current and former employees who are also former MMT employees;

- records comprising or relating to discussions and correspondence between UMC (or its employees) and former MMT employees;

- records relating to the involvement of J.T. Ho, Kenny Wang, or any other former MMT employee in Defendants' efforts to design or manufacture DRAM;

- records relating to Defendants' actual or anticipated sales of DRAM; and

- records relating to the Defendants' assets in the United States.

**UMC's Statement:**

Counsel for UMC have reviewed the ESI Guidelines and represent that they have taken reasonable and proportionate steps to preserve evidence to the issues reasonably evident in this action, including electronic data and materials.  UMC issued litigation holds as appropriate. UMC has also preserved relevant materials in connection with the Taiwan criminal investigation. Despite not having anticipated that UMC would ever be sued by Micron in the U.S., UMC's document preservation procedures have been reasonable, proportionate, and extensive. Additionally, much of the evidence formerly in UMC's possession was provided to Taiwan authorities, who have preserved that evidence but not provided UMC with subsequent access. Given that Micron has anticipated litigation since 2016 or earlier, UMC does not believe Micron has appropriately preserved all relevant evidence; in particular, extensive Micron forensic evidence from 2015 and 2016 was destroyed by Micron, including the computers of key individuals listed in Micron's complaint and initial disclosures.  Micron also lost the Micron computer of Kenny Wang for many months.

**Jinhua's Statement:**

Counsel for Jinhua have reviewed the ESI Guidelines and represent that they have taken reasonable and proportionate steps to preserve evidence to the issues reasonably evident in this action, including electronic data and materials.  Jinhua has issued litigation holds as appropriate and is preserving information and materials that may be relevant to the issues in dispute in this proceeding.

**7.**    **Disclosures**

**Micron's Statement:**

On April 20, 2018, Micron provided its initial disclosures pursuant to Fed. R. Civ. P. 26(a).

**UMC's Statement:**

On April 20, 2018, UMC provided its initial disclosures pursuant to Fed. R. Civ. P. 26(a).

**Jinhua's Statement:**

On December 21, 2018, Jinhua provided its initial disclosures pursuant to Fed. R. Civ. P. 26(a).

**8.**    **Discovery**

**(i)**    **Discovery Taken to Date:**  Micron and UMC have engaged in jurisdictional discovery, but merits discovery has not yet commenced.  Micron and UMC also agreed that any jurisdictional discovery depositions would not be counted toward the discovery limits set forth below.

**(ii)**    **Timing, Form, and Requirement for Rule 26(a) Disclosures:**

*See* Sec. 7, *supra.*

**(iii)**    **Anticipated Scope of Discovery:**

**Micron's Statement:**

Micron anticipates discovery on Defendants' misappropriation of Micron's trade secrets, their operation as an enterprise to jointly commit such acts of misappropriation and other racketeering activities, as well as the defendants' defenses.  Such discovery will include requests for production of documents, physical product samples for testing, requests for admissions, interrogatories, fact and expert witness depositions, and third party discovery.

**UMC's Statement:**

UMC currently anticipates seeking discovery on at least the following topics:

- The design, development and operation of DRAM technologies by Rexchip, MMT, and Micron;

- The design, development and operation of DRAM technologies by third parties;
- Micron's delay in bringing this lawsuit;
- Micron's motivations for litigating against UMC, Jinhua and former Rexchip and MMT employees and managers;
- Rexchip, MMT, and Micron's failure to protect the confidentiality of their alleged trade secrets;
- Rexchip, MMT, and Micron's possession of trade secrets from other parties;
- Prior public disclosure of Micron's alleged trade secrets, by either Rexchip, MMT, Micron or third parties who independently developed technology claimed in Micron's alleged trade secrets.
- Public or third-party knowledge of the technology that comprises the alleged trade secrets.

**Jinhua's Statement:**

Jinhua adopts and incorporates UMC's Statement above and currently anticipates seeking discovery on the topics identified above by UMC.

**(iv)     Proposed Limits on Discovery:**  The parties propose modifying the following limits to discovery. The parties have agreed to negotiate in good faith regarding additional limitations or modifications to the discovery rules should any party reasonably believe that a specific need exists at a later date.  Any party may later move the Court to modify these limitations for good cause.

(a)  Each side may serve up to 40 interrogatories.

(b)  Each side may serve up to 50 non-authentication requests for admissions per party, and requests for admissions to establish the authenticity of a document shall be unlimited.

(c)  Each side may take up to 90 hours of total party deposition hours (excluding expert witness depositions), for depositions noticed under either Federal Rule of Civil Procedure 30(b)(1) or 30(b)(6).

Micron proposes that the parties be permitted to use their respective hours of party deposition time without limits on the number of party depositions that may be taken.

UMC and Jinhua propose that, in using their allotted hours for party depositions, each party may take up to 15 party depositions.  UMC and Jinhua also propose that if Micron's proposal that the parties be permitted to use their respective hours of party deposition time without limits on the number of party depositions that may be taken is adopted by the Judge, in no event shall an individual witness be subjected to more than 10.5 hours total of party depositions.

The parties will negotiate in good faith regarding additional deposition time should any party reasonably believe that a specific need for additional time exists.

(d)  A non-translated deposition will not go longer than seven (7) hours per day on the record on any given day, unless agreed to by the party being deposed, who shall not unreasonably withhold consent to allow additional time if needed to fairly examine the deponent and such additional time is no more than sixty (60) minutes.  This seven-hour per day limitation does not mean that a corporate representative who is designated on more than one topic will be limited to seven hours total time for his/her deposition.

(e)  Each side may take up to 50 hours of non-party depositions.

Micron proposes that the parties be permitted to use their respective hours of non-party deposition time without limits on the number of non-party depositions that may be taken.

UMC and Jinhua propose that, in using their allotted hours for non-party depositions, each party may take up to 10 non-party depositions.

(f)  The parties agree that for depositions using an interpreter, time will be measured using a 1.5x multiplier. For example, the 7 hour time limit will be increased to 10.5 hours for depositions with an interpreter, however, the increased amount up to the 10.5 hour limit will be counted against the parties' limitations on depositions.

(g)  Each party/side may depose each opposing party's expert for up to seven (7) hours per report submitted by the opposing party's expert, unless otherwise agreed to by the parties.

**(v)**  __Stipulated E-discovery Order:__ The parties agree that the Northern District's Guidelines for the Discovery of Electronically Stored Information should govern ESI and e-mail discovery.  The parties will meet and confer in an effort to agree on the technical format of

1   document production, the scope of metadata to be produced, and the handling of native-format

2   documents.  The parties do not believe that they need to identify a specific e-discovery liaison at

3   this time.

4        **(vi)**    **Discovery Plan:** The parties intend to pursue discovery by taking depositions and

5   by serving requests for production of documents and things, interrogatories, requests for

6   admission, and third-party subpoenas.

7        **(a)**    **Protective Order:**

8       The Court has entered a Protective Order for this case. (Dkt. 74 and Dkt. 143)

9        **(b)**    **Privilege Logs:**

10       The parties agree there is no need to log privileged documents that were first created after

11   the filing of the Complaint, provided that each party reserves the right to request that the other

12   party log one or more categories of documents created following the filing of the Complaint

13   should a good faith basis arise for such a request.

14   **9.**    **Class Actions:**  Not applicable.

15   **10.**    **Related Cases:**  The following related actions currently exist:

16   - The Taiwan Taichung District Prosecutors Office issued an Indictment Decision against
17     UMC and various former and current UMC employees, Case Nos. 106-Zhen-Tzu No.
18     11035, 4520, 5612 and 5613.

19   - Following the commencement of this action, UMC and Jinhua filed patent infringement
20     cases against Micron affiliates Micron Semiconductor (Xi'an) Co., Ltd. and Micron
21     Semiconductor (Shanghai) Co., Ltd. in the Fuzhou Intermediate People's Court of the
22     People's Republic of China.

23   - The United States Indictment against Jinhua, UMC, J.T. Ho, Kenny Wang and Steven
24     Chen. *U.S.A. v United Microelectronics Corp., et al.*, Case Nos. 3:18-cr-00465 (N.D.
25     Cal.).  This Court has ordered this case is related.  ((Dkt. 135).

26   - The United States complaint for Injunctive Relief against Jinhua, UMC and Steven Chen.
27     *U.S.A. v United Microelectronics Corp., et al.*, Case Nos. 5:18-cv-06643 (N.D. Cal.).  The
28     Court has also ordered this case is related.  (Dkt. 135).

1

**11.    Relief**

2

    **Micron's Statement:**

3

    Micron has been and will be irreparably harmed by Defendants' ongoing trade secret

4

misappropriation, such that monetary damages are insufficient and injunctive relief is necessary.

5

Micron will need to understand the full extent of Defendants' use of Micron's trade secrets.

6

Pending completion of fact and expert discovery in this action, Micron cannot yet fully quantify

7

damages and other monetary relief.  Micron seeks the following relief:

8

    a. Actual damages in an amount to be proven at trial;

9

    b. Restitution, unjust enrichment, and disgorgement of profits from UMC and Jinhua

10

resulting from misappropriation of Micron's trade secrets;

11

    c. Royalties;

12

    d. Exemplary and punitive damages;

13

    e. Treble damages as provided in 18 U.S.C. §§ 1964(c) and 1964(d);

14

    f. Reasonable attorneys' fees and costs;

15

    g. Prejudgment interest; and

16

    h.  Entry of an order that restrains and preliminarily enjoins, and a Final Order that

17

permanently enjoins, UMC, Jinhua, and their agents, servants, employees, attorneys, and all

18

persons acting in active concert or participation with them, from the unauthorized acquisition,

19

disclosure, use, duplication, or distribution of the Micron trade secrets;

20

    i. For such other and further relief as the Court deems just and proper.

21

    **UMC's Statement:**

22

    UMC seeks the following relief:

23

    • Denial of Micron's contemplated preliminary injunction motion;

24

    • Declaratory judgment that Micron's asserted trade secrets are not trade secrets or

25

were not misappropriated by UMC in developing their DRAM technology;

26

    • Micron takes nothing for any of the claims asserted in its Complaint;

27

    • Costs of suit;

28

    • Attorneys' fees and costs; and

JOINT CASE MANAGEMENT STATEMENT

1    • Such other and further relief as the Court may deem to be just and proper.

2    UMC does not see a basis for awarding Micron any damages in this action for the

3    following reasons: (1) the files allegedly downloaded by Mr. Ho and Mr. Wang have not been

4    relied upon by UMC in developing DRAM technology; (2) Micron's asserted trade secrets are not

5    trade secrets; (3) UMC has not used Micron's asserted trade secrets in developing its DRAM

6    technology; and (4) Micron's trade secrets are obsolete technology with little value. In addition,

7    this case is not a "money case" against UMC.  UMC has not sold anything relating to its DRAM

8    technology.

9    Further, Micron faces exposure to an award of attorney's fees if it persists in pursuing

10   meritless claims.

11   **Jinhua's Statement:**

12   Jinhua adopts and incorporates UMC's Statement above and seeks the same relief.  In

13   addition to the declaratory judgment Micron seeks above, Jinhua intends to further seek

14   declaratory judgment that Jinhua did not engage in the conspiracy or scheme alleged by Micron

15   concerning the alleged trade secret misappropriation.  Jinhua further states that, in addition to the

16   basis UMC provides for denying damages in this action, Jinhua adds that the court should deny

17   damages as to Jinhua on the basis that (1) Jinhua did not engage in the conspiracy alleged by

18   Micron; and (2) Jinhua has not used Micron's asserted trade secrets in developing its DRAM

19   technology or production capability.  Jinhua further states that it has not engaged in commercial

20   production of DRAM semiconductors and has not sold anything relating to DRAM technology.

21   **12.    Settlement and ADR**

22   Micron and UMC have complied with ADR Local Rules 3-5 (Dkt. 41) and have filed

23   the required ADR certification documents (Dkt. 31, 34).

24   Jinhua's Statement:

25   Jinhua intends to comply with ADR Local Rules 3-5 and file the required ADR

26   certification documents.

27   **13.    Consent to Magistrate Judge for All Purposes**

28   UMC and Jinhua have not consented to the Magistrate Judge for all purposes.

**14.** **Other References**

      The parties do not believe that this case is suitable for reference to binding arbitration or for reference to the Judicial Panel on Multidistrict Litigation.  This case may be appropriate for referral to a special master for discovery purposes.

**15.** **Narrowing of Issues**

      The parties do not believe that there are issues that can be narrowed at this time.

**16.** **Expedited Trial Procedure**

      The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.** **Scheduling**

      The parties' respective proposed schedules, including competing proposed dates, are set forth below.  Should the Court permit amendments to the pleadings, amendments to the following proposed schedule may be appropriate, and the parties will meet and confer in good faith regarding such amendments to the schedule.

| Event/Authority | Micron's Proposed Date | UMC's and Jinhua's Proposed Date |
|---|---|---|
| Last Day to Amend the Pleadings | Oct. 4, 2019 (Fri.) | Without leave of the Court, no additional causes of action or defenses may be asserted more than thirty (30) days after UMC's answer has been served. Thereafter, the parties will act in accordance with Federal Rule of Civil Procedure 15. |
| Fact Discovery Completed | Nov. 1, 2019 (Fri.) | 320 days after final decision on UMC's motion to dismiss. |
| Initial Expert Reports Exchanged on Matters on Which Party Bears Burden of Proof | Nov. 22, 2019 (Fri.) | 360 days after final decision on UMC's motion to dismiss. |
| Responsive Expert Reports Exchanged | Dec. 20, 2019 (Fri.) | 390 days after final decision on UMC's motion to dismiss. |
| Expert Discovery Completed | Jan. 31, 2020 (Fri.) | 420 days after final decision on UMC's motion to dismiss. |
| Last Day to File Dispositive and Daubert Motions | Feb. 28, 2020 (Fri.) | 450 days after final decision on UMC's motion to dismiss. |

| Event/Authority | Micron's Proposed Date | UMC's and Jinhua's Proposed Date |
|---|---|---|
| Dispositive Motions Hearing | April 3, 2020 (Fri.) | 480 days after final decision on motion to dismiss. |
| Pretrial Conference | July 13, 2020 (Mon.) | 540 days after final decision on motion to dismiss. |
| Trial | July 27, 2020 (Mon.) | 560 days after final decision on motion to dismiss. |

**18.    Trial**

A jury demand has been made by all parties.  Micron estimates that the expected length of trial is 12 court days, with trial time to be split equally between the two sides.  UMC and Jinhua estimate that the expected length of trial is 5-10 court days.

**19.    Disclosure of Non-Party Interested Entities or Persons**

**Micron's Statement:**

Micron filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15.  (Dkt. 8).  In addition, no parties other than Micron and certain of its wholly owned subsidiaries (which are not publicly traded) are known to have either (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or, (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**UMC's Statement:**

UMC filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15.  (Dkt. 50).

**Jinhua's Statement:**

Jinhua filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15.  (Dkt. 105).

**20.    Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

1

**21.**   **Other Matters**

2

   The parties are not presently aware of any other matters at this time conducive to the just,

3

speedy, and inexpensive resolution of this matter.

4

Dated:  March 8, 2019                                                Respectfully submitted,

5

6

By:  *s/ Randall E. Kay*
                                                                                Randall E. Kay

7

**JONES DAY**

8

Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500

9

San Diego, CA  92121.3134
Telephone:     +1.858.314.1200

10

Facsimile:     +1.844.345.3178

11

Patrick T. Michael (SBN 169745)
pmichael@jonesday.com

12

Marcus S. Quintanilla (SBN 205994)
mquintanilla@jonesday.com

13

555 California Street, Suite 2600
San Francisco, CA 94104.1501

14

Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700

15

16

*Attorneys for Plaintiff*
*MICRON TECHNOLOGY, INC.*

17

DAN JOHNSON LAW GROUP, LLP

18

By:     *s/ Daniel Johnson Jr.*
                                                                                Daniel Johnson, Jr.

19

20

Daniel Johnson Jr. (Bar No. 57409)
Mario Moore (Bar No. 231644)
Robert G. Litts (Bar No. 205984)

21

DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321

22

South San Francisco, CA 94080
Telephone:     +1.415.604.4500

23

dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com

24

robert@danjohnsonlawgroup.com

25

*Attorneys for Defendants*
*UNITED MICROELECTRONICS*

26

*CORPORATION AND FUJIAN JINHUA*
*INTEGRATED CIRCUIT CO., LTD.*

27

28

BRINKS GILSON AND LIONE

By:     *s/ Lyle B. Vander Schaaf*
        Lyle B. Vander Schaaf

Lyle B. Vander Schaaf (*pro hac vice*)
Evi Thomae Christou (*pro hac vice*)
Fei Hu (*pro hac vice*)
BRINKS GILSON AND LIONE
1775 Pennsylvania Ave., NW Suite 900
Washington, DC 20006
Telephone:     +1.202.296.6941
Email: lvanderschaaf@brinksgilson.com
       echristou@brinksgilson.com
       fhu@brinksgilson.com

Harold V. Johnson (*pro hac vice*)
Judy Kelly He (*pro hac vice*)
BRINKS GILSON AND LIONE
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Telephone:     +1.312.321.4237
Email: hjohnson@brinksgilson.com
       jhe@brinksgilson.com

*Attorneys for Defendant*
*FUJIAN JINHUA INTEGRATED CIRCUIT*
*CO., LTD.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5.1, of the United States District Court of the Northern District of California, I certify that authorization for the filing of this document has been obtained from the other signatory shown above and that said signatory has authorized placement of his electronic signature on this document.

Dated:  March 8, 2019

*s/ Randall E. Kay*

Randall E. Kay
rekay@jonesday.com

JOINT CASE MANAGEMENT STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 8, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Executed on March 8, 2019, at San Diego, California.

<u>*s/ Randall E. Kay*</u>
Randall E. Kay
rekay@jonesday.com

24

JOINT CASE MANAGEMENT STATEMENT