Randall E. Kay (State Bar No. 149369)
rekay@jonesday.com
Douglas L. Clark (State Bar No. 279408)
dlclark@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA  92121.3134
Telephone:    +1.858.314.1200
Facsimile:    +1.844.345.3178

Patrick T. Michael (State Bar No. 169745)
pmichael@jonesday.com
Marcus S. Quintanilla (State Bar No. 205994)
mquintanilla@jonesday.com
JONES DAY
555 California Street, Suite 2600
San Francisco, CA 94104.1501
Telephone:    +1.415.626.3939
Facsimile:    +1.415.875.5700

Attorneys for Plaintiff
MICRON TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10,<br><br>Defendants. | Case No. 3:17-CV-06932-MMC<br><br>**PLAINTIFF MICRON TECHNOLOGY, INC.'S OBJECTION TO REPLY EVIDENCE OF DEFENDANT UNITED MICROELECTRONICS CORPORATION REGARDING MOTION TO DISMISS**<br><br>Judge:              Hon. Maxine M. Chesney<br>Courtroom:      7 – 19th Floor<br>Hearing date:   March 29, 2019<br>Hearing time:   9:00 A.M. |

1   Pursuant to the Northern District of California Civil Local Rule ("L.R.") 7-3(d)(1),
2   Plaintiff Micron Technology, Inc. ("Micron") makes the following objections to evidence and
3   arguments presented in Defendant United Microelectronics Corporation's ("UMC") Reply to
4   Micron's Opposition to Motion to Dismiss ("Reply") (Dkt. 172-3).

**I.   UMC Improperly Introduced New Evidence and Material in Its Reply**

UMC violated the basic rule of law that a party may not introduce new evidence or arguments in its reply brief.  *See United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993) (A "party may not make new arguments in the reply brief."); *Zamani v. Carnes*, 491 F. 3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (district court may not consider new evidence in reply brief without giving the non-movant an opportunity to respond).  A "court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief."  *Wallace v. Countrywide Home Loans, Inc.*, No. SACV 08-1463 AG (MLGx), 2009 WL 4349534 at *7 (C.D. Cal. Nov. 23, 2009) (*citing Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence in a reply brief)).

Here, UMC filed a Reply that was replete with new evidence, all of which could have been included in its opening brief, if at all.  Specifically, Micron objects to consideration of the following matter UMC improperly submitted in its Reply:

1. Declaration of John Berg;
2. The 22 exhibits attached to the Declaration of Robert G. Litts (and referenced by the Berg Declaration); and
3. UMC's evidence and argument at page 13, line 12 through page 15, line 25 of its Reply brief which contains new and previously unasserted matter applying the reasonableness factors regarding personal jurisdiction, an issue on which UMC had the burden in its opening brief.

Under L.R. 7-3(d)(1), which is titled "Objection to Reply Evidence," "[i]f new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply

Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion. The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed." The Local Rules "recognize the potential inequities that might flow from the injection of new matter at the last round of briefing." *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018). Here, Micron objects to the new evidence and arguments that UMC raised for the first time in its Reply, and hereby requests that the Court strike or ignore such new evidence.

## II. Specific Objections

### A. Micron Objects to UMC's Reply Expert Declaration of John Berg and Accompanying 22 New Exhibits.

In its Reply, UMC filed a 53-page declaration of John Berg ("Berg Declaration") (Dkt. 172-36).[1] The Berg Declaration references 22 exhibits, constituting more than 400 pages of new material, all attached to the Declaration of Robert G. Litts. (Dkts. 172-11 to 172-34). The Berg Declaration's sole purpose—in Mr. Berg's own words—was to "provide expert opinion testimony to the Court regarding the contention of Micron Technology, Inc. ('Micron') and its expert, David Liu, Ph.D., that [certain] patents and published patent applications which are assigned to [UMC and Jinhua] were 'based on' or 'derived from' Micron trade secrets." (Dkt. 172-36 at 2:5-10.) The Berg Declaration should be stricken because it seeks to address matter set forth in Micron's First Amended Complaint ("FAC") which was known to UMC at the time UMC filed its motion.

First, the Micron allegations Mr. Berg seeks to address were pled in detail in Micron's First Amended Complaint ("FAC"), which could have (and should have) been raised with UMC's opening brief, if at all. In fact, UMC's opening brief referenced the fact that Micron's FAC at paragraph 95 states: "'UMC/Jinhua Patent Filings are based on or derived from Micron's trade secrets.'" (*See* Dkt. 153-3, 153-4 at 19:27-28.) The apparent purpose of Mr. Berg's Declaration was to contradict this exact statement from paragraph 95 of Micron's FAC. (*See* Dkt. 172-36 at

---

[1] UMC retained Mr. Berg for this matter over seven months ago per UMC's notice under the protective order in this case.

2:5-10.) After seeing Micron's opposition, UMC's reply improperly introduces entirely new evidence on an entirely new argument that Micron's asserted trade secrets were not trade secrets at all. Micron never raised this issue in its opposition. In order to advance this new argument, UMC filed a 53-page declaration from an expert who had not previously provided a declaration supporting UMC's motion along with 22 new exhibits totaling over 400 pages of material.

Second, the contentions of Micron's expert Dr. Liu, to which Mr. Berg refers, came from declarations filed for two different oppositions to prior motions to dismiss filed on August 12, 2018, and October 15, 2018. In these two former declarations, Dr. Liu analyzed patents filed by UMC and Jinhua and compared those patents to known Micron documents containing trade secrets in UMC's possession. These two declarations from five to seven months ago were the only times Dr. Liu has opined as to the use of Micron's documents in the UMC/Jinhua Patent Filings. To the extent that Mr. Berg was providing testimony in rebuttal to Dr. Liu's declarations—as Mr. Berg states he is doing—those Dr. Liu opinions were known to UMC between five to seven months ago, and UMC should have included those arguments in its opening brief if at all.

Bottom line, the contentions to which Mr. Berg was responding came from Micron's FAC and Dr. Liu's prior declarations—long before UMC filed its current motion to dismiss. For that reason, UMC has no justifiable excuse to have waited until its Reply to introduce Mr. Berg's declaration. Micron further objects to the Berg Declaration under Federal Rules of Evidence 402 and 403 as it should not impact the Court's decision on personal jurisdiction. This new evidence addresses the task of defining protectable trade secrets as opposed to personal jurisdiction. Regardless, the law is clear on this, the Court should strike or ignore the Berg Declaration (Dkt. 172-36) and Exhibits 1-22 (Dkts. 172-11 to 172-34). *See Iconix*, 457 F. Supp. 2d at 976.

### B.   Micron Objects to UMC Introducing Evidence as to Reasonableness of Jurisdiction for the First Time in Its Reply.

Despite having the burden to show that jurisdiction was not reasonable, UMC did not address any of the relevant factors in its opening brief, but instead raised them impermissibly in its Reply. Courts have recognized this exact situation, rejecting such new evidence. *See, e.g.*,

*Cray Inc. v. Raytheon Co.*, 179 F. Supp. 3d 977, 989 (W.D. Wash. 2016) ("Raytheon fails to address any other reasonableness factors in its opening brief, and the court does not consider arguments raised for the first time in Raytheon's reply brief.") (citing *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).)  In UMC's opening brief, it properly laid out the Ninth Circuit's three-prong test for specific jurisdiction, of which the third prong was that the jurisdiction "must be reasonable." (Dkts. 153-3, 153-4 at 9:10.)  UMC acknowledged in its opening brief that the burden to prove this third prong falls on UMC. (*Id.* at 9:14-17.)  Yet UMC failed to discuss the reasonableness factors in its opening brief, improperly waiting instead until its Reply to address these factors. *See* Dkt. 172-3 at 13:12-15:25.  In UMC's Reply, UMC raises new material and arguments in analyzing the seven reasonableness factors, introducing several new cases and facts not found—or even alluded to—in its opening brief.  Since this matter was not raised in UMC's opening brief, Micron did not address these seven factors.  Micron requests that the Court strike UMC's arguments related to reasonableness of jurisdiction (Dkt. 172-3 at 13:12-15:25). *Cox*, 7 F.3d at 1463; *Cray*, 179 F. Supp. 3d at 989.

### III.    Conclusion

UMC has no justification to have waited until its reply brief to submit the Berg Declaration, the accompanying 22 exhibits to the Berg Declaration, or the material on the issue of reasonableness of jurisdiction.  Micron objects to UMC's submission of this matter with its Reply brief under L.R. 7-3(d)(1) and governing case law.  To avoid undue prejudice to Micron, the Court should strike or ignore such new evidence and material.

Dated: March 22, 2019

JONES DAY

By:   *s/ Douglas L. Clark*
　　　Douglas L. Clark

Attorneys for Plaintiff
MICRON TECHNOLOGY, INC.

NAI-1506781502