1  Daniel Johnson Jr. (Bar No. 57409)
   Mario Moore (Bar No. 231644)
2  Robert G. Litts (Bar No. 205984)
   DAN JOHNSON LAW GROUP, LLP
3  400 Oyster Point Blvd., Suite 321
   South San Francisco, CA 94080
4  Telephone: (415) 604-4500
   dan@danjohnsonlawgroup.com
5  mario@danjohnsonlawgroup.com
   robert@danjohnsonlawgroup.com
6
7  Attorneys for Defendant
   UNITED MICROELECTRONICS CORPORATION
8
9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10,<br><br>Defendants. | Case No. 3:17-CV-06932-MMC<br><br>DEFENDANT UNITED MICROELECTRONICS CORPORATION'S RESPONSE TO MICRON'S OBJECTIONS TO EVIDENCE AND ARGUMENT SUBMITTED IN REPLY IN SUPPORT OF MOTION TO DISMISS<br><br>Judge:        Hon. Maxine M. Chesney<br>Courtroom:    7 – 19th Floor<br>Hearing date: March 29, 2019<br>Hearing time: 9:00 A.M.<br><br>FAC Filed:    February 8, 2019 |

Defendant United Microelectronics Corporation ("UMC") submits this response to Micron's Objections to Evidence Submitted in UMC's Reply in support of UMC's Motion to Dismiss filed on February 22, 2019 (ECF No. 183). At the March 15, 2019 Case Management Conference, Micron claimed that UMC was using stolen Micron trade secret technology to file for over a hundred patents in the United States Patent and Trademark Office. This alleged wholesale theft was Micron's primary argument for why this Court should take jurisdiction over a purely Taiwanese trade secret dispute. Micron conveniently ignored the fact that its First Amended Complaint ("FAC") did not define its purported trade secrets, instead merely describing broad categories within which its purported trade secrets fall. ECF No. 140-4, ¶ 73. There is simply no

- 2 -

way to surmise what Micron contends to be trade secrets from the broad categories listed in the FAC. Micron's first attempt in connection with its FAC, filed on February 8, 2019, to identify or define its trade secrets was in the March 8, 2019 declaration of Dr. Liu, which was attached only to Micron's opposition to UMC's motion to dismiss; no declaration from Dr. Liu was attached to the FAC. Even this attempt by Micron to identify and define its trade secrets was deficient, as Dr. Liu's March 8, 2019 declaration never uses the term "trade secret," instead alleging that UMC's patents and patent applications are "based on" or "derived from" "Micron's Confidential DRAM Technology." Despite these omissions, Micron nonetheless repeatedly referred to the information disclosed by Liu in its March 8, 2019 opposition brief and in open court on March 15, 2019 as its trade secrets. UMC responded to Micron's freshly minted arguments by filing the expert declaration of John Berg who stated under oath that the confidential information cited by Liu did not contain any trade secrets but instead was information that was publicly available using commercially reasonable methods such as reverse engineering, and identified numerous non-Micron documents disclosing the same recipes and structures Micron claims are its secrets.

Aware that its meritless trade secret case has been exposed, Micron objects to the Berg and Litts Declarations on the grounds that they contain new materials not included in the opening brief. The Berg Declaration was not in the UMC opening brief because Micron's FAC never identified with any specificity what the alleged trade secrets were. UMC's opening brief in support of its motion to dismiss focused on Micron's pleadings in its FAC, which made certain allegations concerning UMC's patent portfolio but did not attach any expert declaration or other evidence to support the allegations in the complaint. Micron then filed an opposition to UMC's motion to dismiss which attached a declaration of Micron's technical expert David Liu and incorporated his two prior declarations that have since been mooted by the Court's prior orders. ECF No. 162-4 at 6; 162-5. None of those Liu Declarations, including the two filed in 2018, are referred to in Micron's FAC. Micron's opposition was the first time Micron put those declarations at issue with regard to Micron's FAC, and specifically argued that UMC's patent applications were "based on Micron's" trade secrets. ECF No. 162-4 at 9, 11. In the declarations referred to in Micron's opposition briefing, Micron submitted expert testimony that UMC's patent applications disclosed

1    or used Micron trade secrets. Because Micron's opposition included this new matter, UMC was
2    allowed to respond to the allegations of Micron's opposition and supporting declarations of David
3    Liu. *Stewart-Patterson v. Celebrity Cruises,* No. 12-20902-CIV-COHN/SELTZER, 2012 U.S.
4    Dist. LEXIS 170403, at *3 (S.D. Fla. Nov. 30, 2012) ("[N]othing in the extant authorities, or in
5    the Federal Rules of Civil Procedure, forbids a movant from making supplemental record
6    submissions in a reply brief to rebut specific arguments raised by the non-movant's opposition
7    brief."); *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 635, 636 (D. Kan. 2005) ("filing of an
8    affidavit with a reply is appropriate when the affidavit addresses matters raised in the opposition
9    brief"), citing *Kershner v. Norton*, No. Civ. A. 02-1887 (RMU), 2003 WL 21960605, at *1
10   (W.D.N.C. Aug. 14, 2003); *Haugen v. Burlington N. and Santa Fe Ry. Co*., No. C00-1980C, 2001
11   WL 1852331, at *6 (W.D. Wash. Nov. 27, 2001); *McGinnis v. Southeast Anesthesia Assocs*., 161
12   F.R.D. 41, 42 (W.D.N.C. 1995). In particular, the Berg Declaration (ECF No. 172-36) and Litts
13   Declaration Exhibits (ECF Nos. 172-11 to 172-34) refuted the Liu Declaration by reciting, in
14   exhaustive detail, evidence that the examples of alleged Micron trade secrets asserted by Micron
15   as being found in UMC's patent disclosures were in reality features and techniques well known
16   from publicly available materials accessible to anyone in the DRAM industry. In short, the
17   declarations contradict Micron's opposition brief arguments and supporting evidence, which were
18   much more detailed than what Micron pled in its FAC. UMC's inclusion of this contrary evidence
19   in reply therefore did not introduce any new factual matter beyond the scope of what was raised in
20   Micron's opposition and supporting evidence.
21           Second, Micron's assertion regarding UMC's evidence and arguments at page 13, line 12
22   to page 15, line 25 ignores that virtually the same arguments were presented to the Court over a
23   year ago when the personal jurisdiction issues were briefed on March 8, 2018. ECF No. 44 at 10-
24   14. There is therefore nothing new in these arguments, which were before the Court when the April
25   23, 2018 Order (ECF No. 53) issued finding that Micron had failed to establish a prima facie case
26   for jurisdiction. The facts originally briefed in March 2018 have not changed with respect to the
27   Taiwan-centric nature of the facts, witnesses, and evidence at issue in this matter. UMC's
28   reiteration of those points already before the Court is permissible.

## Conclusion

Desperate to have this Court retain jurisdiction over a purely Taiwanese dispute, Micron made the strategic decision to identify its trade secrets and then claim the secrets were used by UMC to apply for patents in the United States. That decision has consequences. UMC is allowed, at this stage to prove that its patent applications do not contain any Micron trade secret information, precisely because Micron has made it an issue. The proper remedy is not a motion to strike the evidence, but an evidentiary hearing before this Court before the motion to dismiss is decided if the Court prefers to hear testimony. Otherwise the declarations are properly before the Court and justify the granting of UMC's motion.

- 5 -

| | | |
|---|---|---|
| 1 | DATED: March 25, 2019 | Respectfully submitted, |
| 2 | | |
| 3 | | By   */s/ Daniel Johnson Jr.* |
| 4 | | Daniel Johnson Jr. |
| 5 | | *Attorney for Defendant*<br>UNITED MICROELECTRONICS |
| 6 | | CORPORATION |