Daniel Johnson Jr. (Bar No. 57409)
Mario Moore (Bar No. 231644)
Robert G. Litts (Bar No. 205984)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone: (415) 604-4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com

*Attorneys for Defendant*
United Microelectronics Corporation

Lyle B. Vander Schaaf (DC Bar No. 422380)
Evi T. Christou (DC Bar No. 1600066)
Fei Hu (DC Bar No. 1016150)
BRINKS GILSON & LIONE
1775 Pennsylvania Ave, NW, Suite 900
Washington, DC 20006
Telephone: (202) 296-8700
lvanderschaaf@brinksgilson.com
echristou@brinksgilson.com
fhu@brinksgilson.com
Appearance *pro hac vice*

Harold V. Johnson (IL Bar No. 6188149)
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Telephone: (312) 321-4200
hjohnson@brinksgilson.com
Appearance *pro hac vice*

*Attorneys for Defendant*
Fujian Jinhua Integrated Circuit Co., Ltd.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10,<br><br>Defendants. | Case No. 3:17-CV-06932-MMC<br><br>NOTICE OF MOTION AND MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Judge:        Hon. Maxine M. Chesney<br>Courtroom:  7 – 19th Floor<br>Hearing date:  June 21, 2019<br>Hearing time:  9:00 a.m.<br><br>FAC Filed:     February 8, 2019 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 21, 2019, at 9:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 7 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, Defendants United Microelectronics Corporation ("UMC") and Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua") (collectively "Defendants") will and hereby do move this Court for an order staying this civil action as against Defendants pending resolution of the indictment and attendant criminal proceeding at United States v. United Microelectronics Corporation, et al., CR 18-465-LHK-SVK (N.D. Cal.).

This Motion is made on the grounds that a stay of this civil action is necessary to protect the Fifth Amendment rights of the as yet unidentified "Does 1-10," UMC's employees Stephen Chen, J.T. Ho, and Kenny Wang as well as in the interests of justice with respect to UMC and Jinhua as Defendant Entities in the above-referenced criminal proceeding, which arises from the same underlying facts as this civil action.

This motion is based on this Notice of Motion and accompanying Memorandum of Points and Authorities, the declaration of Mario Moore filed herewith, all pleadings and papers filed herein, and any argument of counsel or other matter as the Court may allow.

Respectfully submitted,

Dated: May 23, 2019

DAN JOHNSON LAW GROUP LLP

 /s/ Daniel Johnson Jr.
Daniel Johnson Jr.

*Attorneys for Defendant*
UNITED MICROELECTRONICS CORPORATION

- iii -

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: May 23, 2019 | BRINKS GILSON & LIONE |
| 3 | | |
| 4 | | /s/ Lyle B. Vander Schaaf<br>Lyle B. Vander Schaaf |
| 5 | | *Attorneys for Defendant* |
| 6 | | FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD. |

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. STATEMENT OF FACTS ............................................................................................1

    A. The Timing of This Motion Within the Context of the Government's Indictment and the Instant Case ............................................................................2

    B. The Nexus of Facts Alleged as the Basis for Micron's Claims in the Instant Case ..................................................................................................................3

    C. The Precise Same Set of Facts as Alleged by the Government in Its Indictment .............................................................................................................3

    D. The Government Agrees That the Facts Are the Same and Did Not Object to a Request That Its Own Civil Case Be Stayed .................................................4

III. LEGAL STANDARD ....................................................................................................5

IV. ARGUMENT .................................................................................................................5

    A. Fifth Amendment Rights of Chen, Ho, and Wang as well as the Directors and Officers of UMC and Jinhua Are Extensively Implicated and Weigh Heavily In Favor of a Stay ...................................................................................5

        1. The Fifth Amendment rights of the witnesses and defendants are directly implicated ......................................................................................6

        2. The implicated Fifth Amendment rights extend to nearly the entire case and will have extensive impact ............................................................7

    B. Micron's Interest and Prejudice of a Delay ..........................................................9

    C. Convenience of Court and Efficient Use of Judicial Resources .........................10

    D. Interests of Third Parties and the Public .............................................................11

V. CONCLUSION ............................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Acacia Corp. Mgmt., LLC v. United States*,
2009 U.S. Dist. LEXIS 49484 (E.D. Cal. May 28, 2009)...................................................... 9

*Bureerong v. Uvawas*,
167 F.R.D. 83 (C.D. Cal. 1996)............................................................................................ 9

*Continental Ins. Co. v. Cota*,
2008 WL 4298372 (N.D. Cal. Sept. 19, 2008)..................................................................... 1

*Douglas v. United States*,
2006 WL 2038375 (N.D. Cal. July 17, 2006).................................................................... 11

*eBay, Inc v. Dig. Point Sols., Inc.*
2010 U.S. Dist. LEXIS 23253 (N.D. Cal. Feb. 25, 2010).................................................... 8

*Fed. Ins. Co. v. Laney,*
2013 U.S. Dist. LEXIS 21250 (N.D. Cal. Feb. 14, 2013).................................................... 8

*Fuller v. Amerigas Propane, Inc.,*
2009 U.S. Dist. LEXIS 71413 (N.D. Cal. Aug. 3, 2009)..................................................... 5

*Javier H. v. Garcia-Botello*,
218 F.R.D. 72, 75 (W.D.N.Y 2003)................................................................................... 11

*Jones v. Conte*,
2005 WL 1287017 (N.D. Cal. Apr. 19, 2005)........................................................ 1, 5, 6, 11

*Keating v. Office of Thrift Supervision,*
45 F.3d 322 (9th Cir. 1995).................................................................................................. 5

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)............................................................................................................. 5

*McCormick v. Rexroth*,
2010 U.S. Dist. LEXIS 35783 (N.D. Cal. Mar. 15, 2010)................................................ 1, 9

*Medina v. Argent Mortg. Co.*,
2006 U.S. Dist. LEXIS 30582 (N.D. Cal. May 11, 2006)................................................. 10

*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997)..................................................................................... 5

*Rodriguez v. Summit Mortg. Realty, Inc.*,
2007 U.S. Dist. LEXIS 53179 (N.D. Cal. July 11, 2007).................................................. 11

*S.E.C. v. Nicholas*,
569 F. Supp. 2d 1065 (C.D. Cal. 2008)................................................................................ 9

*Sec. & Exch. Comm'n v. Dresser Indus., Inc.*,
628 F.2d 1368 (D.C. Cir. 1980)........................................................................................... 5

*Souza v. Schiltgen*,
1996 WL 241824 (N.D. Cal. May 6, 1996) .................................................................. 9

*Square 1 Bank v. Lo*,
2014 WL 7206874 (N.D. Cal. Dec. 17, 2014) ............................................................ 6, 8

*Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Financial, Inc.*,
2009 U.S. Dist. LEXIS 60849 (E.D. Cal. Jul. 15, 2009) ................................... 6, 7, 9, 10

*United States v. Booth*,
2010 U.S. Dist. LEXIS 9123 (E.D. Cal. Jan. 19, 2010) .............................................. 8

*Volmar. Distribs., Inc. v. N.Y. Post Co.*,
152 F.R.D. 36, 42 (1993) ............................................................................................ 10

*Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*,
7 F. Supp. 2d 523 (D.N.J. 1998) ................................................................................ 7

*Wroth v. City of Rohnert Park*,
2018 WL 888466 (N.D. Cal. Feb. 14, 2018) .............................................................. 10

STATUTES

18 U.S.C. § 1831 ................................................................................................................ 2

18 U.S.C. § 1832 ................................................................................................................ 2

18 U.S.C. § 1836 ............................................................................................................. 2, 3

18 U.S.C. § 1839 ............................................................................................................. 2, 3

18 U.S.C. § 1962 ................................................................................................................ 2

15 C.F.R. pt. 744, Supp. No. 4 ......................................................................................... 9

19 C.F.R. § 744.16(a) ....................................................................................................... 9

Cal. Civ. Code § 3426 ...................................................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On May 2, 2019, this Court entered its Order denying United Microelectronics Corporation's ("UMC") Motion to Dismiss and granting in part and denying in part Jinhua's Fujian Integrated Circuit Co., Ltd.'s ("Jinhua") Motion to Dismiss ("Order"). (*See* ECF No. 199). The Court also ordered Micron to file a Second Amended Complaint ("SAC") no later than May 24, 2019 if it wished to amend. With this Order, certain allegations in plaintiff Micron Technology, Inc.'s ("Micron") First Amended Complaint ("FAC") will proceed, and UMC, Jinhua, and the alleged "Co-Conspirators" Stephen Chen ("Chen"), J.T. Ho ("Ho"), and Kenny Wang ("Wang" or "KW") will be required to give testimony and produce evidence in order to defend against them.

But as the Court itself noted, the United States has indicted UMC, Jinhua, Chen, Ho and Wang on multiple criminal counts "arising from the same factual allegations as those asserted in the instant civil action." (*See* Order at 13, citing *United States v. United Microelectronics Corp. et al*, CR 18-465 MMC ("Indictment")). Now that the instant case will be proceeding, these Defendants and alleged "Co-conspirators" are in the impossible position of both protecting their Fifth Amendment rights in the face of the United States' Indictment *and* mounting a civil defense to the non-dismissed claims in the FAC (and possibly a Second Amended Complaint) over *the same operative facts*. This situation presents "the strongest case for deferring civil proceedings until after the completion of the criminal proceedings," and the Defendants respectfully ask for a stay in light of it. *See Jones v. Conte*, No. C 04-5312 SI, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005); *McCormick v. Rexroth*, No. C 09-4188, 2010 WL 934242, at *2 (N.D. Cal. Mar. 15, 2010) (granting stay of civil proceedings pending resolution of related criminal case where "factual issues in the two cases are essentially the same"); *Continental Ins. Co. v. Cota*, Nos. 08-2052 SC, 07-5800 SC, 07-6045 SC, 07-5926 SC, 08-2268 SC, 2008 WL 4298372. at *2 (N.D. Cal. Sept. 19, 2008) (granting stay of civil action where "civil actions and the criminal action spring from the same nucleus of facts").

## II. STATEMENT OF FACTS

### A. The Timing of This Motion Within the Context of the Government's Indictment and the Instant Case

On December 15, 2017, Micron filed a Complaint seeking injunctive relief and damages against UMC, Jinhua, and unnamed "Does 1-10" ("Complaint") for claims under 18 U.S.C. §§ 1836 and 1839 (Defend Trade Secrets Act); 18 U.S.C. §§ 1962(c) and 1962(d) (Civil RICO); and Cal. Civ. Code § 3426 (California Uniform Trade Secrets Act). (*See* ECF No. 1). In this Complaint, Micron also named Chen, Ho, and Wang as "Co-Conspirators." (*Id.* at 4, 5). UMC Filed a Motion to Dismiss for Lack of Personal Jurisdiction on February 15, 2018 (*See* ECF No. 27) and Jinhua filed a Motion to Dismiss the Complaint for Insufficient Service of Process and Lack of Jurisdiction on October 2, 2018 (*See* ECF No. 106). This Court granted Jinhua's Motion on January 18, 2019, providing Micron leave to file an Amended Complaint. (*See* ECF No. 139). Micron filed its FAC on February 8, 2019 (*See* ECF No. 140-4), and this Court dismissed UMC's Motion to Dismiss as moot shortly thereafter. (*See* ECF No. 141). UMC and Jinhua then refiled their respective Motions to Dismiss on February 22, 2019 and March 14, 2019 respectively (*See* ECF Nos. 153 and 168). In its May 2, 2019 Order (ECF No. 199), the Court dismissed Micron's claims under 18 U.S.C. §§ 1836 and 1839 (Defend Trade Secrets Act) but only to the extent they are based on an acquisition of trade secrets occurring before May 11, 2016. The Court also dismissed Micron's claims under 8 U.S.C. §§ 1962(c) and 1962(d) (Civil RICO) and Cal. Civ. Code § 3426 (California Uniform Trade Secrets Act). Micron's claims under 18 U.S.C. §§ 1836 and 1839 (Defend Trade Secrets Act) that are based on an acquisition of trade secrets occurring after May 11, 2016 remain in the case. These claims directly overlap with the claims in the Government's criminal case against UMC, Jinhua, Chen, Ho, and Wang.

Specifically, on September 27, 2018 the United States filed its Indictment against UMC, Jinhua, Chen, Ho, and Wang on charges of violating and conspiring to violate provisions of the Economic Espionage Act, 18 U.S.C. §§ 1831 and 1832, namely, conspiracy to commit economic espionage, and theft of trade secrets. This Indictment was sealed until November 1, 2018 during the pendency of Micron's original Complaint and the first dispositive Motions to Dismiss filed by UMC and Jinhua. (*See* Declaration of Mario Moore in Support of Motion to Stay Civil Action Pending Resolution of Criminal Proceedings ("Moore Decl."), Ex. 1 [Indictment]). Once unsealed,

the Indictment revealed that the seven counts being brought were against the Defendants in the criminal case as well as the FAC's named "Co-Conspirators" and were predicated on the very same acts Micron has alleged as the premise for its claims under 18 U.S.C. §§ 1836 and 1839 (Defend Trade Secrets Act) in the instant case.

  **B. The Nexus of Facts Alleged as the Basis for Micron's Claims in the Instant Case**

  Count I in Micron's FAC and Complaint alleges the same nexus of facts as the basis of accused wrongdoing in the criminal case. According to Micron, UMC and the founders of Jinhua devised a plan to misappropriate Micron trade secrets to develop a joint UMC/Jinhua DRAM project. (*See* FAC at ¶¶ 3(a), 67). According to Micron, this began with UMC recruiting a former site manager for a Micron Taiwanese affiliate, Chen, and using Chen to lure away employees holding Micron trade secrets – specifically Ho and Wang. (*Id.* at ¶ 69). Micron further alleges that Ho "took with him both electronic and hard copies of Micron's proprietary information" and that Wang "spent his last days at [the affiliate] in a frenzied dash to pillage as much of Micron's confidential data as possible" onto portable hard drives in order to impress his new employers. (*Id.* at ¶¶ 70-72). According to Micron, this alleged activity gave UMC the information and technological knowhow it needed to develop the DRAM project for Jinhua, (*Id.* at ¶ 78), and is evidenced by numerous supposed acts in furtherance of and deriving benefit from the allegedly misappropriated trade secrets. (*Id.*) Micron lastly claims that UMC's/Jinhua's patent filings in the DRAM technology space are inventions they "could not have independently developed" themselves, so they must have been derived from the allegedly purloined Micron information. (*Id.* at ¶¶ 92-94).

  **C. The Precise Same Set of Facts as Alleged by the Government in Its Indictment**

  This precise series of allegations also forms the bases for all seven counts of the Indictment. The Government has alleged that UMC and Jinhua conspired to illegally obtain DRAM technology developed by Micron to further their DRAM project (*See* Indictment ¶¶ 18, 36). The Government further alleges that UMC and Jinhua recruited Chen away from a specific Micron affiliate holding Micron DRAM technology, and used Chen to recruit Ho and Wang. (*Id.* at ¶¶ 22-24, 35). Nearly

3

identically to Micron's allegations, the Government then alleges that both Ho and Wang intentionally took with them confidential Micron trade secret information specifically intending it to benefit UMC and Jinhua. (*Id.* at ¶¶ 24-25, 37). The Government's accusation even includes a detailed accounting of the supposed "frenzied dash to pillage" Micron obliquely described, (*Id.* at ¶¶ 28-30, 39-44), and refers to UMC/Jinhua patent applications that contain supposed Micron trade secrets that, in the Government's estimation, "could not be obtained through reverse engineering." (*Id.* at ¶ 32, 45). This set of alleged activities, identical to the activities alleged by Micron in Count I of its FAC, form the basis for all seven counts in the criminal Indictment.

### D.  The Government Agrees That the Facts Are the Same and Did Not Object to a Request That Its Own Civil Case Be Stayed

In conjunction with its Indictment, the Government filed the United States' Complaint for Injunctive Relief on November 1, 2018, case no. 5:18-cv-06643 (Moore decl., Ex. 2 ["Government Complaint"]) asking for the same injunctive relief Micron seeks in its FAC. (*See* FAC "Prayer for Relief" at p. 41; *and* Government Complaint at ¶ 1, (seeking permanent injunction to prevent UMC, Jinhua, and Chen from transferring the alleged Micron trades secrets)). The Government subsequently filed a Notice of Related Case in this proceeding the following day ("Notice"), (*See* ECF No. 130), giving this Court notice that the Indictment and the Government Complaint were related to this proceeding. In this Notice, the Government made explicit that the Government Complaint and the "Indictment concern[] the same events as described in Micron's civil complaint," and that "all three actions concern one or more of the same defendants and the same alleged events, occurrences, transactions, or property." (*See* Notice at 3-4 (internal quotations omitted).) On February 20, 2019, UMC filed a motion to stay the Government Complaint pending resolution of the criminal proceedings (*See* Case No. CV 18-06643, ECF No. 25), which the Government agreed not to oppose (*See* Case No. CV 18-06643, ECF No. 25-1, at ¶ 2 (Declaration of Leslie R. Caldwell regarding Department of Justice's position that "if UMC were to file a noticed motion to stay this civil proceeding during the pendency of the parallel criminal action, the United States would not object to the motion.")). The Government has yet to effectuate service

4

upon Jinhua with the Government Complaint, so there is no similar pending Government civil case pending against Jinhua at this time.

### III.  LEGAL STANDARD

"Granting a motion to stay is within the sound discretion of the Court." *Fuller v. Amerigas Propane, Inc.,* Nos. C 09-2493 TEH; 09-2616 THE, 2009 U.S. Dist. LEXIS 71413, at *2 (N.D. Cal. Aug. 3, 2009). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. (quoting *Rivers v. Walt Disney Co*., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (internal quotation marks omitted))).

A court may stay a civil proceeding "when the interests of justice seem to require such an action." *See Jones*, 2005 U.S. Dist. LEXIS 46962, at *2 (quoting *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995)). Whether to stay civil proceedings where there is a parallel criminal proceeding should be determined based on the circumstances and competing interests involved. *Id.* Courts deciding whether to grant a stay should weigh the following factors: "1) the extent to which the defendant's Fifth Amendment rights are implicated; 2) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to plaintiff of a delay; 3) the convenience of the court and the efficient use of judicial resources; 4) the interests of third parties; and 5) the interests of the public." *Id.*

### IV.  ARGUMENT

**A.  Fifth Amendment Rights of Chen, Ho, and Wang as well as the Directors and Officers of UMC and Jinhua Are Extensively Implicated and Weigh Heavily In Favor of a Stay**

"[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Jones*, 2005 U.S. Dist. LEXIS 46962, at *3 (*quoting Sec. & Exch. Comm'n v. Dresser Indus., Inc*., 628 F.2d 1368, 1375-76, 202 U.S. App. D.C. 345 (D.C. Cir. 1980)). This is particularly true because criminal and civil proceedings arising out of the same matter present a "concern that allowing the civil action to proceed may undermine

5

the defendant's Fifth Amendment privilege against self-incrimination, result in discovery beyond the scope of what the Federal Rules of Criminal Procedure allow, expose the defense strategy, or otherwise cause prejudice." *Square 1 Bank v. Lo*, No. 12-cv-05595-JSC, 2014 WL 7206874, at *1 (N.D. Cal. Dec. 17, 2014).

### 1. The Fifth Amendment rights of the witnesses and defendants are directly implicated

The Fifth Amendment rights of the current UMC employees named as "Co-Conspirators" by Micron's complaint are clearly directly implicated. Their actions, their motivations, and what they believed they were doing will be *the* critical issues Micron must explore and develop evidence around in order to make its case. It goes without question that they will be subpoenaed to testify, produce documents, answer interrogatories, and be under court order to perform other discovery activities during the upcoming months. Their compliance will not be just as employees of UMC, but also under the direct threat of being named Defendants themselves. Micron's FAC sues "Does 1-10" under fictitious names as a placeholder until it has decided who to name (FAC at ¶ 18), and plainly states that it will name the "complete list of Co-Conspirators" in a subsequent Amended Complaint. (*Id.*) "[I]f discovery moves forward, [Chen, Ho, and Wang] will be faced with the difficult choice between asserting [their] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the [criminal] case." *Jones*, 2005 WL 1287017, at *1.

While corporate defendants do not have a privilege against compulsory self-incrimination, this factor is nevertheless relevant to Jinhua and UMC as well, because not only will the compliance of Chen, Ho, and Wang be essential to mounting their defense, the Fifth Amendment rights of every director or officer who may speak on behalf of either defendant are implicated. *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Financial, Inc.*, 2009 U.S. Dist. LEXIS 60849, at *8 (E.D. Cal. Jul. 15, 2009). Thus, both UMC and Jinhua are almost certain to be prejudiced in their ability to meaningfully defend themselves in the criminal proceeding if Micron obtains discovery from Chen, Ho, Wang, and these directors or officers. These individuals would be forced to either invoke their Fifth Amendment rights, thereby compromising Jinhua's and

UMC's ability to mount an adequate defense, or testify, for which their statements could be offered against Jinhua and UMC in the criminal proceeding.

### 2. The implicated Fifth Amendment rights extend to nearly the entire case and will have extensive impact

When evaluating the extent to which a defendant's Fifth Amendment rights are implicated, courts also consider: (a) the extent to which the issues in the criminal case overlap with those presented in the civil case; (b) the status of the criminal proceeding, including whether the defendant has been indicted; and (c) whether the civil proceedings may expand the scope of criminal discovery beyond the limits of the FRCP or otherwise prejudice the case. *Taylor*, 2009 U.S. Dist. LEXIS 60849, at *6; *Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998). These factors when analyzed in the context of this case weigh heavily in favor of a stay.

The issues in the criminal proceeding do not just overlap with the issues in this proceeding; rather, everyone but Micron seems to agree that they are *essentially identical*. Both the Government and Micron allege that UMC and Jinhua devised a scheme to steal Micron's trade secrets and allege the same motivations for doing so. Both implicate the identical cast of players (Jinhua, UMC, Chen, Ho and Wang), and allege wrongdoing based on the exact same alleged conduct of those players. Nor is this truly in dispute. In its Order denying the Motions to Dismiss this Court recognized the overlap, finding that the Indictment "aris[es] from the same factual allegations as those asserted in the instant civil action." (*See* Order at 13). The Government too recognizes them to be the same, as noted in the Notice of Related Cases filed in this proceeding "all three actions concern . . . the same alleged events, occurrences, transactions, or property." (*See* Notice at 4 (referencing the Complaint, the Indictment, and the Government Complaint)). And, in light of the substantial overlap, the Government had no objection to its own civil complaint being stayed because of it. This factor alone shows that proceeding here will substantially implicate the Defendants' and most of the essential witness's Fifth Amendment rights against self-incrimination, create unnecessary complexities with respect to discovery, expose the Defendants' strategy or

theories with respect to the criminal proceeding, or otherwise prejudice the pending criminal proceedings.

Nor does the status of the parallel proceeding reduce the urgency. Courts are reluctant to grant a stay where no indictment has been issued (*See eBay, Inc v. Dig. Point Sols., Inc.* Case No. C 08-4052 JF (PVT), 2010 U.S. Dist. LEXIS 23253 (N.D. Cal. Feb. 25, 2010) (denying motion to stay where no indictment had been issued and the government was unwilling to provide further information on potential criminal charges stemming from its investigation)), but here, UMC, Jinhua, Chen, Ho, and Wang have all been indicted. All have directly implicated Fifth Amendment interests and cannot realistically defend against Micron's claims in this proceeding while federal criminal proceedings are ongoing without putting those rights in the criminal proceeding in jeopardy.

Furthermore, there is considerable risk that the broader scope of civil discovery here will impair the integrity of the parallel criminal proceeding. Disclosures required in this civil proceeding will be highly relevant to the issues in the criminal proceeding and will give the government access to discovery it cannot obtain itself under the federal rules of criminal procedure (such as documents derived from initial disclosures, defendants' responses to interrogatories, pleadings and admissions at any depositions). *See Fed. Ins. Co. v. Laney,* No. C 12-04708 WHA, 2013 U.S. Dist. LEXIS 21250, at *8 (N.D. Cal. Feb. 14, 2013); *see also Square 1 Bank*, 2014 WL 7206874, at *2 (observing "it is possible that any information [the defendant] produces to fulfill his civil discovery obligations—in particular, requests for admissions and deposition testimony—may be used against him in his criminal case"). If this proceeding were to proceed in tandem with the criminal proceeding, the more liberal obligations under civil discovery rules could force UMC, Jinhua, Chen, Ho, Wang and other key individuals to produce materials that would expose facts that they would not be required to produce in the criminal proceeding, and substantially prejudice all the indicted parties when they would inevitably be used against them there anyway.

Therefore, since the simultaneous civil and criminal proceedings involve nearly identical facts, Fifth Amendment concerns weigh heavily in favor of granting a stay. *See United States v. Booth*, CIV-F-09-1689 AWI BAK, 2010 U.S. Dist. LEXIS 9123 (E.D. Cal. Jan. 19, 2010) (staying

a civil case completely until resolution of the parallel criminal case); *Taylor,* 2009 U.S. Dist. LEXIS 60849, at *2 (granting a six-month stay of all proceedings in a civil fraud case when a parallel criminal case was ongoing because "[b]oth the civil and criminal cases arise from the alleged scheme to defraud . . . [, and as] such, the pending civil litigation may substantially implicate defendants' Fifth Amendment rights against self-incrimination, create unnecessary complexities with respect to discovery, expose defendants' strategy or theories with respect to the criminal case, or otherwise prejudice the pending criminal proceedings."); *Acacia Corp. Mgmt., LLC v. United States*, CIV F-07-1129 AWI GSA, 2009 U.S. Dist. LEXIS 49484, 2009 WL 1531099 (E.D. Cal. May 28, 2009) (granting stay of civil action until the resolution of the parallel criminal case); *see also McCormick v. Rexroth*, Case No. C 09-4188 JF, 2010 U.S. Dist. LEXIS 35783, 2010 WL 934242 (N.D. Cal. Mar. 15, 2010); *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065 (C.D. Cal. 2008); *Souza v. Schiltgen*, No. C-95-3997 MHP, 1996 WL 241824 (N.D. Cal. May 6, 1996); *Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996).

### B. Micron's Interest and Prejudice of a Delay

Micron's interests will not be impaired from a stay of this proceeding pending resolution of the parallel criminal case. Micron's complaint in this proceeding seeks injunctive relief against Jinhua and the other defendants in connection with its trade secret misappropriation claims. This is precisely the relief the Government seeks in the Government Complaint that has already been voluntarily stayed.

Moreover, the requested injunctive relief is effectively already in place. The United States Department of Commerce has placed Jinhua on the Entity List under the Export Administration Regulations ("EAR"). As of October 30, 2018, any exports or transfers to Jinhua of technology subject to the EAR require a license. *See* 19 C.F.R. § 744.16(a); 15 C.F.R. pt. 744, Supp. No. 4 (Jan. 23, 2019); *see also* Export Administration Regulations, 83 Fed. Reg. 54,519, 54,521 (Oct. 30, 2018) (codified at 15 C.F.R. pt. 744) (noticing the addition of Jinhua to the Entity List). Additionally, pursuant to the terms of Jinhua's entry on the Entity List, license applications for exports or transfers to Jinhua carry a presumption of denial. Export Administration Regulations, 83 Fed. Reg. at 54,521. Therefore, since October 30, 2018, UMC has been, and is, effectively

prohibited from transferring DRAM technology to Jinhua. As long as the Entity List designation remains in place, there is no basis or need for the injunctive relief sought by Micron's Complaint, and Micron will not be prejudiced by a stay.

### C. Convenience of Court and Efficient Use of Judicial Resources

Another factor in favor of staying this proceeding pending the resolution of the criminal proceeding is judicial economy. The Court's docket would be better served by staying this proceeding pending the outcome of the criminal proceeding because the potential is high for unnecessary complexity, overlapping issues, duplicative rulings, and conflict between the rulings of this Court in this proceeding and the criminal proceeding, and staying the matter will be a more prudent and efficient management of resources. Even the Government agrees that the overlap of these proceedings is so significant, judicial economy is best served by treating them together, not separately. (*See* Notice at 4, (seeking to have the Complaint, the Indictment, and the Government Complaint assigned to the same judge)). In addition, resuming the civil proceeding after the criminal proceeding may promote more streamlined civil discovery and swifter resolution of same. See *Volmar. Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 42 (1993) (stating that "the outcome of the criminal case may encourage settlement"); *Wroth v. City of Rohnert Park*, No. 17-cv-05339-JST, 2018 WL 888466, at *3 (N.D. Cal. Feb. 14, 2018) (finding that "[t]he resolution of the criminal matter may narrow the scope of civil discovery").

A stay is especially appropriate for purposes of advancing judicial efficiency where, as here, the proceeding is in its very early stages. See *Taylor*, 2009 U.S. Dist. LEXIS 60849, at *9 (granting motion to stay where the proceeding was "in the early stages of litigation"); *Medina v. Argent Mortg. Co.*, No. 05-cv-2905 RS, 2006 U.S. Dist. LEXIS 30582, at *7-8 (N.D. Cal. May 11, 2006) ("As discovery has not yet begun in this case, only the initial pleadings have been filed, and no dispositive motions have yet been presented, the efficient use of judicial resources favors a stay in this action."). Neither UMC nor Jinhua has filed an answer in this case; Micron's First Amended Complaint was partially dismissed, without prejudice, and Micron has yet to file a Second Amended Complaint; and, with the exception of limited jurisdictional discovery prior to the commencement of criminal proceedings, no discovery has issued. The nearly complete overlap

in the course of conduct underlying the criminal charges and civil allegations makes it highly likely that issues of fact resolved in the criminal case will bear directly on UMC's, Jinhua's, and the "Does 1-10" civil liability and allow the civil proceeding against them to be resolved more quickly. Additionally, the Defendants' own burden in litigating parallel proceedings regarding the same conduct and navigating the complexities of civil discovery in that context would be greatly alleviated by allowing the proceedings to proceed sequentially rather than simultaneously.

### D.     Interests of Third Parties and the Public

The interests of third parties and/or the public are served by a stay of this proceeding. ("[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant."). *Jones*, 2005 U.S. Dist. LEXIS 46962, at, *5 (quoting *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y 2003)). In fact, the public's interest is in "ensuring that the criminal process is not subverted by ongoing civil cases." *Douglas v. United States*, Nos. C 03-04518, C 04-05357, 2006 WL 2038375 (N.D. Cal. July 17, 2006). Here, the public has an interest in ensuring the integrity of the criminal prosecution of UMC, Jinhua, Chen, Ho, and Wang. Moreover, any continuing third-party interest on behalf of Micron is adequately protected by Jinhua's placement on the Entity List, such that it will not be prejudiced by the stay. Moreover, this Court has found that the interests of third parties and the public are outweighed by Fifth Amendment concerns and the interests of justice. See *Rodriguez v. Summit Mortg. Realty, Inc.*, No. C05-02904 HRL, No. C05-02905 HRL, 2007 U.S. Dist. LEXIS 53179 (N.D. Cal. July 11, 2007) (continuing a stay of civil proceedings for seven months or until the criminal trial was complete, whichever came first, because of Fifth Amendment concerns, and stating that "[w]hile the court and the public generally have an interest in the expeditious resolution of litigation, under the circumstances presented here, the court concludes that, on balance, the interests of justice require an extension of the stay of these proceedings.").

### V. CONCLUSION

For the reasons set forth herein, Defendants UMC and Jinhua respectfully request that the Court stay this action pending resolution of the parallel criminal proceeding.

Dated: May 23, 2019

/s/ Daniel Johnson Jr.
Daniel Johnson Jr. (Bar No. 57409)
Mario Moore (Bar No. 231644)
Robert G. Litts (Bar No. 205984)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone: (415) 604-4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com

*Attorneys for Defendant*
UNITED MICROELECTRONICS CORPORATION

Dated: May 23, 2019

/s/ Lyle B. Vander Schaaf
Lyle B. Vander Schaaf (DC Bar No. 422380)
Evi T. Christou (DC Bar No. 1600066)
Fei Hu (DC Bar No. 1016150)
BRINKS GILSON & LIONE
1775 Pennsylvania Ave, NW, Suite 900
Washington, DC 20006
Telephone: (202) 296-8700
lvanderschaaf@brinksgilson.com
echristou@brinksgilson.com
fhu@brinksgilson.com
Appearance *pro hac vice*

Harold V. Johnson (IL Bar No. 6188149)
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Telephone: (312) 321-4200
hjohnson@brinksgilson.com
Appearance *pro hac vice*

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

12

MPA IN SUPPORT OF MOTION
TO STAY CIVIL ACTION                                    CASE NO. 3:17-CV-06932-MMC

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5.1, of the United States District Court of the Northern District of California, I certify that authorization for the filing of this document has been obtained from the other signatory shown above and that said signatory has authorized placement of his electronic signature on this document.

Dated: May 23, 2019

/s/ *Mario Moore*
Mario Moore