Daniel Johnson Jr. (Bar No. 57409)
Mario Moore (Bar No. 231644)
Robert G. Litts (Bar No. 205984)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone: (415) 604-4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com

*Attorneys for Defendant*
United Microelectronics Corporation

Lyle B. Vander Schaaf (DC Bar No. 422380)
Evi T. Christou (DC Bar No. 1600066)
Fei Hu (DC Bar No. 1016150)
BRINKS GILSON & LIONE
1775 Pennsylvania Ave, NW, Suite 900
Washington, DC 20006
Telephone: (202) 296-8700
lvanderschaaf@brinksgilson.com
echristou@brinksgilson.com
fhu@brinksgilson.com
Appearance *pro hac vice*

Harold V. Johnson (IL Bar No. 6188149)
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Telephone: (312) 321-4200
hjohnson@brinksgilson.com
Appearance *pro hac vice*

*Attorneys for Defendant*
Fujian Jinhua Integrated Circuit Co., Ltd.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRO TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10,<br><br>Defendants. | Case No. 3:17-CV-06932-MMC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS**<br><br>Judge:  Hon. Maxine M. Chesney<br>Courtroom:  7 – 19th Floor<br>Hearing date:  June 21, 2019<br>Hearing time:  9:00 a.m.<br><br>SAC Filed:  May 24, 2019 |

# **TABLE OF CONTENTS**

I.     SUMMARY ....................................................................................... - 1 -

II.    ARGUMENT ...................................................................................... - 1 -

    A.    Each of the *Keating* Factors Support Staying the Civil Case............................ - 1 -

        1.    The Fifth Amendment Implications are Clear and Profound ................ - 2 -

        2.    The Harm of a Stay to Micron is Negligible ......................................... - 4 -

        3.    The Burden On Defendants is Substantial ............................................. - 5 -

        4.    Court Convenience and Judicial Resources Weigh in Favor of Stay..... - 6 -

        5.    Non-Party Interests Are Not Shown to Be Impacted ............................ - 8 -

        6.    Public Interests ...................................................................................... - 8 -

    B.    Defendants' Motion to Stay Was Filed Within A Month ................................. - 9 -

III.    CONCLUSION ............................................................................... - 10 -

## <u>TABLE OF AUTHORITIES</u>

**Page**

**CASES**

*Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.,*
225 F. Supp. 2d 263 (E.D.N.Y. 2002) ............................................................. 2

*Applied Materials, Inc. v. Semiconductor Spares, Inc.*, Nos. C95-20129RMW(EAI), C95-
20156RMW(PVT), 1995 WL 261451 (N.D. Cal. Apr. 26, 1995) ............................................. 3, 4

*Bruner Corp. v. Balough,*
819 F. Supp. 811 (E.D. Wis. 1993) ............................................................. 2

*Cadence Design Sys., Inc. v. Avantl, Inc.,* No. C 95-20828 RMW (PVT),
1997 U.S. Dist. LEXIS 24147 (N.D. Cal. July 22, 1997) ............................................. 2

*Comet Techs. United States of Am. Inc. v. Beuerman*, Case No. 18-CV-01441-LHK,
2018 WL 1990226 (N.D. Cal. Mar. 15, 2018) ............................................. 8

*Douglas v. United States,* Nos. C 03-04518 JW, C 04-05357 JW,
2006 U.S. Dist. LEXIS 52754 (N.D. Cal. July 17, 2006) ............................................. 7, 9

*eBay, Inc. v. Digital Point Sols, Inc.*, No. C 08-4052 JF (PVT),
2010 WL 702463 (N.D. Cal. Feb. 25, 2010) ............................................. 2, 3, 5, 6

*ESG Capital Partners LP v. Stratos*,
22 F. Supp. 3d 1042, 1044 (C.D. Cal. 2014) ............................................. 10

*Federal Savings & Loan Insurance Corp. v. Molinaro,*
889 F.2d 899, 902 (9th Cir. 1989) ............................................. 3

*F.T.C. v. J.K. Publications, Inc.*,
99 F. Supp. 2d 1176 (C.D. Cal. 2000) ............................................. 3

*Garfield Beach CVS Llc v. Mollison Pharm.*, Case No. 17-cv-00879-AJB-MDD,
2017 U.S. Dist. LEXIS 135322 (S.D. Cal. August 22, 2017) ............................................. 7

*Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP (VBKx),
2014 WL 1089264 (C.D. Cal. Mar. 19, 2014) ............................................. 5

*Genentech, Inc. v. JHL Biotech, Inc.,* No. C 18-06582 WHA,
2019 WL 1045911 (N.D. Cal. Mar. 5, 2019) ............................................. 3

*Jardin v. Datallegro, Inc.*, Case No. 10-CV-2552-IEG (WVG),
2011 U.S. Dist. LEXIS 53216 (S.D. Cal. May 17, 2011) ............................................. 7

*Jones v. Conte*, No. C 04-5312 SI,
2005 U.S. Dist. LEXIS 46962 (N.D. Cal. Apr. 19, 2005) ............................................. 7

*Medina v. Argent Mortg. Co.*, No. 05-CV-2905 RS,
2006 WL 1305230 (N.D. Cal. May 11, 2006) ............................................. 8

*Mr. Dee's, Inc. v. Int'l Outsourcing Servs., LLC*, No. 08-C-457
2008 WL 4853601 (E.D. Wis. Nov. 3, 2008) ............................................. 2

- ii -

*SEC v. Alexander*, No. 10-CV-04535-LHK,
2010 U.S. Dist. LEXIS 138547 (N.D. Cal. Dec. 22, 2010) ........................................... 9

*SEC v. Nicholas*,
569 F. Supp. 2d 1065 (C.D. Cal. Aug. 4, 2008)........................................................... 9

*Square1 Bank v. Lo*, Case No. 12–cv–05595–JSC,
2014 WL 7206874 (N.D. Cal. Dec. 17, 2014) ............................................................ 6

*Starlight Int'l, Inc. v. Herlihy*, No. CIV. A. 97-2329-GTV,
1998 WL 560045 (D. Kan. Aug. 4, 1998)................................................................... 5

*Sec. & Exch. Comm'n v. Downe*, No. 92 Civ 4092,
1993 WL 22126 (S.D.N.Y. Jan. 26, 1993).................................................................. 2

*Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*,
720 F. Supp. 805 (N.D. Cal. 1989) ...................................................................... 5, 7

*Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, No. 2:09-CV-0954 FCD EFB,
2009 WL 2136986 (E.D. Cal. July 15, 2009) ............................................................ 8

*United States v. All Meat & Poultry Prods.*, No. 02 C 5145,
2003 WL 22284318 (N.D. Ill. Oct. 3, 2003) .............................................................. 2

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STAY CIVIL ACTION                    CASE NO. 3:17-CV-06932-MMC

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   SUMMARY**

Micron's Opposition to Defendants' Motion to Stay Civil Action Pending Resolution of Criminal Proceedings (ECF No. 217) (hereinafter "Opposition" or "Opp.") fails to make any compelling argument that a stay is not warranted in this case. While Micron's Opposition cites the appropriate Ninth Circuit *Keating* factors which are considered when determining whether a stay is appropriate, a cursory review of the factors clearly shows that each one weighs in favor of a stay, rather than against. Most notably, Defendants' Fifth Amendment concerns are significant because Defendants, along with employees and officers of the Defendants, have been indicted and the civil proceeding substantially overlaps with the criminal proceeding. Additionally, Micron's interest does not outweigh Defendants' burden in moving forward because Micron's alleged harm is merely speculative, while Defendants' burden is palpable given their indictment, the risk of expanding the scope of criminal discovery if the civil proceeding continues, and the risk that the Government will collaborate with Micron if the cases proceed simultaneously. Moreover, courts in the Ninth Circuit consistently hold that staying a parallel civil proceeding in its early stages may prove more efficient in the long-run, particularly because issues can be narrowed and discovery can be streamlined if the criminal action proceeds first. Lastly, although non-parties and the public may have an interest in the timely litigation of the civil proceeding, Micron has not made, and cannot make, a convincing argument that these interests outweigh the Defendants' burden. For the reasons discussed herein, this Court should grant Defendants' Motion to Stay.

**II.   ARGUMENT**

**A.   Each of the *Keating* Factors Support Staying the Civil Case**

Whether to stay civil proceedings where there is a parallel criminal proceeding should be determined based on the circumstances and competing interests involved. Courts deciding whether to grant a stay should weigh the following factors: "1) the extent to which the defendant's Fifth Amendment rights are implicated; 2) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to plaintiff of a delay; 3) the convenience of the court and the efficient

- 1 -

use of judicial resources; 4) the interests of third parties; and 5) the interests of the public." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

### 1. The Fifth Amendment Implications are Clear and Profound

Allowing this case to proceed in parallel with a pending criminal case poses a clear and profound risk to the Fifth Amendment rights of the "Co-Conspirators" and severely jeopardizes UMC and Jinhua. Corporations cannot in and of themselves invoke Fifth Amendment rights, but courts have recognized time and time again that "corporate defendants are entitled to stay a civil action where a parallel criminal proceeding prejudices the corporation's right to defend itself." *Cadence Design Sys., Inc. v. Avanti, Inc.,* No. C 95-20828 RMW (PVT), 1997 U.S. Dist. LEXIS 24147, at *4 (N.D. Cal. July 22, 1997); *Mr. Dee's, Inc. v. Int'l Outsourcing Servs., LLC*, No. 08-C-457, 2008 WL 4853601, at *1 (E.D. Wis. Nov. 3, 2008) (finding that focusing on a corporation's lack of Fifth Amendment rights "miss[es] the mark in terms of the impact of the Fifth Amendment privilege in this case. [Corporate defendant] needs information from the Individual Defendants to mount an effective defense, yet the Individual Defendants without question will assert their privilege while the criminal case is ongoing"); *Bruner Corp. v. Balough,* 819 F. Supp. 811, 816 (E.D. Wis. 1993); *see also United States v. All Meat & Poultry Prods.,* No. 02 C 5145, 2003 WL 22284318, at *4 (N.D. Ill. Oct. 3, 2003) (where individual central figures have been indicted, "better course is to enter a stay as to all defendants"); *Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.,* 225 F. Supp. 2d 263 (E.D.N.Y. 2002) (no meaningful discovery could occur while proceedings against company officers were stayed); *Volmar Distribs., Inc. v. New York Post Co.,* 152 F.R.D. 36 (S.D.N.Y. 1993) (stay granted as to corporate defendants to avoid duplicative depositions); *Sec. & Exch. Comm'n v. Downe,* No. 92 Civ 4092, 1993 WL 22126, at *14 (S.D.N.Y. Jan. 26, 1993) (discovery stayed as to corporate defendants in the interests of justice and to avoid duplicative proceedings); *Vardi Trading Co. v. Overseas Diamond Corp.,* No. 85 Civ. 2240 (CSH), 1987 U.S. Dist. LEXIS 8580, at *5 (S.D.N.Y. Sept. 23, 1987) (stay of civil proceedings granted as to all defendants, including corporate).

Moreover, each of Micron's attempts to minimize this risk is hampered by citations to authority reviewing significantly different circumstances then the one before this Court. In *eBay,*

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STAY CIVIL ACTION                    CASE NO. 3:17-CV-06932-MMC

*Inc. v. Digital Point Sols., Inc.*, No. C 08-4052 JF (PVT), 2010 WL 702463, at *2 (N.D. Cal. Feb. 25, 2010), there *was no actual criminal proceeding* – a factor that was "critical" to the court's decision to deny the requested stay because "[w]hen 'no indictment has been returned' and no criminal action is underway, the case for a stay is much weaker." *Id.* at *3 (quoting *Federal Savings & Loan Insurance Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). The same is true for *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, Nos. C95-20129RMW(EAI), C95-20156RMW(PVT), 1995 WL 261451 (N.D. Cal. Apr. 26, 1995). Since the defendants in *Applied Materials* were merely under investigation, the Court (also following the logic of *Molinaro*) found the Fifth Amendment concerns diminished largely because "there [was] actually no parallel criminal proceeding." *Id.* at 3.

In *Genentech, Inc. v. JHL Biotech, Inc.,* No. C 18-06582 WHA, 2019 WL 1045911 (N.D. Cal. Mar. 5, 2019), Micron's main source for the concept that UMC and Jinhua would not be prejudiced by the predicament facing Chen, Wang, and Ho, the Defendant JHL Biotech, Inc. *was not a defendant* in the Federal Indictment. *Id.* at 3. And even there the Court did in fact grant the stay as to the defendants who were named. *Id.* at *25. Most galling is Micron's hiding behind protestations that it has no "intention of amending its complaint to name" Chen, Ho, and Wang. Opp. at 4. The Second Amended Complaint ("SAC") (ECF No. 206-4) specifically lists "Does 1-10" as Defendants, defines them as "Co-Conspirators" with Chen, Wang, and Ho as the only ones specifically named, and pleads that nearly 100% of the actual supposed misappropriation was allegedly done by those three individuals. SAC at ¶¶13-18. Who else would they name as "Does 1-10" when the actions of Chen, Ho, and Wang are the only supposed misappropriators Micron can even allege?

Micron's attempts to use the previous testimony of Wang and Ho (Opp. at 6) about these facts also fails to point out some key points. First, in the case relied on by Micron, "[t]he criminal charges relate[d] to acts that occurred after the commencement of [the] civil case," and to the Court "appear[ed] unrelated to the central issues in the underlying civil case." *F.T.C. v. J.K. Publications, Inc.*, 99 F. Supp. 2d 1176, 1198-99 (C.D. Cal. 2000). Further, the testimony referenced by Micron

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STAY CIVIL ACTION                    CASE NO. 3:17-CV-06932-MMC

is from July of 2018, three months before either deponent had any reason to believe they were going to be indicted by the Government.

The Fifth Amendment implications and the jeopardy faced by UMC and Micron in this case are real and undeniable. Micron's clever "John Doe" pleading notwithstanding, Chen, Wang, and Ho clearly face liability in this civil case, and will not be able to defend themselves here without eviscerating their Fifth Amendment rights in their criminal trial. Because Chen, Wang, and Ho are the only individuals who can testify with personal knowledge of the actions that are the very center of Micron's alleged claims of misappropriation, UMC and Jinhua's ability to defend themselves will also be dramatically impaired. Allowing the civil case to move forward severely jeopardizes UMC and Jinhua through the more liberal discovery allowed in civil cases. This *Keating* factor weighs *heavily* in favor of a stay.

### 2.      The Harm of a Stay to Micron is Negligible

Micron's claim of continued "irreparable harm" is difficult to give weight. The only non-speculative harm mentioned is the unsubstantiated allegation that its trade secrets are being disclosed to the world through UMC and Jinhua patent filings. Opp. at 7. This supposed harm is curious for a number of reasons. First, it was completely absent from Micron's original Complaint (ECF No. 1) and was only added to the First Amended Complaint (ECF No. 140-4) in an apparent effort to bolster claims of jurisdiction here in the United States. *See* SAC at ¶ 22. But as pointed out in the Defendants' Motion to Dismiss the Second Amended Complaint, Micron has failed to actually identify anything specific that has been disclosed despite, if the allegation is true, there no longer being any risk of losing the trade secret protection. *See* Defendants' Motions to Dismiss ECF No. 219 (UMC) at 8-11; ECF No. 220-4 (Jinhua) at 10-16. Further, nothing within Micron's original, First, or Second Complaint would actually stop the harm Micron so laments in its Opposition. Micron has made no request of this Court that could possibly lead to the reversal of the publications that have been made and made no request for any immediate relief to prevent further publication. Nor has Micron taken *any* action, with this Court or the United States Patent Office, to stop the supposed publication of its trade secrets in patent filings. In fact, it seems that Micron is fully content with UMC and Jinhua to continue filing and prosecuting patents, which makes sense

since what Micron appears to want is ownership of UMC's and Jinhua's patents as a relief for some unspecified (and apparently unpled) cause of action. *See* SAC at ¶ 92.

All remaining alleged harm is rank speculation. Further, the cases Micron relies on again pertain to significantly different situations. In *Cal-Cleve* v. *Wrag-Time Air Freight, Inc* and *Gen. Elec. Co. v. Liang*, just like *eBay* and *Applied Materials* discussed above, none of the defendants in the civil cases had actually been indicted. No. CV 04-10543 SJO (JTLx), 2005 WL 8157878, at*4 (C.D. Cal. May 20, 2005); *and* No. CV 13-08670 DDP (VBKx), 2014 WL 1089264, at *4 (C.D. Cal. Mar. 19, 2014). In *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989), only one of the defendants was indicted, and with only corporate defendants at issue, there were no Fifth Amendment implications at all. In *Starlight Int'l, Inc. v. Herlihy*, the Court determined that there was no pending indictment (for Federal claims), no proof that any foreign investigation was being pursued, and that pending state actions had no bearing on the civil case at all. No. CIV. A. 97-2329-GTV, 1998 WL 560045, at *2 (D. Kan. Aug. 4, 1998).

All harm claimed by Micron is either entirely speculative or is allegedly caused by patent publications it cannot specifically identify and does not appear to mind. This factor weighs heavily toward granting a stay.

### 3.      The Burden On Defendants is Substantial

Contrary to Micron's assertions, Defendants provide ample support for granting a stay in light of the burden imposed on them if they are forced to defend this proceeding while they have already been indicted in the parallel criminal proceeding. As discussed above, this proceeding implicates Fifth Amendment rights to a significant degree, and allowing this proceeding to continue in tandem with the criminal proceeding would force Chen, Wang, and Ho to choose between defending themselves here and preserving their Fifth Amendment rights, thus dramatically endangering UMC and Jinhua's ability to defend themselves in this case and the criminal one. In addition to this burden, absent a stay, Defendants will be subject to discovery requests, interrogatories, requests for admission, and depositions – all of which expand the Government's criminal discovery beyond the limits of Federal Rules of Civil Procedure and expose the defense strategy to the Government. (Motion to Stay at 8).

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STAY CIVIL ACTION                    CASE NO. 3:17-CV-06932-MMC

If the civil and criminal proceedings run in tandem, Defendants would also be burdened if there is collaboration between Micron and the Government – a risk this Court has identified on numerous occasions. *See Square1 Bank v. Lo*, Case No. 12–cv–05595–JSC, 2014 WL 7206874, at *2 (N.D. Cal. Dec. 17, 2014) ("And while an action brought by a private plaintiff, as here, presents less of a risk of prejudice to a defendant than if the government were involved in both cases, ***the risk of potential collaboration between the private plaintiff in this civil action and the government in the criminal action remains***.") (emphasis added); *see also eBay, Inc.*, 2010 WL 702463, at *3 ("It is true that there is the potential for collaboration between the USAO and eBay, or for exposure of the Defendants' defense theories). These cases highlight the daunting reality, rather than just a "mere possibility," that Defendants will be unfairly burdened and prejudiced if the Court does not grant a stay of this proceeding.

Micron's argument that Defendants are somehow not prejudiced or unfairly burdened because "Micron cannot provide the Government any information learned through civil discovery without first serving a notice on Defendants and giving them an opportunity to object" is unpersuasive. Opp. at 10. It is undeniable that Defendants would be concerned about the disclosure of documents designated as Confidential and Highly Confidential – Attorneys' Eyes Only under the operative Protective Order in this case, especially given that mere notice and the opportunity to object are not guaranteed protections on which Defendants can rely to prevent the Government from accessing and using key confidential information from this case. However, as noted in their opening brief and above, Defendants are also concerned with the Government's access to a wide array of materials such as publicly-filed pleadings, motions, and documents in this case that would reveal Defendants' defense strategies, deposition testimony, and discoverable information that can be used against Defendants in the criminal case.

### 4.   Court Convenience and Judicial Resources Weigh in Favor of Stay

As argued by Defendants in their opening brief, a temporary stay of this proceeding will be an efficient use of judicial resources and will not inconvenience the Court. Micron's allegation that "there is no guarantee that delaying Micron's case until completion of the criminal matter will reduce the complexity of discovery" is unpersuasive because if the stay is not granted, the parties

- 6 -

and the Court will be forced to consistently evaluate Defendants' and their witnesses' assertions of the Fifth Amendment rights. Opp. at 10. Micron's reliance on *Sw. Marine, Inc.*, 720 F. Supp. at 810, is misplaced because the facts of that case are distinguishable from the present case in that a criminal conviction of the defendant would not necessarily result in its liability in the civil action. By contrast, the alleged conduct at issue in this proceeding under the DTSA overlaps with the elements of the criminal offense under 18 U.S.C. Section 1832, which criminalizes the theft of trade secrets. Thus, if Defendants were convicted in the pending criminal action, such conviction may necessarily result in their liability in this civil action.

Additionally, if the civil case and the pending criminal case "involve similar players and overlapping transactions," testimony presented in the pending criminal case "will potentially narrow the issues lessening the likelihood of disputes." *Douglas v. United States*, Nos. C 03-04518 JW, C 04-05357 JW, 2006 U.S. Dist. LEXIS 52754, at *17 (N.D. Cal. July 17, 2006). In this case, the criminal trial will provide full testimony of both the prosecution and defense witnesses so their testimony is preserved. It is likely that duplicative civil depositions would not be necessary and the scope of testimony and issues would be narrowed. It is this Court's view that "the criminal case may later streamline discovery in the civil case, this factor weighs in favor of a stay." *Id.* (citation omitted); *see also Jones v. Conte*, No. C 04-5312 SI, 2005 U.S. Dist. LEXIS 46962, at *5 (N.D. Cal. Apr. 19, 2005) (finding that a stay would allow civil discovery to proceed unobstructed by self-incrimination concerns).

Micron's allegation that this civil matter is not in "early stages of litigation" is misleading and unreasonably construes the cases cited by Defendants to advance a baseless allegation. Opp. at 10. Courts within this district have found that the "early stages of litigation" are not likely to be uniquely defined by the non-filing of dispositive motions, which purportedly include motions to dismiss. *See Garfield Beach CVS LLC v. Mollison Pharm.*, Case No. 17-cv-00879-AJB-MDD, 2017 U.S. Dist. LEXIS 135322, at *9 (S.D. Cal. August 22, 2017) (noting that the instant action is in its "early stages of litigation" despite the filing of a motion to dismiss); *Jardin v. Datallegro, Inc.*, Case No. 10-CV-2552-IEG (WVG), 2011 U.S. Dist. LEXIS 53216, at *4 (S.D. Cal. May 17, 2011) (same). Rather, the determination of whether a case is in the "early stages of litigation" needs to

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STAY CIVIL ACTION                              CASE NO. 3:17-CV-06932-MMC

take into account the totality of the circumstances, including, among other things, whether an answer has been filed, whether discovery has begun, and whether a scheduling order has been entered. *See Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, No. 2:09-CV-0954 FCD EFB, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009); *see also Medina v. Argent Mortg. Co.*, No. 05-CV-2905 RS, 2006 WL 1305230, at *2 (N.D. Cal. May 11, 2006).

As discussed in Defendants' opening brief, neither UMC nor Jinhua filed an answer in this case. With the exception of limited jurisdiction discovery prior to the commencement of criminal proceedings, no substantive, formal discovery between the parties has ensued. Not surprisingly, this case is still in the early pleading stages, with Defendants filing motions to dismiss, yet again, due to Micron's inability to adequately plead its claims against Defendants.

### 5. Non-Party Interests Are Not Shown to Be Impacted

Micron also fails to establish that third-party companies in the DRAM sector "will be harmed by Defendants' use of Micron's trade secrets to compete unfairly in the industry." Opp. at 11. In particular, Micron's reliance on *Cal-Cleve, Ltd.*, 2005 WL 8157878, at *5 is misplaced. In *Cal-Cleve*, the defendant unfairly competed with a third-party provider, which gave rise to the concern that the defendant was likely to continue with its alleged practice of unfairly competing with third-party providers. Here, the alleged facts in the Second Amended Complaint ("SAC") do not present any evidence of Defendants' unfairly competing with any third-party DRAM company, much less unfairly competing using Micron's trade secrets. In fact, nowhere in the SAC does Micron even allege that Defendants marketed or sold any DRAM product derived from the purported Micron's trade secrets.

### 6. Public Interests

Finally, Micron argues that the public has a "strong interest in ensuring" trade secrets are protected to advance its position that a stay should not be imposed in this case. Opp. at 12. For support, Micron cites to *Comet Techs. United States of Am. Inc. v. Beuerman*, Case No. 18-CV-01441-LHK, 2018 WL 1990226, at *5 (N.D. Cal. Mar. 15, 2018); however, the public interest recognized by this Court was not analyzed in the context of a motion to stay, but rather, a motion for a temporary restraining order, which is not applicable here. Micron's arguments also fail

- 8 -

because this Court has found that where a criminal case on the same matter is already underway, the criminal case is of primary importance to the public, and that the public's strongest interest is in ensuring the integrity of the criminal proceeding. *SEC v. Alexander*, Case No. 10-CV-04535-LHK, 2010 U.S. Dist. LEXIS 138547, at \*19-20 (N.D. Cal. Dec. 22, 2010). This is highlighted by the fact that the civil proceeding only carries civil sanctions and monetary penalties, and therefore, is not equally pressing in nature. *Id. (*quoting *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1072 (C.D. Cal. Aug. 4, 2008).

In this case, the United States Department of Commerce has already placed Jinhua on the Entity List under the Export Administration Regulations, this Court has granted the stay of the Government's civil proceeding seeking injunctive relief against Defendants, pending the resolution of the criminal proceeding (ECF No. 29), and Defendants have already been indicted. Based on the foregoing, a stay will not likely undermine the public's confidence in the Government or the integrity of the DRAM market. Therefore, the public's interest in ensuring trade secret protection pales in comparison to the public's interest in "ensuring that the criminal process is not subverted by ongoing civil cases." *Douglas*, 2006 U.S. Dist. LEXIS 52754, at \*18-19.

### B.   Defendants' Motion to Stay Was Filed Within A Month

Contrary to Micron's assertion, the Defendants did not delay in filing this motion, rather, they filed it *less than a month* after it became necessary. When the Indictment was unsealed in November of 2018, Micron's Complaint was unanswered by either named Defendant, and under pending Motions to Dismiss for lack of jurisdiction and failure to sufficiently plead. At that point it was not at all clear whether or not there would be a civil case to stay at all. This belief was born true when this Court dismissed Micron's Complaint against Jinhua (ECF No. 139), and forced Micron to amend its pleadings not once (ECF No. 140-4), but twice (ECF No. 206-4). Defendants do not claim that they were *prevented* from filing a Motion to Stay (*See* Opp. at 12 n. 6), Defendants position is that it was entirely premature to file a motion at the time the Indictment was unsealed because: 1) Micron's Complaint was insufficient; 2) the question of whether the civil case could happen at all (due to personal jurisdiction issues not cured until the First Amended Complaint was filed and not known to be cured until this Court's ruling in May (ECF No. 199)). Once jurisdiction

- 9 -

1   was settled, and it seemed the civil case would proceed (even though this is still not settled given

2   the pending Motions to Dismiss, one presumes that Micron will eventually allege sufficient facts

3   to move forward), the Defendants filed their Motion to Stay less than a month later.

4        Nor does Micron's cited authority say otherwise. While the bare statement of the procedural

5   posture claimed by Micron (Opp. at 13) for *ESG Capital* is an accurate statement (the court did

6   deny a stay on a defendant's motion made eleven months after the government issued its indictment

7   and the defendant had "already participated in the [civil] litigation for over eight months"), the

8   Court's decision in *ESG Capital* made no use of this in its reasoning. Moreover, there is no

9   description at all of Micron's key factor (what "already participated in the [civil] litigation for over

10  eight months" actually entailed). *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1044

11  (C.D. Cal. 2014). Further, while the procedural posture is described by Micron accurately, it is not

12  described completely. The more accurate procedural posture of *ESG Capital* is a Motion to Stay

13  filed eight months after the Defendant *answered*. *Id.*

14       The Defendants have not delayed in filing their Motion to Stay. Micron's oft-amended

15  Complaint has not yet been answered, and jurisdiction was not determined to exist until May 2,

16  2019. This Motion to Stay was filed less than a month later.

**III.   CONCLUSION**

18       For the reasons set forth herein, the Court should stay this proceeding pending the resolution

19  of the parallel criminal proceeding.

- 10 -

1

Dated: June 13, 2019

*/s/ Daniel Johnson Jr.*
Daniel Johnson Jr. (Bar No. 57409)

2

Mario Moore (Bar No. 231644)
Robert G. Litts (Bar No. 205984)

3

DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080

4

Telephone: (415) 604-4500
dan@danjohnsonlawgroup.com

5

mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com

6

7

*Attorneys for Defendant*
UNITED MICROELECTRONICS
CORPORATION

8

9

Dated: June 13, 2019

*/s/ Lyle B. Vander Schaaf*
Lyle B. Vander Schaaf (DC Bar No. 422380)

10

Evi T. Christou (DC Bar No. 1600066)
Fei Hu (DC Bar No. 1016150)

11

BRINKS GILSON & LIONE
1775 Pennsylvania Ave, NW, Suite 900

12

Washington, DC 20006
Telephone: (202) 296-8700

13

lvanderschaaf@brinksgilson.com
echristou@brinksgilson.com

14

fhu@brinksgilson.com
Appearance *pro hac vice*

15

16

Harold V. Johnson (IL Bar No. 6188149)
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive, Suite 3600

17

Chicago, IL 60611
Telephone: (312) 321-4200

18

hjohnson@brinksgilson.com
Appearance *pro hac vice*

19

20

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT
CO., LTD.

21

22

23

24

25

26

27

28

- 11 -

**<u>FILER'S ATTESTATION</u>**

Pursuant to Civil Local Rule 5.1, of the United States District Court of the Northern District of California, I certify that authorization for the filing of this document has been obtained from the other signatory shown above and that said signatory has authorized placement of his electronic signature on this document.

Dated: June 13, 2019

<i>/s/ Daniel Johnson Jr.</i><br>
Daniel Johnson Jr.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STAY CIVIL ACTION                    CASE NO. 3:17-CV-06932-MMC