# EXHIBIT 1
# To Second Amended Complaint

2 1 1 0 6 1 3 0 3 7 6 官股

# 臺灣臺中地方法院檢察署檢察官起訴書

106年度偵字第11035號
106年度偵字第4520號
106年度偵字第5612號
106年度偵字第5613號

被　　　　　告　何建廷　男　41歲（民國64年11月5日生）
　　　　　　　　住臺中市西屯區何厝街129號
　　　　　　　　居臺南市新市區大順六路6號
　　　　　　　　國民身分證統一編號：B121163317號

選任辯護人　賈俊益律師

被　　　　　告　王永銘　男　42歲（民國63年10月25日生）
　　　　　　　　住臺中市南屯區文心南五路1段201號
　　　　　　　　11樓之9
　　　　　　　　國民身分證統一編號：B121352878號

選任辯護人　莊婷聿律師
　　　　　　　陳哲宏律師（106年2月7日終止委任關係）

被　　　　　告　戎樂天　男　53歲（民國52年9月19日生）
　　　　　　　　住臺南市新市區大順七路50號8樓
　　　　　　　　居臺南市新市區大順三路6號8樓之5
　　　　　　　　國民身分證統一編號：H121305464號

選任辯護人　陳哲宏律師
　　　　　　　黃恩旭律師
　　　　　　　劉家昆律師（106年6月19日終止委任關係）

被　　　　　告　聯華電子股份有限公司
　　　　　　　　設新竹市力行二路3號
　　　　　　　　統一編號：47217677號

代　表　人　洪嘉聰　住同上

選任辯護人　黃恩旭律師
　　　　　　　洪梅芬律師

上列被告等因違反營業秘密法等案件，業經偵查終結，認應該提

1

Exhibit 1
Page 1

起公訴，茲將犯罪事實及證據並所犯法條分敘如下：

犯罪事實

一、何建廷、王永銘原為址設中部科學工業園區臺中市后里區三豐路4 段369 號瑞晶電子股份有限公司（下稱瑞晶公司）之員工。瑞晶公司係由日本Elpida Memory, Inc（下稱日本爾必達公司）與臺灣力晶科技股份有限公司合資設立之公司，從事動態隨機存取記憶體（下稱DRAM）晶圓之專業代工。美國Micron Technology, Inc（下稱美國美光公司）總部設在美國愛達荷州波伊西市，主要業務為製造與銷售DRAM、NAND flash及NOR flash 記憶體產品，以及封裝解決方案與半導體系統，於民國102 年間收購日本爾必達公司、瑞晶公司之多數股權，乃將日本爾必達公司更名為Micron Memory Japan ，並將瑞晶公司更名為台灣美光記憶體股份有限公司（下稱台灣美光公司），何建廷、王永銘因此成為台灣美光公司之員工。美國美光公司曾於100 年9 月2 日，將屬於該公司所有之智慧財產權授權給新加坡美光公司（Micron Semiconductor Asia）使用，而台灣美光公司對於製造DRAM晶圓之方法、技術、製程、設計等資訊，經由文字、符號、圖示等方法予以表現後，成為著作，並以電磁紀錄方式保存在具有加密及管制存取功能之電腦伺服器；台灣美光公司員工登入電腦伺服器存取上開電磁紀錄，需輸入帳號及密碼，且自105 年4 月20日起即不得使用USB PORT（連接電腦與外部儲存設備之一種端口）進行存取，前述電磁紀錄所載資訊非一般涉及該類資訊之人所知，具有高度經濟價值，有合理之保密措施，亦屬營業秘密法第2 條所稱之營業秘密。台灣美光公司於103 年2 月28日與美國美光公司簽訂名稱為MTI/MMT Design Engineering Servi ces Agreement之合約，將簽約前或該合約存續期間因工作所取得之智慧財產權（包含營業秘密）轉讓予美國美光公司，並於同日經由新加坡美光公司之授權而得使用屬於美國美光公司之智慧財產權。

Exhibit 1
Page 2

二、聯華電子股份有限公司（下稱聯電公司）為臺灣第一家提供
積體電路（IC）晶圓專業代工服務的公司，早期曾從事DRAM
之開發及製造，後來結束DRAM之製造業務，將相關技術人員
移撥至該公司其他部門。直至105 年1 月間，聯電公司派員
與大陸地區福建省晉華集成電路有限公司（下稱晉華公司）
洽談，雙方協議進行32奈米DRAM及32S 奈米DRAM相關製程技
術開發，由晉華公司提供3 億美元資金採購研發設備，並依
開發進度陸續支付聯電公司4 億美元，開發成果由雙方共同
擁有，整體技術完成後將轉移至晉華公司進行32奈米DRAM及
32S 奈米DRAM之量產。聯電公司為執行前述技術合作案，於
105 年1 月間在臺南市科學園區Fab12A第二廠區內成立「新
事業發展中心」（New Business Developmnt ，下稱NBD ）
，由陳正坤（原台灣美光公司董事長，於104 年7 月31日離
職，並於104 年9 月間轉任聯電公司資深副總經理，英文姓
名Stephen ）負責主導，並於NBD 下成立專案技術一處（下
稱PM1 ）、專案技術二處（下稱PM2 ）及專案技術三處（下
稱PM3 ）等部門，陸續招募原在台灣美光公司任職之何建廷
、王永銘等人，且由戎樂天擔任PM2 部門之協理。PM2 下設
製程整合一部（下稱PI1 ）、製程整合二部（下稱PI2 ）、
缺陷分析管理部（下稱DM）及元件部（下稱Device）。聯電
公司於105 年3 月11日向經濟部投資審議委員會申請核可前
述技術合作案，經該會於105 年4 月12日以經審二字第1050
0055030 號函准許。聯電公司、晉華公司及日本Ultra
MemoryInc.（下稱日本UMI 公司）等三方，復於105 年11月
8 日簽訂「F32 奈米設計服務協議（F32nm Design Service
Agreement ）」，約定將聯電公司所制定之DRAM設計規則(
英文名稱：Design Rule 、Layout Rule ，由於半導體製程
技術係一門專業、精緻又複雜的技術，容易受到不同製造設
備製程方法的影響，故在考慮各項產品如何成功地製造出來
時，需有一套規範定義相關電性參數規格）轉換為程式碼後

3

Exhibit 1
Page 3

，送交日本UMI 公司進行設計圖修訂、反饋、執行程式及晶片設計製作，總額378 萬3，000美元之設計服務費用均由晉華公司分3 期支付予日本UMI 公司，日本UMI 公司測試完成並交付GDS （TV0 及TV1 ）檔案及TV1 芯片DDR4後，再把整體32/32S奈米DRAM開發技術交晉華公司進行DRAM成品量產。惟聯電公司之受雇人何建廷、王永銘、戎樂天為執行該公司業務，竟為後述犯行。

三、何建廷於103 年2 月24日在台灣美光公司任職時曾簽立「聘僱合約」及「保密及智慧財產合約」，雙方約定當何建廷與台灣美光公司之僱傭關係終止時，何建廷應將當時擁有或掌控之機密資訊（包含營業秘密）之文件、紀錄、筆記本或其他可存放機密資訊之物品留給公司，包括其複本與以紙本及電子方式保存之資訊；若何建廷在非台灣美光公司之財產上存有機密資訊，應將此等機密資訊返還，並銷毀任何其擁有或掌控之副本。何建廷因擔任台灣美光公司量產整合部課長職務，曾登入該公司有管制之電腦伺服器，讀取與DRAM製程有關、屬於美國美光公司營業秘密之電磁紀錄（下稱A 電磁紀錄），並複製至自己所有之隨身碟（即附表六贓物庫物品編號36所示物品）、個人硬碟（即附表七所示物品），以供工作時可隨時讀取，且持有美國美光公司營業秘密之紙本資料（即附表六贓物庫物品編號35之編號2,3,4,5,6,7,8,10,11，12,13,14紙本資料及編號15資料夾內名為ECD-DPB-1076、ECD-DPB-1111之文件，下稱B 紙本資料）。嗣於104 年10月15日，何建廷自台灣美光公司離職，惟其並未依照上開合約內容銷毀其所持有之A 電磁紀錄及B 紙本資料，復於104年11月間至聯電公司任職，於105 年4 月間擔任PM2 部門下之PI1 經理。何建廷於105 年1 月間，已知悉聯電公司開始推動前開技術合作案，成為美國美光公司之競爭對手，而自己所持有之A 電磁紀錄及B 紙本資料，有助於聯電公司及晉華公司在大陸地區量產DRAM晶圓，竟意圖在大陸地區使用及

4

Exhibit 1
Page 4

損害美國美光公司之利益，自105年1月至106年2月7日即法務部調查局新北市調查處執行搜索之日止，不為刪除、銷毀A電磁紀錄及B紙本資料，進而逾越台灣美光公司原授權何建廷使用該等資訊之範圍，在臺南市新市區大順六路63號657室即聯電公司宿舍、臺南市新市區南科三路57號之聯華公司Fab12A廠第二廠區PM2辦公室，以聯電公司所配發並已解除USB PORT管制之公用筆記型電腦（即附表六贓物庫物品編號34所示物品）讀取A電磁紀錄，且將B紙本資料攜帶至PI1辦公室而使用。

四、王永銘在台灣美光公司最後任職之職務為品質工程部副理，有權限查詢該公司所有成品的相關資料，以確認DRAM晶圓產品符合客戶要求的規格及品質，其於105年1、2月間，經由LINE通訊軟體，與已在聯電公司「新事業發展中心」任職之何建廷聯繫，得知聯電公司因與晉華公司合作研發DRAM計畫，需要懂得元件(device)之人才，雙方進一步接觸後，王永銘決定轉職至聯電公司，並透過何建廷交付履歷表給聯電公司。王永銘因此於105年2月底，前往聯電公司接受該公司人資部門主管與戎樂天之面試，議定薪資待遇比照台灣美光公司，若日後前往大陸地區工作，需另與晉華公司簽約，獲取額外獎金。嗣於105年3月25日，王永銘收到聯電公司所寄送之錄取通知書（Offer Letter），遂透過LINE通訊軟體告知何建廷此事，何建廷因此將王永銘視為聯電公司之團隊成員，開始透過LINE通訊軟體與王永銘討論聯電公司研發DRAM所遇到之技術問題。王永銘於105年4月5日向台灣美光公司提出辭職申請，經該公司同意後，訂於105年4月26日離職，其明知聯電公司就DRAM晶圓研發、製造等業務，與美國美光公司有競爭關係，為使自己日後在聯電公司任職時可以解決所遭遇之DRAM技術問題，竟意圖在大陸地區使用及損害美國美光公司之利益，自105年4月16日起至同年4月23日止，濫用其擔任台灣美光公司品質工程部副理之權限

Exhibit 1
Page 5

　　，接續使用該公司配發之公用筆記型電腦（員工編號：1132
954、使用者名稱：KENNYW，即附表一所示物品），輸入帳
號及密碼登入該公司電腦伺服器，大量讀取美國美光公司以
營業秘密及著作保護、內容為製造DRAM晶圓之方法、技術、
製程、設計之電磁紀錄（下稱C 電磁紀錄，檔案數量約931
個），並儲存至上開筆記型電腦，接著將C 電磁紀錄搬移至
連接該筆記型電腦之USB 隨身碟（即附表三贓物庫物品編號
3 所示物品），無故取得C 電磁紀錄，致生損害於美國美光
公司及台灣美光公司對於C 電磁紀錄之控制，再將C 電磁紀
錄重製至自己所有之筆記型電腦2 部（即附表二及附表三贓
物庫物品編號6 之物品）及Google Drive網路雲端硬碟（帳
號：brh5476@gmail.com），擅自以重製之方法取得美國美
光公司之營業秘密及侵害美國美光公司之著作財產權。

五、王永銘於105 年4 月28日前往聯電公司任職，擔任PM2 部門
　　下之Device技術經理後，即承前述意圖及擅自重製他人著作
　　之犯意，接續使用自己所有之門號0911-834291 號電話手機
　　（即附表五贓物庫編號17之物品）、聯電公司配發之公用筆
　　記型電腦（即附表五贓物庫編號18之物品），連接網際網路
　　，讀取在Google Drive網路雲端硬碟（帳號：brh5476@gmai
　　l.com ）所儲存之C 電磁紀錄，並下載台灣美光公司所使用
　　之「DRAM設計規則」電磁紀錄（檔名「【DR25nmS 】
　　Temporary designrules Periphery Rev.06」，路徑：
　　V90B/0.Design/ Design Rule，下稱DR25nmS 設計規則）及
　　其他電磁紀錄，接著列印成紙本（即附表四扣押筆錄編號
　　C-1-2 文件、附表六贓物庫物品編號22之紙本，下稱D 紙本
　　資料），擅自以重製之方法侵害美國美光公司之著作財產權
　　。嗣於105 年7 月至8 月間之某日，王永銘參加戎樂天所主
　　持之PM2 部門早會，並應戎樂天之要求，於早會結束後與
　　PI2 經理魏銘德留在會議室內，繼續討論魏銘德所提報之
　　F32 DRAM「設計規則」初稿。因聯電公司過去主要營運項目

6

Exhibit 1
Page 6

為邏輯製程晶圓代工，沒有DRAM相關的設計者手冊，故PI2
以聯電公司的65奈米邏輯製程設計者手冊為藍本，前述初稿
缺乏DRAM設計規則必要之「Cell」、「Array」及「
Periphery」三大類別參數，王永銘提出關於離子植入參數
（用來控制半導體中雜質量的關鍵程序）之意見。戎樂天明
知王永銘已從台灣美光公司離職近半年，其所持有之台灣美
光公司資料應係以不正方法所取得，竟意圖在大陸地區使用
及損害美國美光公司之利益，要求王永銘參考台灣美光公司
之資料（即DR25nmS設計規則），與聯電公司F32 DRAM「
設計規則」交互比對，將不同部分挑出，標上美國美光公司
之DRAM設計規則之穩定數值，填寫包含無法以逆向工程回推
之離子植入等相關必要參數，協助完成設計規則中「Cell」
、「Array」及「Periphery」等部分，再交給戎樂天審閱
，以使聯電公司加速完善F32 DRAM設計規則內容。王永銘接
受戎樂天前開指示後之2至3日內，從聯電公司電腦伺服器
下載公版邏輯IC設計規則定稿，自行新增「Cell」、「
Array」及「Periphery」欄位，在聯電公司之十餘張設計
規則定稿紙本上，參照DR25nmS設計規則，填上「width」
、「space」等參數，迅速完成數據新增及修改，再將有使
用到DR25nmS設計規則部分參數之紙本當面交付予戎樂天，
戎樂天則將該等紙本轉交予魏銘德，囑咐魏銘德與王永銘商
討，不知情之魏銘德及PI2工程師吳國豪因此與王永銘討論
聯電公司F32 DRAM設計規則之參數穩定度及其他參數值，進
而完成聯電公司F32 DRAM設計規則。聯電公司原未設置光照
下線組（mask tape-out）及離子植入專業人員，俟王永銘
提供DR25nmS設計規則製程參數予聯電公司後，PI2開發
F32 DRAM設計規則時，即逕行跳過光學近接干擾修正、蝕刻
及黃光等過程，僅2個月時間便將設計規則完成，交由晶片
設計廠商進行下一階段製程，降低製作設計規則所需耗費之
時間、金錢、設備及人力成本，王永銘亦因工作表現得力，

7

Exhibit 1
Page 7

於106 年1 月間晉升Device經理。

六、台灣美光公司於王永銘離職後，經由內部清查，懷疑王永銘
涉嫌擅自重製C 電磁紀錄，美國美光公司、台灣美光公司因
此向法務部新北市調查處提出告訴，並提出附表一所示之筆
記型電腦供扣押。本署檢察官據報後，向臺灣臺中地方法院
聲請對王永銘所持用之門號0911-834291 門號電話執行通訊
監察獲准，並指揮法務部新北市調查處調查官於106 年2 月
7 日，持臺灣臺中地方法院核發之搜索票，前往附表二至五
所示之地點執行同步搜索，並扣得附表二至五所示之物品。
惟法務部新北市調查處調查官於106 年2 月7 日14時10分許
，至臺南市區南科三路57號之聯電公司Fab1 2A 廠第二
廠區執行搜索時，因聯電公司設有門禁管制，在聯電公司安
全部主管邱清源等人陪同下前往PM2 部門，同時間聯電公司
人資部通知戎樂天，檢調機關將對王永銘座位執行搜索一事
。戎樂天竟分別告知王永銘及何建廷速將辦公座位內有關台
灣美光公司之資料予以移除。王永銘及何建廷即依戎樂天指
示，分別將附表六所示物品交予PM2 助理工程師黃書涵（所
涉刑法第165 條之罪，另為緩起訴處分）保管，黃書涵遂將
該等物品隱匿於個人置物鐵櫃中上鎖，並持王永銘交付之門
號0911-834291 手機離開PM2 辦公室。調查官搜索王永銘辦
公座位，僅發現聯電公司配發予王永銘持用之門號0965-702
303 號公務手機1 支，未見受通訊監察之門號0911-834291
門號手機，經追問王永銘該手機下落，王永銘辯稱係於上午
借予同事黃書涵看照片，經洽聯電公司主管人員緊急聯繫黃
書涵要求其立即返回辦公室，黃書涵始於105 年2 月7 日15
時25分許返回辦公室，並交出該門號0911-834291 門號之手
機給調查官扣押。

七、嗣經本署檢察官於106 年2 月8 日以證人身分訊問何建廷，
何建廷於同日提出附表七所示物品供調查官扣押，黃書涵亦
主動於106 年2 月9 日提出附表六所示物品供本署檢察官扣

Exhibit 1
Page 8

押。王永銘於106 年2 月7 日至8 日接受調查官詢問及檢察官訊問時,供出犯罪事實五部分,本署檢察官根據上開證據資料,再指揮法務部新北市調查處調查官持臺灣臺中地方法院核發之搜索票,於106 年2 月14日至附表八、九所示地點執行搜索,扣得如附表八、九所示物品;又徵得戎樂天同意,至附表十所示地點執行搜索,扣得如附表十所示物品。

八、案經台灣美光公司、美國美光公司提出告訴(委任情形及告訴對象如附表十二所示),以及聯電公司提出告發(委任情形及告發對象如附表十三所示),經本署檢察官指揮法務部調查局新北市調查處調查官調查後,由該處移送偵辦。

證據並所犯法條

一、認定犯罪事實所憑之證據:

(一)供述證據:

1. 被告何建廷於106 年2 月14日調查官詢問時之供述(C卷頁2-54);於106 年2 月15日、106 年6 月9 日檢察官偵訊時之供述(C卷頁78-87 、A4卷頁87-91)。

2. 被告王永銘於106 年2 月7 日、106 年2 月14日調查官詢問時之供述(B卷頁4-27、115-135);於106 年2 月8 日、10 6年2 月15日檢察官偵訊時之供述及具結後證詞(B卷頁92-107、243-252 );於106 年6 月9 日檢察官偵訊時之供述(B卷頁92-107、B 卷頁243-252 、A4卷頁83-91)。

3. 被告戎樂天於106 年2 月14日調查官詢問時之供述(D 卷頁5-25);於106 年2 月15日、106 年6 月15日檢察官偵訊時之供述(D卷頁41-55 、115-125)。

4. 被告聯電公司之代理人劉家昆律師於106 年3 月14日調查官詢問時之陳述(A5 卷頁14-24 )。

5. 同案被告黃書涵於106 年2 月7 日調查官詢問時之供述(E 卷頁5-12);於106 年2 月8 日、106 年2 月9 日、106 年6 月15日檢察官偵訊時之供述(E 卷頁73-75 )。

6. 告訴代理人即台灣美光公司法務經理陳希賢於105 年8 月

18日、105 年9 月1 日調查官詢問時之陳述（A1卷頁132
-147）；以證人身分於106 年2 月13日檢察官偵訊時之證
詞（A2卷頁186-187 ）。

7. 證人即美國美光公司法務長David Alford Ashmore於105
年9 月1 日、105 年12月14日調查官詢問時之陳述(A1 卷
頁149-154 、316-321)。

8. 證人即美國美光公司資訊安全部門人員J.R .Tietsort 於
105 年9 月1 日調查官詢問時之陳述(A1 卷頁155-163)。

9. 證人即美國美光公司工程師Lucient Jan 於105 年11月22
日、106 年2 月16日調查官詢問時之陳述(A1 卷頁267-27
4 、A2卷頁331-336)。

10. 被告何建廷於106 年2 月7 日以證人身分接受調查官詢問
之陳述（A1卷頁341-353）；於106 年2 月8 日以證人身分
接受檢察官訊問之證詞(A1 卷頁357-365)。

11. 證人即聯電公司南科廠區專案經理郭佩姍於106 年2 月8
日調查官詢問時之陳述(A1 卷頁368-378)；於106 年2 月
8 日檢察官偵訊時之證詞（A1卷頁383-385)。

12. 證人即聯電公司資深副總經理陳正坤於106 年2 月8 日調
查官詢問時之陳述(A1 卷頁387-393)；於106 年2 月8 日
檢察官偵訊時之證詞（A1卷頁396-401)。

13. 證人即台灣美光公司製程整合部經理洪伯昌於106 年2 月
7 日調查官詢問時之陳述(A2 卷頁1-7)。

14. 證人即台灣美光公司製程整合部課長謝文浩於106 年2 月
7 日調查官詢問時之陳述(A2 卷頁11-19)。

15. 證人即台灣美光公司製程整合部工程師林秀貞於106 年2
月7 日調查官詢問時之陳述(A2 卷頁74-82)。

16. 證人即台灣美光公司即時缺陷分析部經理陳俋菱於106 年
2 月7 日、106 年2 月13日調查官詢問時之陳述(A2 卷頁
85-93 、118-124)；於106 年2 月13日、106 年5 月25日
檢察官偵訊時之證詞（A2卷頁182-187 、383-387)。

1 0

Exhibit 1
Page 10

17. 證人即台灣美光公司PROVER部函數課工程師林宏益於106 年2 月7 日調查官詢問時之陳述(A2 卷頁95-101) 。

18. 證人即台灣應用材料股份有限公司董事長余定陸於106 年2 月7 日調查官詢問時之陳述(A2 卷頁103-107)。

19. 證人即台灣智融科技股份有限公司總監王啟倫於106 年2 月13日調查官詢問時之陳述(A2 卷頁108-111);於106 年2 月13日檢察官訊問時之證詞（A2卷頁113-116)。

20. 證人即聯電公司製程整合工程師吳國豪於106 年2 月14日調查官詢問時之陳述(A2 卷頁230-241);於106 年2 月15日檢察官偵訊時之證詞（A2卷頁314-319)。

21. 證人即聯電公司之製程整合二部經理魏銘德於106 年2 月14日調查官詢問時之陳述(A2 卷頁248-264);於106 年2 月15日檢察官訊問時之證詞（A2卷頁320-326)。

（二）非供述證據：

1. 台灣美光公司之公司登記資料（A1卷頁17）。

2. 台灣美光公司制式「保密及智慧財產合約」1 份(A1 卷頁18-26)。

3. 台灣美光公司「團隊成員手冊」所載「機密資訊之保管」（A1卷頁32-36)。

4. 台灣美光公司之工作規則（A1卷頁37-41)。

5. 台灣美光公司於105 年4 月20日發布之個人電腦USB 管控措施（A1卷頁54-56)。

6. 台灣美光公司員工閱覽電腦伺服器內屬於營業秘密電磁紀錄所會出現之警語（A1卷頁57)。

7. 被告王永銘於105 年4 月5 日向台灣美光公司提出之離職申請單影本(A1 卷頁73-74)。

8. 被告王永銘自105 年3 月20日至4 月26日在台灣美光公司之出勤及門禁刷卡紀錄資料（A1卷頁78-81)。

9. 被告王永銘使用附表一所示筆記型電腦之檔案轉移紀錄（A1卷頁83-97)。

11

Exhibit 1
Page 11

10. 被告王永銘與台灣美光公司於103 年2 月26日簽署之「聘僱合約與保密及智慧財產合約」影本(A1卷頁104-120)。

11. 被告王永銘在台灣美光公司任職期間之教育訓練紀錄（A1卷頁122-126)。

12. 被告王永銘於105 年4 月26日向台灣美光公司提出之辭職聲明(A1 卷頁127-131)。

13. 美國美光公司釋明被告王永銘以不正當方法所取得之電磁紀錄之用途（A1卷頁186-198、A3卷頁325-492）。

14. 美國美光公司及台灣美光公司於103 年2 月28日簽訂之MTI/MMT Design Engineering Services Agreement1份(A1卷頁206-216)、美國美光公司與新加坡美光公司於100 年9 月2 日簽訂之MSA/MTI Front-end Manufacturing Supply Agreement影本（A1卷頁217-231 ）、新加坡美光公司與台灣美光公司於103 年2 月28日簽署之Foundry Agreement 影本（A1卷頁233-252）。

15. 美國美光公司對於被告王永銘所用附表一所示筆記型電腦之分析報告(A3 卷頁511-528)。

16. 被告王永銘、何建廷之勞工保險被保險人投保資料表(A3卷頁536-537)。

17. 法務部調查局105 年10月5 日調資伍字第10514003270 號函所附鑑識報告（A3卷頁543-544)。

18. 法務部調查局106 年2 月23日調資伍字第10614505100 號函所附鑑識報告(A3卷頁570-573)。

19. 被告王永銘所用雲端硬碟之檔案清單(A3卷頁576-678)。

20. 經濟部投資審議委員會所檢附之聯電公司申請與晉華公司從事技術合作之全卷資料影本(A3 卷頁682-725)。

21. 被告王永銘使用LINE通訊軟體之對話紀錄(A3 卷頁790-912)。

22. 台灣美光公司於105 年4 月19日寄送給被告何建廷之函文（A2卷頁191-192)。

Exhibit 1
Page 12

23. 台灣美光公司於103 年2 月24日與被告何建廷所簽屬之「聘僱合約與保密及智慧財產合約」影本(A2 卷頁193-200、210-218 )。

24. 台灣美光公司所留存之被告何建廷人事資料卡影本（A2卷頁203）。

25. 瑞晶公司與被告何建廷簽署之聘僱合約書影本(A2 卷頁204-206)。

26. 法務部調查局新北市調查處106 年2 月7 日執行搜索聯電公司王永銘辦公室座位現場報告(E卷頁16-17 )。

27. 附表一之扣押筆錄（A1卷頁176-178 之1 ）、附表二之搜索扣押筆錄（F1卷頁31-34)、附表三之搜索扣押筆錄(F1卷頁47-49 )、附表四之搜索扣押筆錄(F1 卷頁24-26)、附表五之搜索扣押筆錄(F2 卷頁30-33 )、附表六之扣押筆錄(E卷頁67-68 )、附表七之扣押筆錄(C卷頁96-99)、附表八之搜索扣押筆錄(F4 卷頁26-29 )、附表九之搜索扣押筆錄(F3 卷頁23-27 )、附表十之搜索扣押筆錄(F3卷頁28-31 )。

28. 扣押物品照片(A4 卷頁53-75)。

29. 附表一至附表十之扣押物品。

二、對於本案之判斷：

（一）被害之是否直接，須以犯罪行為與受侵害之法益有無直接關係為斷，如就同一客體有二以上之法益同時並存時，苟其法益直接為犯罪行為所侵害，則兩法益所屬之權利主體，均為直接被害人，並不因另有其他之直接被害人而發生影響，此有最高法院30年上字第3416號判例可供參考。本案被告何建廷、王永銘所涉嫌侵害之客體，係由美國美光公司經由新加坡美光公司，授權台灣美光公司所使用、關於製造DRAM晶圓之方法、技術、製程、設計之資訊，該等資訊係以電磁紀錄方式儲存在台灣美光公司之具有保密措施之電腦伺服器內，屬於著作權法第3 條第1 項第1 款所

1 3

Exhibit 1
Page 13

定義之著作，亦屬營業秘密法第2條所定義之營業秘密。申言之，美國美光公司為該等電磁紀錄之所有人，台灣美光公司則為該等電磁紀錄之準占有人（民法第966條第1項規定參照），故美國美光公司、台灣美光公司就上開電磁紀錄遭侵害之犯罪事實，均得提出告訴。至於聯電公司雖於106年2月23日提出「刑事告訴狀」，指稱被告王永銘在聯電公司任職期間，隱瞞聯電公司而不法使用台灣美光公司之營業秘密，但因聯電公司並非上開電磁紀錄之所有人及準占有人，故該「刑事告訴狀」僅能認為係提出告發。

（二）著作權法與營業秘密法所保護者為「資訊」，此種資訊是有價值的資訊，與有體物一樣成為財產之一種，未獲同意之取得資訊行為，將構成資訊財產權利益之侵害。另刑法第10條第6項所定義之電磁紀錄，指以電子、磁性、光學或其他相類之方式所製成，而供電腦處理之紀錄，電磁紀錄因非實體財產，具有不可分割、不會耗盡與一旦揭露就無所不在之特性，若載有著作權法或營業秘密法所保護之資訊，則未獲同意無權取得或持有該等電磁紀錄之行為，將使所有人失去對於營業秘密及著作之控制，必將侵害到所有人「資訊之專屬性或排他性使用」（exclusive use of information）及秘密之獨佔價值（monopoly value），此屬於財產上利益之侵害。被告何建廷、王永銘前往美國美光公司之競爭對手即聯電公司任職後，仍無故持有美國美光公司所有之營業秘密，且該等營業秘密有助於解決聯電公司開發DRAM產品所遇到之問題，而聯電公司開發完成之方法、技術、製程、設計，最終將移轉至大陸地區之晉華公司；又在無須參考任何實體文件或電磁紀錄，以及實施驗證之情形下，工程師僅憑記憶或經驗，幾乎不可能提供聯電公司F32 DRAM設計規則內之「Cell」、「Array」及「Periphery」等參數，此經證人LUCIENT JAN 於

106 年2 月16日調查官詢問時證述明確，故被告戎樂天於
105 年7 月至8 月間之某日，要求當時在Device部門任職
之被告王永銘，提供設計規則參數給魏銘德，被告戎樂天
主觀上應明知被告王永銘所持有之資訊係以不正方法從告
訴人台灣美光公司取得（關於此點，從調查官於106 年2
月7 日至聯電公司PM2 部門搜索前，被告戎樂天曾告知被
告王永銘、何建廷移除其等所持有之告訴人台灣美光公司
資料，亦可獲得證明）。從而，被告何建廷、王永銘於偵
查中辯稱其等取得犯罪事實欄所述之電磁紀錄及紙本，目
的只是要供個人研究之用，以及被告戎樂天於偵查中辯稱
只是要求部屬即被告王永銘發表對於聯電公司所訂設計規
則F32 DRAM設計規則初稿之意見等情節，並不可採。被告
何建廷、王永銘、戎樂天確實有損害告訴人美國美光公司
利益、在大陸地區使用告訴人美國美光公司營業秘密之意
圖。

（三）另營業秘密法第13條之4 但書所稱：「法人之代表人或自
然人對於犯罪之發生，已盡力為防止行為」，所稱已盡力
為防止行為，乃依當時情況，行為人已誠摯努力，「積極
」盡其防止之能事，而實行與有效防止結果行為，具有相
當性之行為而言。本件被告聯電公司雖提出被告何建廷、
王永銘、戎樂天於任職時所簽屬之聘僱契約書影本、教育
訓練資料，並表示該公司限制使用USB PORT，公發筆電不
得連結該公司內部網路，用以證明該3 人任職時有承諾不
得將前僱主之機密資料洩漏給聯電公司，且聯電公司有對
該3 人實施智慧財產權之教育課程，已經採取杜絕他人營
業秘密進入之措施。惟本案經檢察官實施搜索扣押後，發
現在聯電公司PI2 辦公室內，存有被告王永銘、何建廷自
告訴人台灣美光公司所取得之上開電磁紀錄及紙本，且被
告王永銘、何建廷至聯電公司任職後，即持續參考使用該
等資訊，可見被告聯電公司只是與被告何建廷、王永銘、

１５

Exhibit 1
Page 15

戎樂天簽訂制式之聘僱契約書，並實施職前教育訓練，而未於其等任職後積極採取防止侵害他人營業秘密之作為（舉例而言，在被告聯電公司所能控制之場所，可定期進行資訊資產盤點），故被告聯電公司所為辯解，自難採取。

三、所犯法條：

（一）被告何建廷意圖在大陸地區使用及損害告訴人美國美光公司之利益，持有告訴人美國美光公司營業秘密，經告訴人台灣美光公司要求應刪除、銷毀後，不為刪除、銷毀該營業秘密，進而逾越授權範圍而使用該營業秘密，係犯營業秘密法第13條之2 第1 項之意圖在大陸地區使用而犯同法第13條之1 第1 項第2 款、第3 款之罪嫌。被告何建廷以單一犯意，接續為上開犯行，僅論以一罪。又告訴代理人王仁君律師雖於106 年2 月13日偵訊時，表示被告何建廷上開行為亦涉犯刑法第359 條之無故取得他人電磁紀錄致生損害罪嫌，惟證人陳侃菱於106 年2 月13日偵訊時證稱：台灣美光公司於105 年4 月以前，並沒有限制工程師將公司檔案存放在隨身碟內等語，故本案尚無積極證據認定被告何建廷係於任職告訴人台灣美光公司期間，「無故」取得該公司之電磁紀錄。

（二）被告王永銘意圖在大陸地區使用及損害告訴人美國美光公司之利益，擅自重製及以不正方法取得營業秘密，同時侵害告訴人美國美光公司之著作財產權，取得營業秘密後進而使用、洩漏，係犯營業秘密法第13條之2 第1 項之意圖在大陸地區使用而犯同法第13條之1 第1 項第1 款、著作權法第91條第1 項之擅自以重製之方法侵害他人之著作財產權等罪嫌。被告王永銘基於單一犯意，以一接續行為同時觸犯上開數罪名，為想像競合犯，請依刑法第55條規定，從一重論以營業秘密法第13條之2 第1 項之罪。告訴人台灣美光公司、美國美光公司雖認為被告王永銘同時觸犯刑法第317 條之洩漏業務上知悉工商秘密罪、刑法第318

Exhibit 1
Page 16

　　　條之1 之洩漏利用電腦知悉之他人秘密罪、刑法第342 條
　　　第1 項之背信、刑法第359 條之無故取得他人電磁紀錄致
　　　生損害等罪嫌,惟營業秘密法於102 年1 月31日增訂公布
　　　第13條之1 至13條之4 等條文,其立法理由在於刑法第
　　　317 條、第318 條之1 、第318 條之2 、第342 條、第
　　　359 條等規定對於營業秘密保護有所不足,始予以增訂(
　　　立法院第8 屆第2 會期第14次會議議案關係文書參照),
　　　足見前述營業秘密法之增訂條文,係上開刑法條文之特別
　　　法,依特別法優於普通法之原則,自應適用營業秘密法。
　　　又被告王永銘於偵查中供述與本案案情有重要關係之待證
　　　事項,因而使檢察官得以追訴本案必要共犯即被告戎樂天
　　　所涉如犯罪事實欄五所示犯行,且經本檢察官事先同意,
　　　請依證人保護法第14條第1 項規定,就被告王永銘所涉營
　　　業秘密法第13條之2 第1 項之罪,減輕或免除其刑。
(三)被告戎樂天意圖在大陸地區使用及損害告訴人美國美光公
　　　司之利益,明知被告王永銘所持有之營業秘密以不正方法
　　　所取得,仍使用之,係犯營業秘密法第13條之2 第1 項之
　　　意圖在大陸地區使用,而犯同法第13條之1 第1 項第4 款
　　　之罪嫌。
(四)被告聯電公司之受雇人即被告何建廷、王永銘、戎樂天,
　　　因執行業務,犯營業秘密法第13條之2 第1 項之罪,請依
　　　營業秘密法第13條之4 前段規定,對被告聯電公司科同法
　　　第13條之2第1 項之罰金刑。
四、沒收:
　　　被告何建廷因犯罪所取得之A 電磁紀錄及B 紙本資料,以及
　　　被告王永銘因犯罪所取得之C 電磁紀錄及D 紙本資料,請依
　　　刑法第38條之1 第1 項前段規定,宣告沒收。附表二,附表
　　　三贓物庫物品編號3 、6 ,附表五贓物庫物品編號16,附表
　　　六贓物庫物品編號20所示物品,係被告王永銘所有供犯罪所
　　　用之物;另附表六贓物庫物品編號36、附表七所示物品,係

Exhibit 1
Page 17

被告何建廷所有供犯罪所用之物，請依刑法第38條第2項規
定，宣告沒收。

五、依刑事訴訟法第251條第1項提起公訴。

　　此　致

臺灣臺中地方法院

中　華　民　國　　106　　年　　8　　月　　8　　日

　　　　　　　　　　檢察官　陳立偉

本件正本證明與原本無異

中　華　民　國　　106　　年　　8　　月　　31　　日

　　　　　　　　　　書記官　陳一青



附表

執行時間：105 年 9 月 29 日
執行處所：新北市調查處
受執行人：台灣美光公司
執行依據：刑事訴訟法第133 條第3 項

| 扣押筆錄編號 | 贓物庫扣押物品編號 | 扣押物品名稱 | 數量 | 備註 |
|---|---|---|---|---|
| A-1 | 1 | 王永銘使用之筆記型電腦 | 1臺 | 本電腦係王永銘在美國美光公司任職期間所用之電腦。 |

附表二

執行時間：106 年 2 月 7 日
執行處所：臺中市南屯區和成巷18號及相通連之處所受
執行人：王永銘
執行依據：臺灣臺中地方法院106 年度聲搜字第372 號搜索票

| 扣押筆錄編號 | 贓物庫扣押物品編號 | 扣押物品名稱 | 數量 | 備註 |
|---|---|---|---|---|
| F-1 | 2 | 筆記型電腦（含電源 | 1臺 | 1.調查局鑑識後之將該筆記型電腦內之 |

18

Exhibit 1
Page 18

（續上頁）

| | | | | |
|---|---|---|---|---|
| | | 線） | | 電磁紀錄複製至贓物庫物品編號48隨身硬碟\106030-25-10\目錄下。<br>2.證人陳佁菱於106 年2 月13日檢視後，認為下列路徑下所存放之電磁紀錄屬於美國美光公司之營業秘密：<br>①106030-25-10\106030-25-10-FUJITSU-NW9XT682R86A,P1\DocumentsandSettings\elaine\桌面\20nm<br>②106030-25-10\106030-25-10-FUJITSU-NW9XT682R86A,P1\Documents and Settings\elaine\桌面\Micron<br>③106030-25-10\106030-25-10-FUJITSU-NW9XT682R86A, P2 |

附表三
執行時間：106 年2 月7 日
執行處所：臺中市南屯區文心南五路1 段201 號11樓之9 及相通連之處所
受執行人：王永銘
執行依據：臺灣臺中地方法院106 年度聲搜字第372 號搜索票

| 扣押筆錄編號 | 贓物庫物品編號 | 扣押物品名稱 | 數量 | 備註 |
|---|---|---|---|---|
| D-1 | 3 | 隨身碟 | 1支 | 1.調查局鑑識後將該隨身碟之電磁紀錄複製在贓物庫物品編號48隨身硬碟\106030-25-06\目錄下。<br>2.證人陳佁菱於106 年2 月13日調查官詢問時檢視後，認為下列檔案屬於美國美光公司之營業秘密：<br>①4G3D Bin-z v(1).s WAT paramcorrelation.xls<br>②Fab11_twr_materials_for_25nm_task_force_V6.pptx<br>③WAT param check for 1RF746 3E. |

1 9

Exhibit 1
Page 19

（續上頁）

| | | | | WWC1 split.xls |
|---|---|---|---|---|
| D-2 | 4 | 隨身硬碟 | 1個 | 調查局鑑識後將該扣押物之電磁紀錄複製在贓物庫物品編號48隨身硬碟\106030-25-07\ 目錄下。 |
| D-3 | 5 | 隨身硬碟 | 1個 | 調查局鑑識後將該扣押物之電磁紀錄複製在贓物庫物品編號48隨身硬碟\106030-25-08\ 目錄下。 |
| D-4 | 6 | Acer筆記型電腦(含電源線) | 1組 | 1.調查局鑑識後將該扣押物之電磁紀錄複製在在贓物庫物品編號48隨身硬碟\106030-25-09\目錄下。<br>2.證人陳侶菱於106 年2 月13日調查官詢問時檢視後，認為下列目錄下所存放檔案屬於美國美光公司之營業秘密：<br>　\106030-25-09\106030-25-09-WD-WXL1A61D6393-250GB, P2\USB\YFA POOL\ |
| D-5 | 7 | 聘僱契約書 | 1本 | |
| D-6 | 8 | 存摺（永豐銀行新竹分行帳號01800400155741，戶名：王永銘） | 1本 | |

附表四
執行時間：106 年2 月7 日
執行處所：臺南市善化區龍目井路428 、430 號1 至9樓內限於王永銘個人套房部分
受執行人：王永銘
執行依據：臺灣臺中地方法院106 年度聲搜字第372 號搜索票

| 扣押筆錄編號 | 贓物庫物品編號 | 扣押物品名稱 | 數量 | 備註 |
|---|---|---|---|---|
| | | | | |

2 0

Exhibit 1
Page 20

（續上頁）

| C-1-1<br>至<br>C-1-3 | 9 | 王永銘資料 | 3本 | 證人陳俋菱、LUCIENT JAN 於調查官詢問時檢視後，認C-1-2 文件（標題：Peripheral Design Rules for DR25nm）係美國美光公司之營業秘密。 |
| C-2 | 10 | USB | 1個 | 調查局鑑識後發現該隨身碟已毀損無法讀取，故無相關資料。 |

附表五

執行時間：106 年 2 月 7 日

執行處所：臺南市新市區南科三路57號及其相通連之處所（王永銘位於聯華電子股份有限公司Fab12A第二廠區之產品經理辦公室）

受執行人：王永銘

執行依據：臺灣臺中地方法院106 年度聲搜字第375 號搜索票

| 扣押筆錄編號 | 贓物庫物品編號 | 扣押物品名稱 | 數量 | 備註 |
|---|---|---|---|---|
| A-1 | 11 | PM2組織表 | 1張 | |
| A-2-1<br>A-2-2<br>A-2-3 | 12 | 文件資料 | 3本 | 1.證人陳俋菱於調查官詢問時檢視後，認非台灣美光公司文件。<br>2.證人LUCIENT JAN 於106 年2 月16日調查官詢問時，檢視A-2-2 文件後，認為該文件內所載參數與C-1-2 文件所載參數有相同之處。 |
| A-3 | 13 | UMC人事資料表 | 1本 | |
| A-4 | 14 | 王永銘筆記本 | 1本 | 證人陳俋菱檢視後，認無台灣美光公司之營業秘密。 |
| A-5 | 15 | 手寫札記 | 1本 | 陳俋菱檢視後，認無台灣美光之營 |

２１

Exhibit 1<br>Page 21

（續上頁）

| | | | | 業秘密。 |
|---|---|---|---|---|
| A-6 | 16 | 王永銘手機（門號 0911-834291） | 1支 | 1.調查局鑑識後之報告存放在贓物庫物品編號48隨身硬碟\106030-25-01\ 2.王永銘供稱內有儲存台灣美光公司之資料。 |
| A-7 | 17 | 王永銘手機（門號 0965702303） | 1支 | 調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-02\ |
| A-8 | 18 | 聯華電子股份有限公司配發給王永銘之公用筆電（含電源線） | 1臺 | 1.調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-03\ 2.證人陳佩菱於106年2月13日檢視後，認下列目錄存有台灣美光公司營業秘密之電磁紀錄：\106030-25-03\106030-25-0-INTEL-CVTR548103WR240CGN-240GB，P1\Users\00046685\Downloads\教材-20161223T111122Z |
| A-9 | 19 | 隨身碟 | 1支 | 調查局鑑識後將電磁紀錄複製在贓物庫物品編號48隨身硬碟\106030-25-04\ |



| 附表六 執行時間：106年2月9日 執行處所：臺灣臺中地方法院檢察署第三偵查庭 受執行人：黃書涵 執行依據：刑事訴訟法第133條第3項 | | | | |
|---|---|---|---|---|
| 扣押筆錄編號 | 贓物庫物品編號 | 扣押物品名稱 | 數量 | 備註 |
| 1 | 34 | HP牌筆記型電腦（聯電標籤：UMC030761） | 1臺 | 聯電公司所有，調查局鑑識後之電磁紀錄複製在贓物庫物品編號48隨身硬碟\106030-25-12\ |

Exhibit 1
Page 22

（續上頁）

| 2 | 20 | 隨身碟（銀色PNY128GB） | 1個 | 1.王永銘所有，調查局鑑識後之電磁紀錄複製在物庫物品編號48隨身硬碟\106030-25-13\<br>2.陳佋菱於調查官詢問時檢視後，認存有美國美光公司營業秘密之電磁紀錄。 |
| | 36 | 隨身碟（Kingston廠牌） | 1個 | 1.何建廷所有，調查局鑑識後之電磁紀錄存放在贓物庫物品編48隨身硬碟\106030-25-14\<br>2.證人陳佋菱於調查官詢問時檢視後，認存有美國美光公司營業秘密之電磁紀錄。 |
| 3 | 21 | 紙本資料 | 1本 | 王永銘所有，紙本上之貼紙編號1。 |
| | 22 | 紙本資料 | 1本 | 王永銘所有，紙本上之貼紙編號9。證人陳佋菱於調查官詢問時檢視後，認係美國美光公司之營業秘密。 |
| | 35 | 紙本資料 | 13本 | 1.何建廷所有，紙本上之貼紙編號分別為2,3,4,5,6,7，8,10,11,12,13,14,15。<br>2.編號2,3,4,5,6,7，8,10,11,12,13,1紙本資料及編號15資料夾內之ELPIDA ECD-DPB-1111、ECD-DPB-1076，陳佋菱於調查官詢問時檢視後，認係美國美光公司之營業秘密。 |
| 4 | 23 | 筆記本 | 1本 | 王永銘所有 |
| 5 | 37 | 爾必達-瑞晶后里技術研發中心營運計畫書 | 1本 | |

附表七
執行時間：106 年2 月8 日
執行處所：臺南市新市區大順六路63號657 室
受執行人：何建廷

2 3

Exhibit 1
Page 23

（續上頁）

| | 執行依據：刑事訴訟法第133 條第3 項 | | | |
|---|---|---|---|---|
| 扣押筆錄編號 | 贓物庫扣押物品編號 | 扣押物品名稱 | 數量 | 備註 |
| 1 | 25 | 行動硬碟 | 1顆 | 1.調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-11\。<br>2.證人陳俋菱於調查官詢問時檢視後，認存有美國美光公司營業秘密之電磁紀錄。 |

附表八
執行時間：106 年2 月14日
執行處所：臺南市新市區南科三路57號（聯華電子股份有限公司Fab1
　　　　　 2A廠第二廠區新事業發展中心專案技術二處PM2 何建廷個人辦公室）
受執行人：何建廷
執行依據：臺灣臺中地方法院106 年度聲搜字第421 號搜索票

| 扣押筆錄編號 | 贓物庫物品編號 | 扣押物品名稱 | 數量 | 備註 |
|---|---|---|---|---|
| 2B-1-1至2B-1-4 | 26 | 何建廷筆記本 | 4本 | |
| 2B-2 | 27 | 美光公司函文 | 1份 | |
| 2B-3 | 28 | 勞動合約 | 1份 | |
| 2B-4 | 29 | 何建廷手機（門號0910411131、0965280938） | 1支 | 調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-15\ |
| 2B-5 | 30 | 何建廷雜記 | 1張 | |
| 2B-6 | 31 | 何建廷筆電(Asus牌) | 1臺 | 調查局鑑識後之電磁紀錄存放在贓物庫 |

2 4

Exhibit 1
Page 24

（續上頁）

| | | | | 物品編號48隨身硬碟\106030-25-16\ |
|---|---|---|---|---|
| 2B-7 | 32 | 聯電資料 | 2張 | |
| 2B-8 | 33 | 何建廷電子郵件隨身碟 | 1個 | 調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-17\ |

附表九
執行時間：106 年2 月14日
執行處所：臺南市新市區南科三路57號（聯華電子股份有限公司Fab12A廠第二廠區新事業發展中心專案技術二處PM2 戎樂天個人辦公室）
受執行人：戎樂天
執行依據：臺灣臺中地方法院106 年度聲搜字第416 號搜索票

| 編號 | 贓物庫物品編號 | 扣押物品名稱 | 數量 | 備註 |
|---|---|---|---|---|
| 2A-1-1 | 39 | iphone手機 | 1支 | 調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-18\ |
| 2A-1-2 | 40 | iphone手機 | 1支 | 調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-19\ |
| 2A-2 | 41 | 硬碟 | 1個 | 調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-20\ |
| 2A-3 | 42 | 隨身碟 | 1個 | 調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-21\ |
| 2A-4 | 43 | 行動硬碟 | 1個 | 調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-22\ |
| 2A-5-1 2A-5-2 | 44 | 記事本 | 2本 | |
| 2A-6-1 | 45 | 文件 | 2本 | |

2 5

Exhibit 1
Page 25

（續上頁）

| 2A-6-2 | | | | |
|---|---|---|---|---|
| 2A-7 | | 保密合約 | 1本 | 檢察官認無扣押必要，指示新北市調查處於106 年2 月14日發還戎樂天 |
| 2A-8 | 46 | 戎樂天ACER筆電 | 1臺 | 調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-23\ |
| 2A-9 | | 座位表 | 1張 | 檢察官認無扣押必要，指示新北市調查處於106 年2 月14日發還戎樂天 |
| 2A-10 | 47 | 戎樂天公務資料隨身碟 | 1支 | 1.調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\106030-25-24\<br>2.檢察官認鑑識完畢，已無扣押必要，於106 年4 月25日以處分命令發還戎樂天。 |

附表十
執行時間：106 年2 月14日
執行處所：臺南市新市區大順三路6 號8 樓之5
受執行人：戎樂天
執行依據：依刑事訴訟法第131 條之1 經受搜索人同意執行搜索

| 編號 | 贓物庫物品編號 | 扣押物品名稱 | 數量 | 備註 |
|---|---|---|---|---|
| 2C | 38 | HTC手機 | 1支 | 調查局鑑識後之電磁紀錄存放在贓物庫物品編號48隨身硬碟\10603-25-25\ |

Exhibit 1
Page 26

| 附表十一<br>法務部調查局提供之隨身碟 | | | |
|---|---|---|---|
| 贓物庫物品編號 | 物品名稱 | 數量 | 備註 |
| 24 | 隨身碟（黑色 64GB） | 1支 | 1. 新北市調查處於106 年 2 月 14日詢問王永銘時，從王王永銘google帳號即雲端硬碟下載所得資料<br>2. LUCIENT JAN 於調查官詢問時檢視後，雲端硬碟內之GDS 檔案與美國美光公司之25nm DRAM 產品 Design Rule 有相同之處。<br>3. 該隨身碟內之檔案另附製至贓物庫物品編號48隨身硬碟106030-25-26\目錄下 |
| 48 | 隨身硬碟(1TB 黑色) | 1個 | 內含法務部調查局106030案件鑑識報告之電磁紀錄 |

| 附表十二 | | |
|---|---|---|
| 告訴人 | 受委任人 | 告訴對象 |
| 台灣美光公司 | 王仁君律師<br>林良蓉律師（105 年9 月2 日委任關係終止）<br>李汝民律師<br>陳希賢 | 王永銘<br>何建廷<br>聯電公司 |
| 美國美光公司 | 王仁君律師<br>林良蓉律師（105 年9 月2 日委任關係終止）<br>彭建仁律師 | |

２７

Exhibit 1<br>Page 27

| 附表十三 | | |
| --- | --- | --- |
| 告發人 | 受委任人 | 告發對象 |
| 聯電公司 | 陳哲宏律師<br>劉家昆律師（106 年 6 月 19日委任關係終止）<br>黃恩旭律師 | 王永銘 |

所犯法條：

營業秘密法第13條之1

意圖為自己或第三人不法之利益，或損害營業秘密所有人之利益，而有下列情形之一，處五年以下有期徒刑或拘役，得併科新臺幣一百萬元以上一千萬元以下罰金：

一、以竊取、侵占、詐術、脅迫、擅自重製或其他不正方法而取得營業秘密，或取得後進而使用、洩漏者。

二、知悉或持有營業秘密，未經授權或逾越授權範圍而重製、使用或洩漏該營業秘密者。

三、持有營業秘密，經營業秘密所有人告知應刪除、銷毀後，不為刪除、銷毀或隱匿該營業秘密者。

四、明知他人知悉或持有之營業秘密有前三款所定情形，而取得、使用或洩漏者。

前項之未遂犯罰之。

科罰金時，如犯罪行為人所得之利益超過罰金最多額，得於所得利益之三倍範圍內酌量加重。

營業秘密法第13條之2

意圖在外國、大陸地區、香港或澳門使用，而犯前條第一項各款之罪者，處一年以上十年以下有期徒刑，得併科新臺幣三百萬元以上五千萬元以下之罰金。

前項之未遂犯罰之。

科罰金時，如犯罪行為人所得之利益超過罰金最多額，得於所得



Exhibit 1
Page 28

利益之二倍至十倍範圍內酌量加重。

營業秘密法第13條之4

法人之代表人、法人或自然人之代理人、受雇人或其他從業人員，因執行業務，犯第十三條之一、第十三條之二之罪者，除依該條規定處罰其行為人外，對該法人或自然人亦科該條之罰金。但法人之代表人或自然人對於犯罪之發生，已盡力為防止行為者，不在此限。

著作權法第91條

擅自以重製之方法侵害他人之著作財產權者，處 3 年以下有期徒刑、拘役，或科或併科新臺幣 75 萬元以下罰金。

意圖銷售或出租而擅自以重製之方法侵害他人之著作財產權者，處 6 月以上 5 年以下有期徒刑，得併科新臺幣 20 萬元以上 2 百萬元以下罰金。

以重製於光碟之方法犯前項之罪者，處 6 月以上 5 年以下有期徒刑，得併科新臺幣 50 萬元以上 5 百萬元以下罰金。

著作僅供個人參考或合理使用者，不構成著作權侵害。

Exhibit 1
Page 29