IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED MICROELECTRONICS CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-06932-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY; VACATING HEARING** |

　　By order filed July 11, 2019 ("July 11 Stay Order"), the Court granted defendants United Microelectronics Corporation ("UMC") and Fujian Jinhua Integrated Circuit Co., Ltd's ("Jinhua") motion to stay the above-titled action, pending resolution of United States v. United Microelectronics Corporation, et al., CR 18-465 MMC, a criminal case filed against both said entities and three individuals, namely, Stephen Chen ("Chen"), J.T. Ho ("Ho"), and Kenny Wang ("Wang").  Now before the Court is plaintiff Micron Technology, Inc.'s ("Micron") Motion to Lift Stay, filed December 4, 2020.  UMC and Jinhua have separately filed opposition, to which Micron has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for January 8, 2021, and rules as follows.

　　"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotation and citation omitted).  In its July 11 Stay Order, the Court set forth the circumstances existing at that time and warranting a stay pending

completion of the criminal case. By the instant motion, Micron argues that, in light of new circumstances, the stay should be lifted.

With respect to UMC, there has been a significant change of circumstances. In particular, the criminal proceedings against UMC have fully concluded, given (1) the October 30, 2020, entry of judgment against UMC in light of UMC's having, pursuant to a plea agreement, pleaded guilty to one count of "Theft of Trade Secrets" as charged in the Superseding Information filed October 26, 2020,[1] (2) the Court's granting the government's motion to dismiss the remaining Counts against UMC (see Transcript of Proceedings, October 28, 2020, at 46:19-25), and (3) as set forth in the plea agreement, the government's commitment not to file any additional charges against UMC that "could be filed as a result of the investigation that led to the captioned Indictment" (see Plea Agreement, filed October 28, 2020, at 15:19-20). As a result, UMC's chief argument in support of a stay, namely, its concerns about defending itself in the criminal case while simultaneously defending itself in the instant civil action, no longer supports a stay.

To the extent UMC repeats its earlier argument that, in disputing the claims in the instant case, it intends to rely on the testimony of Chen, Ho, and Wang, who, given the pendency of criminal charges against them, are likely to invoke their respective Fifth Amendment rights against self-incrimination, such argument is no longer persuasive, as the circumstances pertaining thereto likewise have changed. In particular, as Micron points out, and UMC has made no showing to the contrary, there is little to no likelihood those individuals, all of whom are foreign nationals, will ever come to the United States to be tried on the criminal charges. As a result, basing a stay on the pendency of the criminal case against the individual criminal defendants would result in a stay of indefinite length.

//

---

[1] In the Indictment, filed September 27, 2018, both UMC and Jinhua were charged with theft of eight trade secrets. In the Superseding Information, UMC was charged with theft of one of those trade secrets, identified as "Trade Secret 5."

As to Jinhua, however, with the exception of the above-referenced change as to the likelihood of a resolution of the charges against the three indicted individuals, little has changed since issuance of the July 11 Stay Order.  Until the criminal case against Jinhua has concluded, there remains a concern that Jinhua's providing discovery and otherwise participating the civil case puts it in the difficult position of having to disclose information that could compromise its defense of the criminal case.

Moreover, leaving the stay in place until resolution of the criminal charges against Jinhua will not result in a stay of an unreasonable duration, as the criminal case is scheduled for trial just seven months from now, after which a new motion to lift the stay can be made based on the circumstances then pertaining.

Lastly, the Court finds the interests of judicial economy weigh in favor of the above-titled action going forward against both defendants at the same time and in a single trial, the pretrial issues likely being similar and the evidence against them being substantially overlapping.

Accordingly, the motion to lift the stay is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 5, 2021

MAXINE M. CHESNEY
United States District Judge