Randall E. Kay (State Bar No. 149369)
rekay@jonesday.com
Douglas L. Clark (State Bar No. 279408)
dlclark@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA  92121.3134
Telephone:     +1.858.314.1200
Facsimile:     +1.844.345.3178

Marcus S. Quintanilla (State Bar No. 205994)
mquintanilla@jonesday.com
JONES DAY
555 California Street, Suite 2600
San Francisco, CA 94104.1501
Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700

Attorneys for Plaintiff
MICRON TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10,<br><br>Defendants. | **Case No. 3:17-CV-06932-MMC**<br><br>**DECLARATION OF MICHAEL L. MYERS IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE SETTLEMENT AGREEMENT** |

I, Michael L. Myers, hereby declare as follows:

1. I am over the age of 18 years old and am the Senior Director of Litigation & Technology Licensing for Micron Technology, Inc. ("Micron"). I submit this declaration in support of the Joint Administrative Motion to File Under Seal Portions of the Settlement Agreement between Micron and United Microelectronics Corporation ("UMC") ("Joint Motion"). In my position at Micron, I have personal knowledge of the facts stated in this declaration, such that I could competently testify as to their truth and accuracy.

2. I began working as a Senior IP Attorney for Micron in June 2012 until July 2018, at which point I became the Director of Litigation & Technology Licensing, and subsequently Senior Director of Litigation & Technology Licensing. During my tenure at Micron, I have been responsible for managing litigation matters including patent and commercial disputes. I also have provided counsel on IP transactional matters. In connection with my responsibilities and through access to company records, I am generally knowledgeable about the activities of Micron and its affiliate companies in the United States and elsewhere. In my current position, I lead a team of attorneys responsible for managing Micron's litigation matters worldwide and providing strategic counsel on the use, licensing, and transfer of intellectual property.

3. I have been involved in all stages of the captioned litigation between Micron and UMC from the inception of the case in 2017 and have directly managed the litigation from mid-2019 through the present. Most recently, I participated in the negotiation of a settlement, which included reviewing and revising the settlement agreement terms between Micron and UMC entered into November 25, 2021 ("Settlement Agreement") ("**Exhibit 1**").

4. I have recently reviewed the Settlement Agreement again in conjunction with the Joint Motion to file portions under seal. The Settlement Agreement includes both monetary and non-monetary terms, as well as provisions that—if known to Micron's competitors—could cause harm to Micron's business. The Settlement Agreement is a confidential document that specifically requires that its terms not be disclosed publicly. The specific terms of the Settlement Agreement are not of general public interest but are of significant importance to Micron. Micron has expended time, money, and resources developing its confidential business practices, tactics and

1

Myers Declaration in Support of
Joint Admin. Motion to Seal
Case No. 3:17-CV-06932-MMC

policies, as well as protecting its competitive interest. Protecting the confidentiality of this information is important for Micron to maintain an advantage over competitors.

5. The Settlement Agreement contains the following terms and provisions that should be filed under seal for the reasons provided. Micron has legitimate private interests in sealing the following terms and provisions:

    a. <u>Article I definitions</u>. On pages 2 and 3 of the Settlement Agreement there are nine terms that are confidential, along with Exhibits 7 and 8, referenced therein. Exhibits 7, 8, and each of these terms and their definitions were negotiated among the parties, and were incorporated in highly confidential provisions regarding the consideration (monetary and non-monetary) to the Settlement Agreement. If these exhibits and terms were public, it would allow competitors to infer some of the negotiated provisions and the type of compensation considered by the parties to settle this matter. Revealing this information could harm Micron and provide its competitors with strategic insight into Micron's dispute resolution procedures, strategies, and confidential business tactics and policies.

    b. <u>Settlement Payment</u>. The Settlement Payment is a negotiated amount based on a multitude of factors that are confidential to the parties. The amount is highly confidential and knowledge of the amount may give other companies a competitive business advantage and insight into Micron's dispute resolution procedures, strategies, and confidential business tactics and policies. Further, the valuation to resolve the dispute was extensively negotiated and confidential to both parties. The amount listed in the definition on page 4 and section 3.3 should be kept under seal.

    c. <u>Article 2: Dismissals and Releases</u>. While it was publicly disclosed that the parties agreed to withdraw their disputes through this Settlement Agreement, the negotiated terms of those dismissals are confidential and not known to the public. Details about the dismissals, including the timing, nature, and scope of releases granted by both Micron and UMC, are highly confidential. Exhibits 9 and 10 contain information that is currently confidential and from which additional confidential information regarding the consideration for this settlement could be inferred. If disclosed to Micron's competitors,

2

Myers Declaration in Support of
Joint Admin. Motion to Seal
Case No. 3:17-CV-06932-MMC

this information could provide an unfair advantage, including insight into Micron's dispute resolution procedures, strategies, and confidential business tactics and policies. Further it would provide insight into Micron's willingness to agree to certain terms and limitations in consideration for resolving the disputes.

d. <u>Article 3: Further Covenants</u>. With two minor exceptions, this entire section should be filed under seal. This entire section is the result of extensive negotiations regarding consideration for the Settlement Agreement. These sections contain important rights and obligations that form part of the consideration for resolution of the parties' dispute. If revealed, they would provide competitors with important insights into Micron's strategy and practice for resolving this dispute and confidential information concerning the parties' rights and obligations with respect to one another. The fact that there was a settlement and a withdrawal of complaints in China litigation is not confidential, but the remainder of this section is highly confidential. This section is not boilerplate, and each provision, concession, limitation, and consideration would provide, if known, an unfair and competitive advantage to Micron's competitors.

e. <u>Article 4: Representations and Warranties</u>. While most of this section can be filed publicly, there are a few phrases and terms that were heavily negotiated and could provide insight to competitors, if known publicly. Additionally, there are phrases that would indicate certain covenants that form part of the consideration for the Settlement Agreement, which if disclosed would provide insight into Micron's dispute resolution procedures, strategies, and confidential business tactics and policies.

f. <u>Article 5: Additional Terms</u>. While most of this section can be filed publicly, sections 5.1, 5.2 (portions), 5.3 (portions), 5.4, 5.9 (portions), and 5.11 were highly negotiated or are highly intertwined with provisions that were heavily negotiated, and as such should be filed completely under seal to prevent competitive public relations strategies and other business strategies to be revealed to competitors. Additionally, the first redaction of section 5.2 and 5.10 include terms that indicate certain covenants / consideration of the Settlement Agreement, which would provide insight into Micron's

dispute resolution procedures, strategies, and confidential business tactics and policies.

6. The disclosure of the preceding terms and provisions would reveal individually negotiated terms and concepts between the parties, as well as highly confidential information about evaluation of the parties' claims and the negotiated consideration for resolving them. Each negotiated term would give insight to Micron's competitors as to perceived limits, restrictions, and concessions that it may make in negotiations. The valuation for settling the dispute, including limits and parameters of the same, would provide competitors with extremely important information about both Micron and UMC.

7. Micron will be injured if the sealing is denied, to include the loss of a competitive business advantage by the revelation to its competitors of highly sensitive information about dispute resolution valuation and Micron's business practices both locally and worldwide. The terms and language of the Settlement Agreement reveal insight into how Micron conducts its business, how it protects its confidential proprietary information and how it competes in the world marketplace. The terms and provisions to be sealed are highly sensitive and may hurt Micron's competitive advantages if they were to become known publicly.

I declare under penalty of perjury under the laws of the United States and the State of Idaho that the foregoing is true and correct.

Executed December 17, 2021 in Boise, Idaho.

Michael L. Myers

NAI-1524307381v3