Daniel Johnson Jr. (Bar No. 57409)
Mario Moore (Bar No. 231644)
DAN JOHNSON LAW GROUP, LLP
1350 Old Bayshore Highway, Suite 520
Burlingame, CA 94010
Telephone: (415) 604-4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com

Attorneys for Defendant
UNITED MICROELECTRONICS CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC., <br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., and DOES 1-10<br><br>Defendants. | Case No. 3:17-CV-6932-MMC <br><br>**DECLARATION OF MARIO MOORE IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE SETTLEMENT AGREEMENT** |

I, Mario Moore, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California, and I am admitted to practice before this Court. I am a partner at Dan Johnson Law Group, LLP, and I am one of the attorneys representing United Microelectronics Corporation ("UMC") in the above-captioned matter. I submit this declaration in support of the parties' Joint Administrative Motion to File Under Seal Portions of the Settlement Agreement ("Joint Administrative Motion"), which seeks to seal select portions of the parties' Settlement Agreement containing material designated by UMC as Confidential-Attorneys' Eyes Only and/or Confidential under the Protective Order in this matter. I make this declaration on personal knowledge, and if called as a witness, I could and would competently testify with respect to the matters stated herein.

2. During the past four years, I have acted as counsel for UMC on litigation matters, including patent and commercial disputes. I also have assisted UMC on IP transactional matters. In connection with my responsibilities, I have reviewed UMC's company records, and am generally familiar with UMC's litigation matters and use, licensing, and transfer of intellectual property.

3. I have been counsel of record for UMC in the above captioned litigation between UMC and Micron Technology, Inc. ("Micron") from the month the case was filed in 2017 continuously through the present. I participated in the negotiation of the litigation settlement, including reviewing and revising the terms of the Settlement Agreement between UMC and Micron, entered into November 25, 2021.

4. I have reviewed the Settlement Agreement in connection with the Joint Administrative Motion. The Settlement Agreement's monetary and non-monetary terms, if they became known to UMC's competitors, could cause harm to UMC's business. The Settlement Agreement is a confidential document that specifies that its terms not be publicly disclosed. The specific terms of the Settlement Agreement are not of general public interest but are of significant importance to UMC. UMC has expended time, money, and resources developing its confidential business practices, tactics and policies, as well as protecting its competitive interest. Protecting

the confidentiality of this information is important for UMC to maintain an advantage over competitors.

5. The Settlement Agreement includes several terms and provisions that should be filed under seal for the reasons provided. UMC has legitimate private interests in sealing the following terms and provisions:

    a. <u>Article I definitions</u>. Pages 2 and 3 of the Settlement Agreement contain nine terms that are confidential, along with Exhibits 7 and 8, referenced therein. Exhibits 7, 8, and each of these terms and their definitions were negotiated among the parties, and were incorporated in highly confidential provisions regarding the consideration (monetary and non-monetary) to the Settlement Agreement. If these exhibits and terms were public, it would allow competitors to infer some of the negotiated provisions and the type of compensation considered by the parties to settle this matter. Public revelation of this information could harm UMC and provide its competitors with strategic insight into UMC's dispute resolution procedures, strategies, and confidential business tactics and policies.

    b. <u>Settlement Payment</u>. The Settlement Payment is a negotiated amount based on various factors that are confidential to the parties. The amount is highly confidential and knowledge of the amount may give other companies a competitive business advantage and insight into UMC's dispute resolution procedures, strategies, and confidential business tactics and policies. Further, the valuation to resolve the dispute was extensively negotiated and confidential to both parties. The amount listed in the definition on page 4 and section 3.3 should be kept under seal.

    c. <u>Article 2: Dismissals and Releases</u>. While it was publicly disclosed that the parties agreed to withdraw their disputes through this Settlement Agreement, the negotiated terms of those dismissals are confidential and not known to the public. Details about the dismissals, including the timing, nature, and scope of releases granted by both UMC and Micron, are highly confidential. Exhibits 9 and 10 contain information that is currently confidential and from which additional

confidential information regarding the consideration for this settlement could be inferred. If disclosed to UMC's competitors, this information could provide an unfair advantage, including insight into UMC's dispute resolution procedures, strategies, and confidential business tactics and policies. Further it would provide insight into UMC's willingness to agree to certain terms and limitations in consideration for resolving the disputes.

    d. <u>Article 3: Further Covenants</u>. With two minor exceptions, this entire section should be filed under seal. This entire section is the result of extensive negotiations regarding consideration for the Settlement Agreement. These sections articulate important rights and obligations that form part of the consideration for resolution of the parties' dispute. If revealed, they would provide competitors with insights about UMC's strategy and practice for resolving this dispute and confidential information concerning the parties' rights and obligations with respect to one another. The fact that there was a settlement and a withdrawal of complaints in China litigation is not confidential, but the remainder of this section is highly confidential. This section is not boilerplate, and each provision, concession, limitation, and consideration would provide, if known, an unfair and competitive advantage to UMC's competitors.

    e. <u>Article 4: Representations and Warranties</u>. Most of this section can be filed publicly, but certain phrases and terms were heavily negotiated and could provide insight to competitors, if known publicly. Additionally, there are phrases that would indicate certain covenants that form part of the consideration for the Settlement Agreement, which, if disclosed, would provide insight into UMC's dispute resolution procedures, strategies, and confidential business tactics and policies.

    f. <u>Article 5: Additional Terms</u>. Sections 5.1, 5.2 (portions), 5.3 (portions), 5.4, 5.9 (portions), and 5.11 were highly negotiated, or are highly intertwined with provisions that were heavily negotiated, and as such should be filed completely

under seal to prevent competitive public relations strategies and other business strategies from being revealed to competitors. Additionally, the first redaction of section 5.2 and 5.10 include terms that indicate certain covenants / consideration of the Settlement Agreement, which would provide insight into UMC's dispute resolution procedures, strategies, and confidential business tactics and policies.

6. The disclosure of the preceding terms and provisions would reveal individually negotiated terms and concepts between the parties, as well as highly confidential information about evaluation of the parties' claims and the negotiated consideration for resolving them. Each negotiated term would give insight to UMC's competitors as to strategies UMC may use in negotiations. The valuation for settling the dispute would provide competitors with extremely important information about both UMC and Micron.

7. UMC will be injured if the sealing is denied because it will lose competitive business advantage as a result of the revelation to its competitors of sensitive details about dispute resolution valuation and UMC's business practices. The terms and language of the Settlement Agreement reveal how UMC conducts its business, how it protects its confidential proprietary information, and how it competes in the global marketplace. The terms and provisions to be sealed are highly sensitive and may hurt UMC's competitive advantages if they were to become known publicly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 17th day of December 2021, in Irvine, California.

DAN JOHNSON LAW GROUP

*/s/ Mario Moore*
Mario Moore (SBN: 231644)

DECLARATION OF MARIO MOORE ISO JOINT
ADMINISTRATIVE MOTION TO FILE UNDER SEAL    Case No. 3:17-CV-6932-MMC