CONFIDENTIAL

## SETTLEMENT AGREEMENT

This Settlement Agreement ("***Agreement***") is entered into as of November 25, 2021 ("***Effective Date***") between Micron Technology, Inc. ("***Micron***") and United Microelectronics Corporation ("***UMC***").  Each of Micron and UMC may be referred to individually as a "***Party***" or collectively as the "***Parties***".

### Background

A.       Micron sued UMC and Fujian Jinhua Integrated Circuit Co., Ltd. ("***Jinhua***") in the United States District Court for the Northern District of California ("***NDCA***"), Case No. 3:17-CV-06932-MMC, through a Second Amended Complaint styled *Micron Technology, Inc. v. United Microelectronics Corp., Fujian Jinhua Integrated Circuit Co., Ltd. and Does 1-10* filed May 24, 2019 ("***CA Litigation***") alleging, among other things, misappropriation of trade secrets.

B.       UMC sued certain Affiliates (as defined below) of Micron in the Fujian Intermediate People's Court ("***FIPC***") in: (1) Case No. (2018) Min 01 Min Chu No. 135 through a complaint styled *United Microelectronics Corp. v. Micron Semiconductor Trading (Shanghai) Co., Ltd., et al* ("***UMC Case 1***"); (2) Case No. (2018) Min 01 Min Chu No. 136 through a complaint styled *United Microelectronics Corp. v. Micron Semiconductor Trading (Shanghai) Co., Ltd., et al* ("***UMC Case 2***"); (3) Case No. (2018) Min 01 Min Chu No. 137 through a complaint styled *United Microelectronics Corp. v. Micron Semiconductor Trading (Shanghai) Co., Ltd., et al* ("***UMC Case 3***", together, with UMC Case 1 and UMC Case 2, the "***China Litigation***").  UMC Case 1 was subsequently dismissed, but UMC Case 2 and UMC Case 3 remain currently pending.

C.       Each of the Parties denies the claims asserted by the other Party in the CA Litigation and China Litigation (collectively, the "***Actions***").

D.       Without admission of liability, the Parties desire to settle and compromise any and all disputes, controversies, claims and actions between and among them that were or could have been asserted relating to the Actions without the need for further or future litigation.

### Agreement

In consideration of the mutual releases and promises made in the Agreement, the Parties agree as follows:

### ARTICLE I:  DEFINITIONS

Capitalized terms used in this Agreement shall have the meaning ascribed to them in the preamble or the Background above or as provided below:

"***Affiliate***" means, with respect to any first Person, any other Person, whether existing as of the Effective Date or first existing thereafter, that in whatever country organized or resident,

CONFIDENTIAL

directly, or indirectly through one or more intermediaries, is Controlled by, or is under common Control with, or Controls such first Person.

"*Allegations*" means, with respect to any Action, all claims, causes of action or allegations that were or could have been made against any of the Parties in the Action based upon the facts and circumstances described in any of the pleadings of the Action.



"*Control*," "*Controls*," and "*Controlled*" means with respect to any Person, directly, or indirectly through one or more intermediaries, having at least a fifty percent (50%) ownership or voting rights interest (whether through stock ownership, stock power, voting proxy, or otherwise) of the Person or having the maximum ownership interest permitted to have in the country where such Person exists.

"*DRAM*" means dynamic random-access memory.

CONFIDENTIAL

"*Government Authority*" means any federal, state, national, supranational, local, or other government, whether domestic or foreign, including any subdivision, department, agency, instrumentality, authority (including any regulatory or administrative authority), body, commission, board, or bureau thereof, or any court, tribunal, or arbitrator.

███████████████████████████████████ any of its current, former and future Affiliates, any successors and assigns of the foregoing, and any of its or their respective current, former and future agents, employees, officers, directors, attorneys or other Persons or Entities acting on behalf of any of the foregoing.

████████████████████████████ any of its current, former and future Affiliates, any successors and assigns of the foregoing, and any of its or their respective current, former and future agents, employees, officers, directors, attorneys or other Persons or Entities acting on behalf of any of the foregoing.



 "*Micron Representative*" means Micron, any of its current, former and future Affiliates, any successors and assigns of the foregoing, and any of its or their respective current, former and future agents, employees, officers, directors, attorneys or other Persons or Entities acting on behalf of any of the foregoing, including Micron Memory Taiwan.

"**Micron Memory Taiwan**" Micron Memory Taiwan Co., Ltd., incorporated under the laws of Taiwan.

 "*Patent*" means (a) any patent, utility model, invention certificate or similar right to an invention, discovery or industrial design issued or recognized by any Government Authority anywhere in the world, (b) any application for any of the foregoing, and (c) any pre-grant or post-grant form of any of the foregoing.

"*Person*" means any natural person, proprietorship, corporation, partnership, limited liability company, association, joint stock company, trust, joint venture, unincorporated organization, Government Authority, or other legal or governmental entity.

"*Settlement Payment*" means █████████████████████████████████

"*Third Party*" means any person other than a Party or a Party's Affiliate.

 "*UMC Representative*" means UMC, any of its current, former and future Affiliates, any successors and assigns of the foregoing, and any of its or their respective current, former and future agents, employees, officers, directors, attorneys or other Persons or Entities acting on behalf of any of the foregoing.

## ARTICLE 2:  DISMISSALS AND RELEASES

**2.1      Dismissal of CA Litigation.** ████████████████████████████
████████████████████ the Parties, by and through their respective counsel of record, will appear before the NDCA and file the stipulation attached as **Exhibit 1** and the proposed order attached as **Exhibit 2** dismissing UMC from the case.  The NDCA shall retain jurisdiction for the purpose of enforcing this Settlement Agreement ████████████████████████████

2.2      **Dismissal of China Litigation**. ██████████████████████ UMC, by and through its counsel of record, will file the briefs to withdraw the China Litigation attached as **Exhibit 3** and also the briefs to withdraw applications for orders of preliminary injunction attached as **Exhibit 4**. ████████████████████████████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████

CONFIDENTIAL



2.3     **Release Date.**  The first date upon which all of the following have occurred is the "*Release Date*":



2.4     **Release by Micron.**



2.5     **Release by UMC.**

CONFIDENTIAL



**2.6**     **Nature of Releases**.  Each Party acknowledges and agrees that:

CONFIDENTIAL

## ARTICLE 3:  FURTHER COVENANTS



3.1.

3.2

The language of these briefs to be agreed to by and among counsel for Micron and UMC in Taiwan is reflected in attached **Exhibit 11**.

CONFIDENTIAL

**3.3    Settlement Payment.** █████████████████████████████ UMC will pay to Micron an amount equal to ████



CONFIDENTIAL



CONFIDENTIAL

**3.6**



CONFIDENTIAL



CONFIDENTIAL



**3.8**

CONFIDENTIAL



3.9

CONFIDENTIAL



## ARTICLE 4:  REPRESENTATIONS AND WARRANTIES

**4.1     Representations and Warranties of UMC**.  UMC represents to Micron that as of the Effective Date:

(a) UMC is a corporation, validly existing, and in good standing under the laws of the Republic of China;

(b) UMC has the corporate power and authority to execute and deliver this Agreement upon the terms set forth herein, including, without limitation, its releases, ███████ ████  and other obligations set forth herein;

(c) the execution, delivery and performance of this Agreement have been duly and validly authorized and approved by proper corporate action on the part of UMC, and UMC has taken all other action required by law and its organizational documents to authorize such execution, delivery and performance;

(d) this Agreement constitutes and after the Effective Date will continue to constitute a legal, valid and binding obligation of each UMC Representative, enforceable against each UMC Representative in accordance within its terms, except as enforceability may be limited by applicable equitable principles or bankruptcy, insolvency, reorganization, moratorium or similar laws affecting creditors' rights generally;

(e) no provision of this Agreement conflicts with any other agreement binding upon any of the UMC Representatives and after the Effective Date will not conflict with any other agreement binding upon any of the UMC Representatives;

(f) no notice to or consent, approval, authorization, order, filing, registration or qualification ████████████████████████████████████████████████ ███████████████████████████████  is required to be made or obtained by any UMC Representative in connection with the execution and delivery of this Agreement or the transactions contemplated hereby;

CONFIDENTIAL



 (k) UMC does not have, and after the Effective Date will continue to not have, any contractual or other obligation ████████████████████████████████████████ and

**4.2** **Representations of Micron**.  Micron represents to UMC that as of the Effective Date:

(a) Micron is a corporation, validly existing, and in good standing under the laws of the State of Delaware;

(b) Micron has the corporate power and authority to execute and deliver this Agreement upon the terms set forth herein, including, without limitation, its releases, ███████████  and other obligations set forth herein;

(c) the execution, delivery and performance of this Agreement have been duly and validly authorized and approved by proper corporate action on the part of Micron, and Micron has taken all other action required by law and its organizational documents to authorize such execution, delivery and performance;

(d) this Agreement constitutes a legal, valid and binding obligation of each Micron Representative, enforceable against each Micron Representative in accordance within its terms, except as enforceability may be limited by applicable equitable principles or bankruptcy, insolvency, reorganization, moratorium or similar laws affecting creditors' rights generally;

(e) no provision of this Agreement conflicts with any other agreement binding upon any of the Micron Representatives;

(f) no notice to or consent, approval, authorization, order, filing, registration or qualification ███████████████████████████████████████████ is required to be made or obtained by any Micron Representative in connection with the execution and delivery of this Agreement or the transactions contemplated hereby; and



 [redacted]

## ARTICLE 5: ADDITIONAL TERMS

**5.1** [redacted]

**5.2 Confidentiality of this Agreement.** The terms of this Agreement (but not its mere existence) are confidential. Except as provided in Section 5.3 or [redacted] in accordance with Section 3.6(d), no Party shall disclose this Agreement or any of the terms herein to any other Person that is not a Party without the written consent of the other Party, except to the limited extent: (a) necessary for resolution of disputes arising under this Agreement, *provided, however that* the disclosing Party uses reasonable efforts to maintain the confidentiality hereof; (b) required by applicable law, regulation, decree or order of any governmental authority, *provided, however that* the disclosing Party uses reasonable efforts to maintain the confidentiality hereof; and (c) to its Micron Representatives or UMC Representatives, as applicable, and its actual and bona fide potential lenders, investors, successors and assigns, in each case on a need-to-know basis and under an obligation of confidentiality consistent with those of the Parties herein.

**5.3 Publicity.** On or promptly after the Effective Date, each Party may issue the press release attached as **Exhibit 6**. The Parties may state to third parties that the CA Litigation and China Litigation have settled on mutually agreeable terms. [redacted]

**5.4** [redacted]

**5.5 Further Assurances.** The Parties will act in good faith and will cooperate fully with each other in carrying out the intent of this Agreement, and for that purpose agree to execute all additional documents as may prove reasonably necessary to accomplish that intent.

CONFIDENTIAL

**5.6     Fees and Costs.**  Each Party bears its respective costs and legal expenses associated with negotiation, drafting and execution of this Agreement, and those costs and legal expenses associated with the Litigation and Allegations up through the Effective Date only.  If litigation is commenced by a Party to this Agreement to enforce the terms of this Agreement, the Party prevailing in such litigation shall be entitled to recover from the non-prevailing Party the reasonable costs and expenses of the prevailing Party incurred or resulting from such litigation, including attorneys' fees and court costs.

**5.7     Waiver.**  The failure of any Party at any time to require performance of any provision of this Agreement shall not limit that Party's right to enforce the provision, nor shall any waiver of any breach of any provision constitute a waiver of that provision itself.

**5.8     Successors and Assigns**.  This Agreement shall inure to the benefit of and shall be binding upon each of the Parties here and their respective agents, representatives, executors, administrators, trustees, personal representatives, partners, directors, officers, shareholders, agents, attorneys, insurers, employees, representatives, predecessors, successors, heirs and assigns.

**5.9     Applicable Law; Jurisdiction**.  This Agreement will be governed and construed in accordance with the laws of the State of California, without giving effect to conflict of law rules. The Parties agree that any legal action relating to this Agreement or the enforcement of any provision of this Agreement must be brought or otherwise commenced or held in the NDCA, ███████████████████████████████████████████████ Each Party to this Agreement (i) expressly and irrevocably consents and submits to the exclusive jurisdiction of the NDCA in connection with any legal proceeding arising from this Agreement, (ii) agrees that the NDCA shall be deemed to be a convenient forum and the exclusive forum for resolution of any and all disputes relating to this Agreement; (iii) agrees not to assert, by way of motion, as a defense or otherwise, in any such legal proceeding, any claim that this Agreement is not to be construed or governed by the law of California, that such party is not subject personally to the jurisdiction of such court, that such legal proceeding has been brought in an inconvenient forum, that the venue of such proceeding is improper, or that this Agreement or the subject matter of this Agreement may not be enforced in or by such court; and (iv) ████████████████████████████ agrees not to pursue any action arising out of or relating to this Agreement in any forum other than the NDCA. ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████

**5.10     Third Party Beneficiaries**.  Except as expressly stated in this Agreement, the provisions here are not intended for the benefit of any third party, but solely for the Parties to this Agreement. ████████████████████████████████████████████ ████████████████████

CONFIDENTIAL

**5.11    Reservation of Rights.**

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

**5.12    Entire Agreement; Amendments**.  This Agreement is the entire, final, and complete agreement of the Parties relating to the subject of this Agreement, and supersedes and replaces all prior or existing written and oral agreements between the Parties or their representatives relating thereto. No amendment or modification of this Agreement shall be effective unless in a writing executed by all Parties whose interests are affected by the modification.

**5.13    Construction and Interpretation**.  This Agreement has been jointly negotiated and drafted by the Parties through their respective counsel and no provision shall be construed or interpreted for or against any of the Parties on the basis that such provision, or any other provision, or the Agreement as a whole, was purportedly drafted by a particular Party.  Unless specified otherwise, all references to periods of days for taking certain actions in this Agreement shall be construed to refer to business days.  The words "hereof," "herein," "hereto" and "hereunder" and words of similar import, when used in this Agreement, shall refer to this Agreement as a whole and not to any particular provision of this Agreement. Headings of paragraphs or sections of this Agreement are for reference only and shall not be deemed to be a part of this Agreement.  The word "including" shall be exemplar and inclusive but not limiting and always deemed to be followed by the words ", without limitation" if not so stated.  The word "or" means in the inclusive as in "and/or".  The word "shall" is to be construed as having the same meaning as the word "will" and *vice versa*.

**5.14    Notices.**

    All notices required or permitted to be given hereunder shall be in writing and shall be hand delivered or sent by certified or registered mail, private industry express courier (with written confirmation of receipt) or facsimile (with a confirmation letter of the facsimile) to the address specified below or to such changed address as may have been previously specified in writing by the addressed party:

> **If to Micron:**
> Micron Technology, Inc.
> Attention:  General Counsel
> 8000 S. Federal Way, Boise, ID 83716
>
> with copy to:
> ██████████████████

CONFIDENTIAL

And additional copy to:

Randall E. Kay

Jones Day

4655 Executive Drive, Suite 1500

San Diego, CA 92121

Email:  rekay@jonesday.com

**If to UMC:**

United Microelectronics Corporation

Attention: General Counsel

No. 3, Li-Hsin Road II, Hsinchu Science Park

Hsinchu, Taiwan 300094, R.O.C.

with copy to:

Dan Johnson, Jr.

Dan Johnson Law Group

1350 Old Bayshore Highway, Suite 520

Burlingame, CA 94010

dan@danjohnsonlawgroup.com

Each such notice shall be effective upon receipt.

**5.15    Counterparts**.  This Agreement may be executed in multiple counterparts, all of which shall be deemed originals, and with the same effect as if all Parties had signed the same document. All of such counterparts shall be construed together with and shall constitute one Agreement, but in making proof, it shall only be necessary to produce one such counterpart. A facsimile transmission or electronic transmission of a .PDF electronic file shall be as valid and enforceable as an original.

<Signatures follow on next page.>

CONFIDENTIAL

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the Effective Date.

**Micron Technology, Inc.**

Date: 25 November 2021          By: _____

Name:  Sanjay Mehrotra
Title:    President and CEO


**United Microelectronics Corporation**

Date: _____          By: _____

_____

Name:
Title:

CONFIDENTIAL

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the Effective Date.

**Micron Technology, Inc.**

Date: _____      By: _____
                           Name:
                           Title:

**United Microelectronics Corporation**

Date: _11/25/202/_         By: _____
                           Name: Jason Wang
                           Title: President

20

CONFIDENTIAL

**Exhibit 1 – Stipulation for CA Litigation**

(This space intentionally left blank.)

1   Randall E. Kay (State Bar No. 149369)
    rekay@jonesday.com
2   Douglas L. Clark (State Bar No. 279408)
    dlclark@jonesday.com
3   JONES DAY
    4655 Executive Drive, Suite 1500
4   San Diego, CA  92121.3134
    Telephone:     +1.858.314.1200
5
    Marcus S. Quintanilla (State Bar No. 205994)
6   mquintanilla@jonesday.com
    JONES DAY
7   555 California Street, Suite 2600
    San Francisco, CA 94104.1501
8   Telephone:     +1.415.626.3939

9   Attorneys for Plaintiff
    MICRON TECHNOLOGY, INC.
10
    Daniel Johnson, Jr. (State Bar No. 57409)
11  dan@danjohnsonlawgroup.com
    Mario Moore (State Bar No. 231644)
12  mario@danjohnsonlawgroup.com
    Dan Johnson Law Group, LLP
13  1350 Old Bayshore Highway, Suite 520
    Burlingame, CA 94010
14  Telephone:     +1.415.604.4500

15  Attorneys for Defendant
    UNITED MICROELECTRONICS CORPORATION
16

17                  **UNITED STATES DISTRICT COURT**

18                  **NORTHERN DISTRICT OF CALIFORNIA**

19

20  MICRON TECHNOLOGY, INC.,                    **Case No. 3:17-CV-06932-MMC**

21                  Plaintiff,                  **STIPULATION FOR DISMISSAL**
                                                **WITH PREJUDICE AS TO UNITED**
22          v.                                  **MICROELECTRONICS**
                                                **CORPORATION ONLY**
23  UNITED MICROELECTRONICS
    CORPORATION, FUJIAN JINHUA
24  INTEGRATED CIRCUIT CO., LTD., and
    DOES 1-10,
25
                    Defendants.
26

27

28

1    Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Micron

2    Technology, Inc. ("Micron") and Defendant United Microelectronics Corporation ("UMC")

3    hereby jointly stipulate and agree as follows:

4    1.    Micron and UMC have agreed to resolve this actions pursuant to a Settlement

5    Agreement entered into as of November 24, 2021.

6    3.    This action shall be dismissed with prejudice as to United Microelectronics

7    Corporation ONLY.

8    4.    The Court shall retain jurisdiction over UMC to enforce the Settlement

9    Agreement and this Stipulation between Micron and UMC.

10    5.    The effectiveness of this Stipulation is contingent on the Court's Order retaining

11    jurisdiction over UMC as set forth in the preceding paragraph.

12    6.    Micron and UMC shall each bear its own attorneys' fees and costs incurred

13    herein.

14    Dated:  November 29, 2021                Respectfully submitted,

15                                                            JONES DAY

16
                                                              By: _____
17                                                                    Randall E. Kay

18                                                            Attorneys for Plaintiff
                                                              MICRON TECHNOLOGY, INC.
19

20    Dated:  November 29, 2021                DAN JOHNSON LAW GROUP, LLP

21
                                                              By: _____
22                                                                    Daniel Johnson, Jr.

23                                                            Attorneys for Defendant
                                                              UNITED MICROELECTRONICS
24                                                            CORPORATION

25

26

27

28

                                                          1                    Case No. 3:17-CV-06932-MMC

1

## **SIGNATURE CERTIFICATION**

2          Pursuant to Civil Local Rule 5.1, of the United States District Court of the Northern

3    District of California, I certify that authorization for the filing of this document has been

4    obtained from the other signatory shown above and that said signatory has authorized placement

5    of his electronic signatures on this document.

6    Dated:  November 29, 2021

7                                                        _____

8                                                        Randall E. Kay
                                                         rekay@jonesday.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR DISMISSAL WITH PREJUDICE AS TO UMC ONLY

CONFIDENTIAL

**Exhibit 2 – Proposed Order for CA Litigation**

(This space intentionally left blank.)

1  Randall E. Kay (State Bar No. 149369)
   rekay@jonesday.com
2  Douglas L. Clark (State Bar No. 279408)
   dlclark@jonesday.com
3  JONES DAY
   4655 Executive Drive, Suite 1500
4  San Diego, CA  92121.3134
   Telephone:   +1.858.314.1200
5
   Marcus S. Quintanilla (State Bar No. 205994)
6  mquintanilla@jonesday.com
   JONES DAY
7  555 California Street, Suite 2600
   San Francisco, CA 94104.1501
8  Telephone:   +1.415.626.3939

9  Attorneys for Plaintiff
   MICRON TECHNOLOGY, INC.
10
   Daniel Johnson, Jr. (State Bar No. 57409)
11 Dan@danjohnsonlawgroup.com
   Mario Moore (State Bar No. 231644)
12 Mario@danjohnsonlawgroup.com
   Dan Johnson Law Group, LLP
13 1350 Old Bayshore Highway, Suite 520
   Burlingame, CA 94010
14 Telephone:   +1.415.604.4500

15 Attorneys for Defendant
   UNITED MICROELECTRONICS CORPORATION

16

17                **UNITED STATES DISTRICT COURT**

18               **NORTHERN DISTRICT OF CALIFORNIA**

19

20  MICRON TECHNOLOGY, INC.,              **Case No. 3:17-CV-06932-MMC**

21                 Plaintiff,

22         v.                             **[PROPOSED] ORDER GRANTING
                                          STIPULATION FOR DISMISSAL WITH
                                          PREJUDICE AS TO UNITED
23  UNITED MICROELECTRONICS               MICROELECTRONICS
    CORPORATION, FUJIAN JINHUA            CORPORATION ONLY
24  INTEGRATED CIRCUIT CO., LTD., and
    DOES 1-10,                            Judge: Hon. Maxine M. Chesney
25
                   Defendants.
26

27

28

1    Pursuant to the stipulation of Micron Technology, Inc. ("Micron") and United

2    Microelectronics Corporation ("UMC") and Federal Rule of Civil Procedure 41(a)(2), and for

3    good cause shown, IT IS HEREBY ORDERED THAT:

4        1.    The Court grants the stipulation of dismissal with prejudice as to UMC ONLY and

5              expressly retains jurisdiction over UMC for the sole purpose of enforcing the

6              Settlement Agreement between Micron and UMC and resolving any disputes that

7              may arise between Micron and UMC relating to the Settlement Agreement.

8        2.    Micron and UMC shall each bear its own attorneys' fees and costs incurred herein.

9    **IT IS SO ORDERED.**

10   Dated: _____                    _____

11                                              HON. MAXINE M. CHESNEY
                                                United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING STIPULATION FOR DISMISSAL OF UMC ONLY

CONFIDENTIAL

**Exhibit 3 – Application to Withdraw From China Litigation**

(This space intentionally left blank.)

Exhibit 3

原告：联华电子股份有限公司
被告一：美光半导体销售（上海）有限公司
被告二：厦门市思明区信通源电脑经营部
案由：侵犯发明专利权纠纷
案号：（2018）闽 01 民初 136 号

# 撤诉申请书

**申请人：联华电子股份有限公司**

住所地：台湾新竹市新竹科学园区力行二路 3 号

法定代表人：洪嘉聪，董事长

**被申请人一：美光半导体销售（上海）有限公司**

住所地：中国（上海）自由贸易试验区台中南路 2 号新贸楼第三层 335 室

现住所：上海市徐汇区虹梅路 1535 号 1 号楼 16 楼

法定代表人：刘赣，董事长兼总经理

**被申请人二：厦门市思明区信通源电脑经营部**

住所地：福建省厦门市思明区天湖路 38 号 130 号之二

经营者：张焦延

**请求事项：**

撤回（2018）闽 01 民初 136 号案件中对二被申请人的起诉。

**事实和理由：**

就申请人联华电子股份有限公司与被申请人一美光半导体销售（上海）有限公司、被申请人二厦门市思明区信通源电脑经营部侵害发明专利权纠纷一案已由贵院受理，案号为（2018）闽 01 民初 136 号。因客观情况发生变化，申请人特依据《中华人民共和国民事诉讼法》的相关规定，依法申请撤回对二被申请人的起诉，恳请贵院予以准许。

此致

福州市中级人民法院

申请人：联华电子股份有限公司

委托代理人：

2021 年【 】月【 】日

1

Exhibit 3

<div align="right">

原告：联华电子股份有限公司

被告一：美光半导体（西安）有限责任公司

被告二：美光半导体销售（上海）有限公司

被告三：厦门市思明区信通源电脑经营部

案由：侵犯发明专利权纠纷

案号：（2018）闽 01 民初 137 号

</div>

# 撤诉申请书

**申请人：联华电子股份有限公司**

住所地：台湾新竹市新竹科学园区力行二路 3 号

法定代表人：洪嘉聪，董事长


**被申请人一：美光半导体销售（上海）有限公司**

住所地：中国（上海）自由贸易试验区台中南路 2 号新贸楼第三层 335 室

现住所：上海市徐汇区虹梅路 1535 号 1 号楼 16 楼

法定代表人：刘赣，董事长兼总经理


**被申请人二：美光半导体（西安）有限责任公司**

住所地：陕西省西安市高新区信息大道 28 号-2 号

法定代表人：朱文菊，董事长兼总经理


**被申请人三：厦门市思明区信通源电脑经营部**

住所地：福建省厦门市思明区天湖路 38 号 130 号之二

经营者：张焦延


**请求事项：**

　　撤回（2018）闽 01 民初 137 号案件中对三被申请人的起诉。


**事实和理由：**

　　就申请人联华电子股份有限公司与被申请人一美光半导体销售（上海）有限公司、被申请人二美光半导体（西安）有限责任公司、被申请人三厦门市思明区信通源电脑经营部侵害发明专利权纠纷一案已由贵院受理，案号为（2018）闽 01 民初 137 号。因客观情况发生变化，申请人特依据《中华人民共和国民事诉讼法》的相关规定，依法申请撤回对三被申请人的起诉，恳请贵院予以准许。


此致

福州市中级人民法院

申请人：联华电子股份有限公司

委托代理人：

2021 年【 】月【 】日

CONFIDENTIAL

**Exhibit 4 – Briefs to Withdraw Applications for Orders of Preliminary Injunction**

(This space intentionally left blank.)

Exhibit 4

<div align="right">

原告：联华电子股份有限公司

被告一：美光半导体销售（上海）有限公司

被告二：厦门市思明区信通源电脑经营部

案由：侵犯发明专利权纠纷

案号：（2018）闽01民初136号

</div>

# 申请书

**申请人（保全申请人）：联华电子股份有限公司**

住所地：台湾新竹市新竹科学园区力行二路3号

法定代表人：洪嘉聪，董事长

**被申请人（被保全人）：美光半导体销售（上海）有限公司**

住所地：中国（上海）自由贸易试验区台中南路2号新贸楼第三层335室

现住所：上海市徐汇区虹梅路1535号1号楼16楼

法定代表人：刘赣，董事长兼总经理

**被申请人二（被保全人）：厦门市思明区信通源电脑经营部**

住所地：福建省厦门市思明区天湖路38号130号之二

经营者：张焦延

**请求事项：**

（1）请求贵院立即解除（2018）闽01民初136号案件中对二被申请人的全部行为保全措施。（2）请求贵院立即解除中国银行股份有限公司厦门市分行的担保责任，并将《担保函》（保函编号：GB0957618000036）正本退回中国银行股份有限公司厦门市分行。

**事实和理由：**

就申请人联华电子股份有限公司与被申请人一美光半导体销售（上海）有限公司、被申请人二厦门市思明区信通源电脑经营部侵害发明专利权纠纷一案，贵院已于2018年7月3日做出（2018）闽01民初136号之一民事裁定书，裁定（1）被申请人一立即停止销售、进口数款Crucial英睿达品牌的固态硬盘，（2）被申请人一立即删除其网站（www.crucial.cn）中涉及数款Crucial英睿达品牌的的固态硬盘的宣传广告、购买链接等信息，（3）被申请人二立即停止销售Crucial英睿达MX300 2.5英寸SSD 525GB固态硬盘。

因客观情况发生变化，申请人撤回针对二被申请人的起诉，因此根据《中华人民共和国民事诉讼法》及相关司法解释规定，依法请求贵院立即解除针对二被申请人的

全部行为保全措施，解除中国银行股份有限公司厦门市分行的担保责任，并将《担保函》（保函编号：GB0957618000036）正本退回中国银行股份有限公司厦门市分行。


     以上申请，恳请贵院予以准许。


此致

福州市中级人民法院


                                   申请人：联华电子股份有限公司

                                   委托代理人：

                                   2021 年【 】月【 】日

<div align="right">

原告：联华电子股份有限公司

被告一：美光半导体（西安）有限责任公司

被告二：美光半导体销售（上海）有限公司

被告三：厦门市思明区信通源电脑经营部

案由：侵犯发明专利权纠纷

案号：（2018）闽 01 民初 137 号

</div>

# 申请书

**申请人（保全申请人）：联华电子股份有限公司**

住所地：台湾新竹市新竹科学园区力行二路 3 号

法定代表人：洪嘉聪，董事长

**被申请人一（被保全人）：美光半导体销售（上海）有限公司**

住所地：中国（上海）自由贸易试验区台中南路 2 号新贸楼第三层 335 室

现住所：上海市徐汇区虹梅路 1535 号 1 楼 16 楼

法定代表人：刘赣，董事长兼总经理

**被申请人二（被保全人）：美光半导体（西安）有限责任公司**

住所地：陕西省西安市高新区信息大道 28 号-2 号

法定代表人：朱文菊，董事长兼总经理

**被申请人三（被保全人）：厦门市思明区信通源电脑经营部**

住所地：福建省厦门市思明区天湖路 38 号 130 号之二

经营者：张焦延

**请求事项：**

（1）请求贵院立即解除（2018）闽 01 民初 137 号案件中对三被申请人的全部行为保全措施。

（2）请求贵院立即解除中国银行股份有限公司厦门市分行的担保责任，并将《担保函》（保函编号：GB0957618000037）正本退回中国银行股份有限公司厦门市分行。

**事实和理由：**

　　就申请联华电子股份有限公司与被申请人一美光半导体销售（上海）有限公司、被申请人二美光半导体（西安）有限责任公司、被申请人三厦门市思明区信通源电脑经营部侵害发明专利权纠纷一案，贵院于已 2018 年 7 月 3 日做出（2018）闽 01 民初

<div align="center">3</div>

137 号之二民事裁定书，裁定（1）被申请人二立即停止制造、销售、进口数款内存条及芯片，（2）被申请人一立即停止销售、进口数款内存条及芯片，（3）被申请人一立即删除其网站中（www.crucial.cn）涉及数款内存条的宣传广告、购买链接等信息，（4）被申请人三立即停止销售、许诺销售 Crucial 英睿达 DDR4 2400 8G 笔记本内存条及 C9BGM 芯片。

因客观情况发生变化，申请人撤回针对三被申请人的起诉，因此根据《中华人民共和国民事诉讼法》及相关司法解释规定，依法请求贵院立即解除针对三被申请人的全部行为保全措施，解除中国银行股份有限公司厦门市分行的担保责任，并将《担保函》（保函编号：GB0957618000037）正本退回中国银行股份有限公司厦门市分行。

以上申请，恳请贵院予以准许。

此致

福州市中级人民法院

申请人：联华电子股份有限公司

委托代理人：

2021 年【 】月【 】日

CONFIDENTIAL

**Exhibit 5 – Intentionally Omitted**

(This space intentionally left blank.)

**Exhibit 6 – Joint Press Release**

**Press Release**

**Micron and UMC Announce Global Settlement**

**(November 25, 2021 U.S. Time/November 26, 2021 Taiwan Time) United Microelectronics Corporation (TWSE: 2303; NYSE: UMC) and Micron Technology, Inc. (Nasdaq: MU) today announced a settlement agreement between the two companies worldwide.  The companies will globally withdraw their complaints against the other party, and UMC will make a one-time payment of an undisclosed amount to Micron. UMC and Micron look forward to engaging in mutual business cooperation opportunities.**

Micron is one of the world's largest semiconductor companies with more than 40 years of technology leadership and innovation, over 47,000 lifetime patents granted and significant investment in leading edge manufacturing and processes.  IP protection is fundamental to Micron's ability to remain competitive as the company continues to drive innovation that is essential to the data economy.

UMC is a leading global semiconductor foundry company focusing on the fabrication of logic and specialty products for all major sectors of the electronics industry. UMC has 12 fabs with combined capacity close to 800,000 wafers per month (8-in equivalent). UMC continuously implements and refines its policy and procedures for trade secret protection while providing high quality products and services to its customers.

新聞稿

美光與聯電宣佈全球和解

(台灣時間 110 年 11 月 26 日 / 美國時間 2021 年 11 月 25 日) 聯華電子（TWSE：2303；NYSE：UMC）與美光科技（Nasdaq：MU）今日宣布達成全球和解協議，雙方將各自撤回向對方提出之訴訟，同時聯電將向美光一次支付金額保密之和解金，雙方並將共創商業合作機會。

美光科技為創新記憶體和儲存空間解決方案的業界領導者，擁有超過 40 年的技術引領與創新經驗及總數超過 47,000 件的全球專利，積極大幅投資於先進研發及製造。美光科技持續推動對於數據經濟至關重要的各項創新，而智慧財產權的保護則是美光科技賴以保持競爭力的重要基石。

聯華電子為半導體晶圓專工業的全球領導者之一，專注於邏輯及特殊技術，為跨越電子行

業的各項主要應用提供高品質的晶圓製造服務。聯電現共有十二座晶圓廠，月產能總計約
80 萬片八吋約當晶圓。在各領域提供具有競爭力之產品及服務之際，聯電將持續落實並
優化有關營業秘密之保護與防免的政策與措施。

CONFIDENTIAL

**Exhibit 7 –** 

CONFIDENTIAL

**Exhibit 8 –** ███████████████

(This space intentionally left blank.)





Exhibit 8







Exhibit 8



CONFIDENTIAL

**Exhibit 9 –** ███████████████

| ███████ | ███████ | | ███ |
|---|---|---|---|
| ███ | ██████████████████ | | |
| ██████ | ███████████████ | | |
| ████ | █████████████████ | | |
| ██████ | ████████████████ | | |
| ████ | ██████████████████ | | |
| ██████ | █████████████████ | | |

CONFIDENTIAL

**Exhibit 10 –** ███████████████████████

(This space intentionally left blank.)



███████████████████████

CONFIDENTIAL

**Exhibit 11 – Briefs for Taiwan Criminal Proceedings**

(This space intentionally left blank.)

# 刑事撤回告訴狀

案號及股別：109 年度刑智上重訴字第 4 號 (柏股)

| 告　　訴　　人 | 台灣美光記憶體股份有限公司 | 設台中市后里區三豐路 429-1 號 |
|---|---|---|
| 代　　表　　人 | Burton Leon Nicoson | 住同上 |
| | | 送達代收人：王仁君律師<br>常在國際法律事務所<br>台北市信義區松仁路 100 號 11 樓 |

為被告等人違反營業秘密法、著作權法及刑法洩密與背信等罪案件，謹陳報如下：

一、　本案另一告訴人 Micron Technology, Inc.日前與被告聯電公司針對兩造於美國之營業秘密民事訴訟及中國之專利侵權訴訟達成和解。告訴人本此和解協議，爰對本案告訴乃論部分，撤回告訴。

二、　針對本件非告訴乃論部分，告訴人尊重　鈞署依法行使職權，另在鈞署、告訴人及被告聯電公司就此部分案件之後續程序達成合意之前提下，如　鈞署向智慧財產法院合議庭請求對被告從輕量刑，告訴人當無意見。

　　　謹　　狀

臺灣高等檢察署智慧財產檢察分署　　公鑒

中　華　民　國　　　１１０　　年　　　１１　　月　　２９　　日

告　　訴　　人 ：台灣美光記憶體股份有限公司
法定代理人：Burton Leon Nicoson

# 刑事撤回告訴狀

案號及股別：109 年度刑智上重訴字第 4 號 (柏股)

| 告　　訴　　人 | 台灣美光記憶體股份有限公司 | 設台中市后里區三豐路 429-1 號 |
|---|---|---|
| 代　　表　　人 | Burton Leon Nicoson | 住同上 |
| | | 送達代收人：王仁君律師<br>常在國際法律事務所<br>台北市信義區松仁路 100 號 11 樓 |

為被告等人違反營業秘密法、著作權法及刑法洩密與背信等罪案件，謹陳報如下：

一、 本案另一告訴人 Micron Technology, Inc.日前與被告聯電公司針對兩造於美國之營業秘密民事訴訟及中國之專利侵權訴訟達成和解。告訴人本此和解協議，爰對本案告訴乃論部分，撤回告訴。

二、 針對本件非告訴乃論部分，告訴人尊重　鈞院依法所為之量刑判決，另在公訴人、告訴人及被告聯電公司就此部分案件之後續程序達成合意之前提下，就　鈞院對各被告為從輕量刑之判決結果，告訴人當無意見。

　　謹　　狀

智慧財產及商業法院刑事庭　　公鑒

中　華　民　國　　　１　１　０　　　年　　　１　２　　　月　　　　日

　　　　　　　　告　　訴　　人　：台灣美光記憶體股份有限公司
　　　　　　　　　　　　　法定代理人：Burton Leon Nicoson

# 刑事撤回告訴狀

案號及股別：109 年度刑智上重訴字第 4 號（柏股）

| 告　　訴　　人 | Micron Technology, Inc. | 設 8000 South Federal Way Boise, Idaho 83707-0006, USA |
|---|---|---|
| 代　　表　　人 | Sanjay Mehrotra | 住同上 |
| | | 送達代收人：王仁君律師 常在國際法律事務所 台北市信義區松仁路 100 號 11 樓 |

為被告等人違反營業秘密法、著作權法及刑法洩密與背信等罪案件，謹陳報如下：

一、 告訴人日前與被告聯電公司針對兩造於美國之營業秘密民事訴訟及中國之專利侵權訴訟達成和解。告訴人本此和解協議，爰對本案告訴乃論部分，撤回告訴。

二、 針對本件非告訴乃論部分，告訴人尊重　鈞院依法所為之量刑判決，另在公訴人、告訴人及被告聯電公司就此部分案件之後續程序達成合意之前提下，就　鈞院對各被告為從輕量刑之判決結果，告訴人當無意見。

　　謹　　狀

智慧財產及商業法院刑事庭　　公鑒

中　華　民　國　　　1　1　0　　　年　　　1　1　　　月　　2　9　　　日

　　　　　　　　告　　訴　　人　：Micron Technology, Inc.

　　　　　　　　　　代表人：Sanjay Mehrotra

　　　　　　　　　　簽署人：Joel L. Poppen

　　　　　　　　　　職稱：資深副總經理、法務長及公司秘書長

# 刑事撤回告訴狀

案號及股別：109 年度刑智上重訴字第 4 號 (柏股)

| 告　訴　人 | Micron Technology, Inc. | 設 8000 South Federal Way Boise, Idaho 83707-0006, USA |
| --- | --- | --- |
| 代　表　人 | Sanjay Mehrotra | 住同上 |
| | | 送達代收人：王仁君律師 常在國際法律事務所 台北市信義區松仁路 100 號 11 樓 |

為被告等人違反營業秘密法、著作權法及刑法洩密與背信等罪案件，謹陳報如下：

一、　告訴人日前與被告聯電公司針對兩造於美國之營業秘密民事訴訟及中國之專利侵權訴訟達成和解。告訴人本此和解協議，爰對本案告訴乃論部分，撤回告訴。

二、　針對本件非告訴乃論部分，告訴人尊重　鈞署依法行使職權，另在　鈞署、告訴人及被告聯電公司就此部分案件之後續程序達成合意之前提下，如　鈞署向智慧財產法院合議庭請求對被告從輕量刑，告訴人當無意見。

　　　謹　　狀

臺灣高等檢察署智慧財產檢察分署　　公鑒

中　華　民　國　　　１　１　０　　　年　　　１　１　　月　　２　９　　　日

　　　　　　　　　　告　　訴　　人　：Micron Technology, Inc.

　　　　　　　　　　　　代表人：Sanjay Mehrotra

　　　　　　　　　　　　簽署人：Joel L. Poppen

　　　　　　　　　　　　職稱：資深副總經理、法務長及公司秘書長

# 刑事撤回告訴狀

案號及股別：109 年度偵字第 7280 號、109 年度交查字第 405 號、110 年度偵字第 26684 號（嚴股）

| 告訴人 | 台灣美光記憶體股份有限公司 | 設台中市后里區三豐路 429-1 號 |
| --- | --- | --- |
| 代　表　人 | Burton Leon Nicoson | 住同上 |
| | | 送達代收人：王仁君律師<br>常在國際法律事務所<br>台北市信義區松仁路 100 號 11 樓 |
| 被　　　告 | 陳　正　坤<br>何　建　廷<br>李　甫　哲<br>郭　峰　銘<br>王　邦　明<br>黃　琬　君<br>曹　奕　綾<br>陳　哲　宏 | 詳卷 |

有關上列被告涉嫌觸犯刑法湮滅證據罪及違反營業秘密法等罪嫌，謹陳報如下：

一、　本案另一告訴人 Micron Technology, Inc.於日前與被告聯電公司針對兩造於美國之營業秘密民事訴訟及中國之專利侵權訴訟達成和解。告訴人本此和解協議，爰對本案告訴乃論部分，撤回告訴。

二、　針對本案非告訴乃論部分，告訴人謹尊重　鈞署依法所為之決定。


　　　此　　　　致

臺灣臺中地方檢察署　　公鑒

中　華　民　國　　1　1　0　　年　　1　2　　月　　　　日

　　　　　　　　告　　訴　　人　：台灣美光記憶體股份有限公司
　　　　　　　　代　　表　　人　：Burton Leon Nicoson

# 1 刑事撤回告訴狀

案號及股別：109 年度偵字第 7280 號、109 年度交查字第 405 號、110 年度偵字第 26684 號（嚴股）

| 告　訴　人 | Micron Technology, Inc. | 設 8000 South Federal Way Boise, Idaho 83707-0006, USA |
|---|---|---|
| 代　表　人 | Sanjay Mehrotra | 住同上 |
| | | 送達代收人：王仁君律師 常在國際法律事務所 台北市信義區松仁路 100 號 11 樓 |
| 被　　　告 | 陳　正　坤 何　建　廷 李　甫　哲 郭　峰　銘 王　邦　明 黃　琬　君 曹　奕　綾 陳　哲　宏 | 詳卷 |

有關上列被告涉嫌觸犯刑法湮滅證據罪及違反營業秘密法等罪嫌，謹陳報如下：

一、　告訴人於日前與被告聯電公司針對兩造於美國之營業秘密民事訴訟及中國之專利侵權訴訟達成和解。告訴人本此和解協議，爰對本案告訴乃論部分，撤回告訴。

二、　針對本案非告訴乃論部分，告訴人謹尊重　鈞署依法所為之決定。


　　　此　　　致

1  臺灣臺中地方檢察署　　公鑒

2  中　華　民　國　　１　１　０　　年　　１　１　月　　２　９　　　日

3
　　　　　　　　　　告　　訴　　人　　：Micron Technology, Inc.
　　　　　　　　　　　　　　代表人：Sanjay Mehrotra
　　　　　　　　　　　　　　簽署人：Joel L. Poppen
　　　　　　　　　　　　　　職稱：資深副總經理、法務長及公司秘書長

4